UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | | |
| TOMMY DEWAYNE DOBSON | : | CASE NO. 23-60148 |
| ANNE CHRISTINE DOBSON | : | CHAPTER 11 |
| | : | JUDGE REBECCA CONNELLY |

---

**NOTICE OF FILING OF DEBTORS' APPLICATION TO EMPLOY COX LAW GROUP PLLC AS COUNSEL FOR DEBTORS EFFECTIVE AS OF THE PETITION DATE**

---

**PLEASE TAKE NOTICE** that on February 7, 2023 (the "Petition Date"), TOMMY DEWAYNE DOBSON AND ANNE CHRISTINE DOBSON (the "Debtors") filed the Debtors' Application to Employ Cox Law Group PLLC as Attorneys Effective as of the Petition Date (the "Application"). If any objections are filed, a hearing on the Application will be held on March 16, 2023 at 11:00 A.M. The hearing shall be held by VIDEO CONFERENCE.  Parties shall NOT appear in person. Any party opposing the motion or otherwise seeking to be heard should file a timely response (see below) and join the video conference hearing using the following URL and Meeting ID:

| Meeting ID | URL |
|---|---|
| The Meeting ID is: 160 369 2643 | www.vawb-uscourts-gov.zoomgov.com/j/1603692643 |

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Application carefully and discuss them with your attorney, if you have one in the Chapter 11 case. (If you do not have an attorney, you may wish to consult one).**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the Application, or if you want the Court to consider your views on the Application then you or your attorney must file a response within 14 days as provided by Local Rule 2014-1, unless a different time is prescribed by any statute, Bankruptcy Rule or pre-hearing order entered by the Court. The response should be filed with the Court at, United States Bankruptcy Court, 1101 Court St., Room 166, Lynchburg, VA 24504, Attn: Clerk of Court. Unless a written response and supporting memorandum are filed and served

by the date specified, the Court may deem any opposition waived and issue an order granting the requested relief without further notice or hearing. If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date required.

You must also mail a copy to:

> COX LAW GROUP PLLC
> Attn: H. David Cox
> 900 Lakeside Drive
> Lynchburg, VA 24501

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter order granting the relief requested in the Application.

**Dated: February 20, 2023**    **Respectfully Submitted,**

**TOMMY DEWAYNE DOBSON**
**ANNE CHRISTINE DOBSON**

**By Counsel**

By: /s/ H. David Cox
H. David Cox (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Proposed Counsel for the Debtors/Movant

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023 a copy of the foregoing notice and *Debtors' Application to Employ Cox Law Group PLLC As Attorneys Effective as of the Petition Date* was served by first class mail or electronically transmitted to all the parties listed in the matrix maintained in this case, including the following:

(a) U.S. Trustee;
(b) all parties on the mailing matrix;
(c) those creditors holding unsecured claims against the Debtors' estate; and
(d) any other parties on the mailing matrix.

**Dated: February 20, 2023**    **Respectfully Submitted,**

By: /s/ H. David Cox
H. David Cox, Counsel

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| IN RE: : | Case No. 23-60148 |
| : | |
| TOMMY DEWAYNE DOBSON : | Chapter 11 |
| ANNE CHRISTINE DOBSON : | |
| : | Judge Rebecca Connelly |

_____

**DEBTORS' APPLICATION TO EMPLOY COX LAW GROUP PLLC AS COUNSEL FOR DEBTORS EFFECTIVE AS OF THE PETITION DATE**
_____

TOMMY DEWAYNE DOBSON AND ANNE CHRISTINE DOBSON (the "Debtors"), Debtors and Debtors-in-possession in this Chapter 11 case, hereby applies to the Court pursuant to §§ 105(a) and 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy and Rule 2014-1 of the Local Rules for entry of an order authorizing the retention and employment of Cox Law Group PLLC as attorneys for the Debtors ("Counsel"), effective as of February 7, 2023, as applicable. In support of this Application, Counsel: (i) submit the Declaration of Disinterestedness Pursuant to Bankruptcy Rule 2014(a) attached hereto as **Exhibit A** (the "Declaration") and incorporated by reference; (ii) submit the legal representation agreement (the "Engagement Agreement") between the Debtors and Counsel attached hereto as **Exhibit B**; and (iii) respectfully say:

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 327(a) and 330 of the Bankruptcy Code, Rule 2014(a) and 2016 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Western District of Virginia.

3. On February 7, 2023, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors seeks the entry of an order authorizing the employment and retention of

1

Counsel as its attorneys in accordance with the terms and conditions set forth in the Engagement Agreement.

5. The Debtors seeks to retain Counsel because of their expertise and experience in the field of debtors' protections, creditors' rights, and reorganization proceedings under Chapter 11 of the Bankruptcy Code.

6. In preparing for its representation of the Debtors in this Case, Counsel have become familiar with the Debtors' assets and liabilities, as well as many of the legal issues that will arise in the context of this case. These facts render Counsel both well qualified and uniquely positioned to represent the Debtors' interests in these proceedings in an efficient and timely manner. Requiring the Debtors to engage new counsel would impose an undue burden. Moreover, the time and effort that would be necessary for new counsel to become acquainted with the Debtors' financial and legal situations would create inefficiencies that would prejudice the Debtors.

7. Subject to further order of the Court and consistent with the Engagement Agreement, the Debtors requests the employment and retention of Counsel to render the following legal services:

(a) Advising the Debtors with respect to its powers and duties as debtors in possession in the continued management and operation of the assets of their respective estates;

(b) Advising and consulting on the conduct of the case, including all of the legal requirements of operating in Chapter 11;

(c) Attending meetings and negotiating with representatives of Debtors' creditors and other parties in interest;

(d) Taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any actions commenced against the Debtors, and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors is involved, including objections to claims filed against the Debtors' estate;

(e) Preparing all pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estate;

(f) Advising the Debtors in connection with any potential sale of assets;

(g) Appearing before the Court to represent the interests of the Debtors' estate before the Court;

(h) Taking any necessary action on behalf of the Debtors to negotiate, prepare on behalf of the Debtors, and obtain approval of Chapter 11 plan and documents related thereto; and

(i) Perform all other necessary or otherwise beneficial legal services to the Debtors in connection with prosecution of this case.

8. Counsel intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Western District of Virginia, and any other applicable procedures and orders of this Court. ***Counsel requests authority from the United States Trustee and the Bankruptcy Court, as applicable, to file applications for compensation and reimbursement as frequently as every sixty days.*** Any Court approved fee applications for compensation and reimbursement shall be paid by the Debtors or as may be approved by the Court. Additionally, Mr. Samuel D. Craig, III, a friend of the Debtors and colleague in the construction industry, has guaranteed payment of Counsel's fees, up to $100,000.00, and has provided a retainer for the same to be held in Counsel's trust account. Therefore, to the extent fees are not paid by the Debtors, payment of Counsel's approved fees and costs may be paid by Mr. Craig from said retainer or from Mr. Craig directly. All filing fees have been paid. The respective hourly rates and corresponding rate structure to be utilized by Counsel in this Case are the same as the hourly rates charged in other insolvency and non-insolvency business cases.

9. Counsel's services will be provided mainly by H. David Cox whose current hourly rate is

3

$400.00. Other attorneys at the firm may occasionally work on the case at the same or lower hourly rates. To the extent paralegal personnel provide services their time will be billed at $100.00 per hour. Counsel are aware of the provision in § 330(a)(4)(a)(i) of the Bankruptcy Code with respect to unnecessary duplication of services.

      10.  Counsel will charge for postage in connection with mass mailings and large job copy costs necessary to represent the Debtors; for express delivery; non-local transportation, if any; and other non- local travel expenses.

      11.  Subject to Court approval in accordance with § 330(a) of the Bankruptcy Code, and subject to any order entered by the Court in this case, the Debtors has agreed to pay for Counsel's legal services on the basis described above and to reimburse it for reasonable expenses incurred during such representation as indicated above. The Debtors understands that Counsel intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for services performed and expenses incurred after the date the petitions were filed, and that Counsel is requesting permission to submit such applications as often as every 60 days.

      12.  Pursuant to Bankruptcy Rule 2016(b), neither of Counsel has shared or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and attorneys associated with Counsel as to its fees, or (b) any compensation another person or party has received or may receive.

      13.  To the best of the Debtors' knowledge, and except as disclosed herein and in the Declaration,(a) Counsel and its attorneys are each a "disinterested person" within the meaning of §101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and do not represent an interest adverse to the Debtors' estate; and (b) Counsel does not have any known connection, after due inquiry, to the Debtors, its creditors, or its related parties except as may be disclosed in the Declaration.

14. Counsel will periodically review its files during the pendency of these cases to ensure that no conflicts or other disqualifying circumstances exist or arise. Should relevant facts or relationships be discovered or arise, Counsel will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

15. Except as disclosed in the Declarations, neither Counsel nor any member of the firm is associated with:

(a) the Debtors;

(b) the creditors of the Debtors and other parties in interest;

(c) parties to significant litigation with the Debtors;

(d) the attorneys and other professionals that the Debtors, creditors, and other parties in interest have identified for employment in this chapter 11 case in applications filed on or since the petition date;

(e) the United States Trustee; and

(f) any persons employed in the Office of the United States Trustee.

16. The proposed employment of Counsel is neither prohibited by nor improper under Bankruptcy Rule 5002. Counsel and the professionals they employ are qualified to represent the Debtors in the matters for which the firm is proposed to be employed.

17. To the best of the Debtors' knowledge, information and belief, Counsel does not hold or represent any interest adverse to the Debtors or the bankruptcy estate in the matters for which it is proposed to be retained, except as otherwise disclosed herein. Accordingly, the Debtors believe that each of Counsel is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code. The Debtors submits that employment of Counsel would be in the best interest of the Debtors, the bankruptcy estate, and the Debtors' creditors.

18. Notice of this Application has been provided to the U.S. Trustee pursuant to Local Rule 2014-1. Absent objections within 14 days from the date of this application, the Court may enter an

5

order approving the application without the necessity of holding a hearing pursuant to Local Rule 2014-1.

WHEREFORE, the Debtors respectfully requests that the Court enter an Order authorizing the Debtors to retain and employ Cox Law Group PLLC effective as of February 7, 2023, as counsel pursuant to § 327 of the Bankruptcy Code on the terms and conditions described in the Engagement Agreement, with compensation and expenses to be paid as administrative expenses of this case.

**Dated:  February 20, 2023**          **Respectfully Submitted,**

                                                 **TOMMY DEWAYNE DOBSON**
                                                 **ANNE CHRISTINE DOBSON**

                                                 **By Counsel**

By: /s/ H. David Cox
H. David Cox   (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Proposed Counsel for the Debtors/Movant

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

IN RE:
TOMMY DEWAYNE DOBSON : CASE NO. 23-60148
ANNE CHRISTINE DOBSON : CHAPTER 11
: JUDGE REBECCA CONNELLY

# EXHIBIT A

### DECLARATION IN SUPPORT OF APPLICATION TO RETAIN AND EMPLOY COX LAW GROUP PLLC AS COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE

I, H. David Cox, am a member in good standing of the Virginia State Bar and I am admitted to practice before the District Court for the Western District of Virginia and the United States Bankruptcy Courts of Virginia. I am a member of Cox Law Group PLLC ("CLG") and am authorized to make this Declaration on behalf of my law firm. The facts set forth in this statement are personally known to me and, if called as a witness, I would testify as follows:

1. CLG is experienced in the services it has agreed to perform.

2. Neither CLG nor any member thereof is associated with: (a) the Debtors; (b) the creditors of the Debtors and other parties in interest; (c) parties to significant litigation with the Debtors; (d) any other professional that the Debtors, creditors, and other parties in interest have identified for employment in this case in applications filed on or since the petition date; (e) the United States Trustee; or (f) any persons employed in the Office of the United States Trustee, except as follows:

    a. The Debtors' friend and colleague in the construction industry, Samuel D. Craig, III, has guaranteed the payment of Counsel's approved fees and costs to the extent that they are not paid by the Debtors. Mr. Craig is not a creditor of the Debtors.

    b. CLG represents a general unsecured creditor of Mr. Dobson, Wilson Ready Mix, in an unrelated matter.

3.  Except as otherwise disclosed in this Declaration, CLG has not represented the Debtors, its creditors or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or its estates. If any conflicts of interest arise, I will immediately disclose such conflicts to the Court, the U.S. Trustee, and appropriate creditors and other parties in interest. The proposed employment of CLG is neither prohibited by nor improper under Bankruptcy Rule 5002.  CLG and the professionals it employs are qualified to represent the Debtors in the matters for which the firm is proposed to be employed.

4.  To the best of my knowledge, neither I nor my firm holds or represents an interest adverse to estate of the Debtors.

5.  Prior to the Petition Date, CLG was paid a total of $9,922.00, consisting of the following charges: $8080.00 in attorney's fees, $74.00 in credit report costs, $30.00 in credit counseling costs, and $1738.00 for the chapter 11 filing fee. Neither I nor my firm has received any compensation during this case post-petition. To the extent any compensation is awarded to my firm, neither my firm nor I have agreed to share any compensation paid in this case with any other party.

6.  The fees CLG has agreed to charge in this case are set forth in the Engagement Agreement attached to the Application. CLG and its professionals understand that detailed records of time and expenses must be kept.

Dated: February 20, 2023

/s/ H. David Cox

By: /s/ H. David Cox
H. David Cox   (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Proposed Counsel for the Debtors/Movant

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

**IN RE:**
**TOMMY DEWAYNE DOBSON** : **CASE NO. 23-60148**
**ANNE CHRISTINE DOBSON** : **CHAPTER 11**
: **JUDGE REBECCA CONNELLY**

# EXHIBIT B

### ENGAGEMENT AGREEMENT



**COX LAW GROUP, PLLC**
*The Way Forward.*

900 Lakeside Drive
Lynchburg, VA 24501

1.800.254.2760
CoxLawGroup.com

David Cox
David E. Wright
Janice Roy Hansen
Heidi B. Shafer

Lynchburg
900 Lakeside Drive
Lynchburg, VA 24501
P. 434.845.2600
F. 434.845.0727

Danville
122 S. Market Street
Danville, VA 24541
P. 434.791.4711
F. 434.845.0727

Staunton
119 S. Augusta Street
Staunton, VA 24401
P. 540.294.4562
F. 434.845.0727

Winchester
609 Cedar Creek Grade
Suite A
Winchester, VA 22601
P. 540.931.0913
F. 434.845.0727

Harrisonburg
100 S. Mason Street, Suite D
Harrisonburg, VA 22801
P. 540.689.0904
F. 434.845.0727

*Please send all mail to our Lynchburg office.*

February 1, 2023

Tommy DeWayne Dobson
Anne Christine Dobson
91 Beaver Dam Ct.
Keswick, VA 22947

RE: Engagement Letter – Chapter 11, Subchapter V Bankruptcy Case

Dear Mr. and Mrs. Dobson:

This letter will detail the terms of the agreement between Tommy DeWayne Dobson and Anne Christine Dobson (collectively, the "Client") and Cox Law Group, PLLC, ("Cox Law Group") in connection with the representation of the Client by Cox Law Group in a proceeding under the United States Bankruptcy Code. The parties agree that this Agreement is effective as of January 25, 2023.

Cox Law Group will provide legal services to the Client, and the scope of the services Cox Law Group will render, the manner of calculating, billing, and collecting legal fees, and other aspects of the proposed representation are mutually agreed to be as follows:

A. <u>Services to Be Provided</u>.

The professional services Cox Law Group will render will include the representation of the Client as debtors in a proceeding pursuant to Title 11, United States Code, including, without limitation, the formulation of a Plan of Reorganization. Cox Law Group will prepare all documents and pleadings that, in their judgment, effectuate the performance of these services.

B. <u>Excluded Services</u>.

Cox Law Group will not provide the Client with tax advice. The Client will retain others for those purposes.

    C.    <u>Lien Search Requirement</u>.

As a prerequisite, Cox Law Group deems it essential that lien searches be performed on the Client's assets for two purposes: (i) to determine which creditors recorded instruments among the public records that assert liens against the Client's interest in the property, and (ii) to determine whether any asserted liens may be unenforceable if or when a bankruptcy proceeding commences. Cox Law Group will employ independent services to conduct these lien searches. The Client will be responsible for the cost of these lien searches.

    D.    <u>Determination of Fees for Service</u>.

    1.    In accordance with the Virginia Rules of Professional Conduct governing attorneys, attorney fees may be based upon several factors including the amount of time required, the complexity of the matter, the time frame within which work must be performed, the attorney's experience, ability and reputation, the responsibility involved, and the results attained. Cox Law Group will perform all services at Cox Law Group's hourly rates, which are stated in the following schedule:

| Billing Professional | Position | Office | Billing Rate |
| --- | --- | --- | --- |
| David Cox | Shareholder | Lynchburg | $400 |
| David Wright | Shareholder | Lynchburg | $300 |
| Janice Hansen | Shareholder | Lynchburg | $300 |
| Heidi Shafer | Shareholder | Lynchburg | $300 |
| Tracy Lombre | Paralegal | Lynchburg | $100 |
| Leanette Watkins | Paralegal | Lynchburg | $100 |
| Shamesse Carr | Paralegal | Lynchburg | $100 |

    2.    Upon request, Cox Law Group will provide estimates of the cost for specific portions of their services, but Cox Law Group is not in a position to agree to a fixed fee because of the broad range of work that may be required, the uncertainty of the time it will take, and the complexity of the Client's needs.

    3.    The Client agrees to pay all invoices submitted by Cox Law Group on a timely basis within 10 days following the allowance of such invoices by the Bankruptcy Court – or promptly upon receipt in the event a bankruptcy is not pending.

    4.    The Client understands that Samuel D. Craig, III, intends to sign a limited guaranty for all fees under this Agreement and shall deposit the minimum amount of **$100,000.00** into the Cox Law Group escrow account in order to provide payments under that guaranty. The Client agrees that said funds remain the property of Mr. Craig and are not intended to and will not become Client's property or property of the bankruptcy estate. Any unused amount of said funds shall be the sole property of Mr. Craig.

      5.      Before Cox Law Group will file a Chapter 11, Subchapter V bankruptcy case on behalf of the Client, Cox Law Group will render an invoice for services rendered and expenses incurred prior to such a filing. Those fees and costs must be paid prior to the bankruptcy filing on a timely basis.

      6.      All compensation to Cox Law Group earned post-petition in any Chapter 11, Subchapter V bankruptcy case is subject to approval by the Bankruptcy Court in which the case is pending

    E.      Firm Personnel.

Cox Law Group's attorneys have varying areas of expertise, amounts of experience, and billing rates. Cox Law Group will attempt in each instance to provide services in the most efficient manner. To accomplish this goal, the Client agrees that Cox Law Group's Lynchburg office will have principal responsibility for the Client's general representation. However, Cox Law Group reserves the right to assign the particular attorneys and paralegals who will be working on the Client's behalf. Typically, more junior personnel will provide whatever services they can appropriately perform, such as research and drafting. More senior personnel will need to discuss with them specific assignments and the results of research and drafting, and attorneys within the firm may need to confer on certain aspects of the representation to provide levels of expertise appropriate to the Client's legal needs. Cox Law Group will discuss the assignment of Cox Law Group personnel with the Client at the Client's request.

    F.      Disbursements and Expenses.

Cox Law Group may incur various expenses in providing services. The Client agrees to pay all such expenses and to reimburse Cox Law Group for all out-of-pocket expenses that Cox Law Group pays on the Client's behalf. Whenever possible, Cox Law Group will forward bills for any expenses incurred on the Client's behalf directly to the Client, and the Client agrees to make prompt, direct payment to the originator of these bills. Expenses that may be incurred include, but are not necessarily limited to, charges for serving and filing papers, courier and messenger services, recording and certifying documents, deposition transcripts, investigations, expert witness fees, long-distance telephone calls, facsimile charges, copying charges, travel expense including mileage outside of the Lynchburg area, and significant excess postage charges.

    G.      Statements.

In a chapter 11, Subchapter V bankruptcy case, all services and reimbursable disbursements are subject to the approval of the Bankruptcy Court. Cox Law Group will make application to the court for approval of such services and disbursements. Cox Law Group will request approval for the Trustee to pay these fees and expenses, if appropriate in its sole discretion. Any approved fees not to be paid by the Trustee must be paid by the Client directly. The Client agrees to make prompt payment upon court approval of all amounts approved.

H.  Client Cooperation.

The Client will cooperate with Cox Law Group fully and provide all the information Cox Law Group needs to represent the Client. The Client will contact Cox Law Group promptly concerning new or changed information that pertains to the subject of this representation.

I.  Scope of Representation.

Cox Law Group is not responsible for legal matters for which Cox Law Group's services or advice have not been specifically requested and confirmed by Cox Law Group in writing.

J.  The Client's Right to Terminate Representation.

The Client reserves the right to terminate this representation with or without cause. The Client needs to notify Cox Law Group in writing if the Client wants to terminate Cox Law Group's representation. When Cox Law Group receives the Client's written notice of termination, Cox Law Group will stop all legal work on the Client's behalf immediately. The Client will promptly reimburse Cox Law Group for all fees, charges and expenses incurred pursuant to this agreement before the date of the written notice of termination.

K.  Waiver of Warranties.

Cox Law Group's entitlement to the fees and reimbursements for disbursements described above is not contingent upon the final outcome of any particular matter that the Client has requested Cox Law Group to undertake. Cox Law Group cannot and does not warrant or predict final developments or results of any matter.

L.  Cox Law Group's Right to Terminate Representation.

Cox Law Group reserves the right to terminate Cox Law Group's representation (to the extent permitted by applicable ethical and court rules) at any time if the Client breaches any material term of this agreement or fails to cooperate or follow Cox Law Group's advice on a material matter, if conflict of interests develop or are discovered, or if there exists at any time any fact or circumstance that would, in Cox Law Group's opinion, render Cox Law Group's continuing representation unlawful, unethical, or otherwise inappropriate. If Cox Law Group elects to terminate their representation, the Client will take all steps reasonably necessary and will cooperate as reasonably required to free Cox Law Group of any further obligation to perform legal services, including the execution of any documents necessary to complete Cox Law Group's withdrawal from representation. In such case, the Client agrees to pay for all legal services performed and expenses incurred before the termination of Cox Law Group's representation in accordance with the provisions of this agreement.

M.  Fees and Expenses Incurred to Collect Amounts Owing. The Client hereby agrees that Cox Law Group shall be entitled to recover its reasonable attorney fees and

out-of-pocket expenses incurred by Cox Law Group to collect any amounts that remain owing to Cox Law Group at the termination of this Agreement, including the fees and expenses of outside counsel if Cox Law Group deems it appropriate to engage outside counsel to collect the same.

N.   Entire Agreement.

This agreement constitutes the entire agreement between the parties to it and may not be modified except in writing signed by the parties or their authorized representatives.

O.   Binding Effect.

This agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and permitted assigns.

P.   Assignment.

This agreement may not be assigned by either party except with the written consent of the other party, except to the extent that Cox Law Group's employment of other attorneys and third parties is expressly contemplated in this agreement.

Q.   Controlling Law.

This agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia in effect at the time of such construction or enforcement, except Virginia's choice of law statutes and doctrines.

If the foregoing terms are acceptable, please sign and return one copy of this letter.

Sincerely yours,

Cox Law Group, PLLC

By: _____
H. David Cox


Agreed:

_____
Tommy DeWayne Dobson

_____
Anne Christine Dobson