UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
|  | ) | Subchapter V |
| TOMMY DEWAYNE DOBSON | ) | Case No. 23-60148 |
| ANNE CHRISTINE DOBSON, | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

**DEBTORS'S STATEMENT PURSUANT TO 11 U.S.C. § 1181(c)**

Tommy Dewayne Dobson and Anne Christine Dobson, the Debtors and Debtors in possession (the "Debtors") in the above-captioned chapter 11 case (the "Case"), by counsel and pursuant to 11 U.S.C. § 1188(c), respectfully represents as follows:

1. On February 7, 2023 (the "Petition Date"), the Debtors commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code and elected to proceed under subchapter V of chapter 11 as part of that initial filing.

2. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee, examiner or statutory committee has been appointed in this Case by the Office of the United States Trustee (the "U.S. Trustee"). William E. Callahan, Jr., was appointed as the Subchapter V Trustee (the "Subchapter V Trustee") in this case.

3. The Debtors are individuals residing in Louisa County, Virginia. Mr. Dobson was the sole shareholder of a design-build construction business, Dobson Homes, Inc. ("Dobson Homes"), a Virginia corporation headquartered in Keswick, Virginia. Dobson Homes has a pending Chapter 7 bankruptcy in the Western District of Virginia at Case No. 23-60158 filed

February 8, 2023.

4. On February 9, 2023, the Court entered the *Order Setting (A) Status Conference; (B) Claims Bar Date; (C) Deadline for Election under 11 U.S.C. §1111(b)(2); and (D) Other Deadlines* [Docket No. 9] ("Scheduling Order"), scheduling (a) the Status Conference for April 6, 2023, at 11:00 a.m., by Zoom video conference; and (b) the deadline for filing the report required by 11 U.S.C. § 1188(c).

5. Section 1188(c) requires that the report explain the efforts that the Debtors "has undertaken and will undertake to attain a consensual plan of reorganization." This report is intended to satisfy the requirements of 11 U.S.C. § 1188(c).

6. Since the Petition Date, the Debtors' counsel has engaged in discussions with the Trial Attorney for the Office of the United States Trustee and with the Subchapter V Trustee regarding the Debtors' case and any concerns they may have.

7. Counsel for the Debtors has continued to review claims in the case as they are submitted and intends to complete that process once all claims are filed.

8. In an effort to encourage early dialogue from any claimants with concerns or expectations they may wish to be addressed prior to the filing of a plan, the Debtors describe below the approach they expect to take with respect to the plan they intend to submit to the Court. This information is provided in the spirit of subchapter V's goal of encouraging consensual plan terms and cooperation among the parties; however, the Debtors expressly reserve the right to deviate from these terms as they may deem appropriate before the filing of their plan.

9. The majority of the claims against the Debtors are related to the operation of Dobson Homes. The Debtors anticipate that the allowed claimants to be addressed by their plan will include creditors secured by personal property, creditors secured by real property, priority

creditors, administrative claimants, and general unsecured creditors.

10. The Debtors intend to fund their plan from their disposable income earned through the operation of their businesses (the "Plan Funding"). The Debtors expect income from the following businesses that they own or have an interest in: (a) Plumb Line Foundations and Excavating, Inc., and (b) the Debtors' new business operations initiated post-petition, presently as a sole-proprietorship, for design-build consulting work. The Debtors have also considered the sale of certain assets and the short-term rental of part of their home in order to raise additional funds if necessary to complete their plan.

11. With respect to the allowed claims of any secured lenders, the Debtors expect to: (a) cure any allowed arrearage claims and maintain ongoing regular payments, (b) modify the claims to the extent permitted under 11 U.S.C. § 1123(b)(5), (c) surrender the collateral, or (d) if circumstances permit, seek the avoidance of the lien of such creditor.

12. Any allowed administrative or priority claims shall be satisfied in full from the Plan Funding.

13. The allowed general unsecured claims would be paid pro rata from any remaining Plan Funding available after the satisfaction of the aforementioned claims and in an amount not less than the value that such claims would receive in a hypothetical chapter 7 liquidation.

14. Between the Debtors' compensation from the Debtors' businesses and the net proceeds they would receive in the event they elect to sell certain assets, the Debtors will be able to fund and confirm a small business chapter 11 plan.

15. Based upon the anticipated treatment set forth herein, the fact that such treatment results in the allowed general unsecured claimants receiving a larger dividend on claims than would be received in a chapter 7, and the Debtors' ability to fund a chapter 11 plan, the Debtors are hopeful that a consensual plan may be reached.

16. Counsel for the Debtors has also been in communication with the Subchapter V Trustee, keeping him informed as to the Debtors' progress toward a consensual plan and receiving and incorporating feedback and suggestions from him regarding the same.

Date: March 23, 2023                               Respectfully submitted,

                                                   TOMMY DEWAYNE DOBSON
                                                   ANNE CHRISTINE DOBSON

                                                   By: /s/ David Cox

David Cox, VSB 38670
Cox Law Group, PLLC
900 Lakeside Drive, Lynchburg, VA 24501
Tel: 434-845-2600
Fax: 434-845-0727
Email: mailto:david@coxlawgroup.com
Counsel for Debtors and Debtors in Possession

Certificate of Service

I hereby certify that on this 23rd day of March, 2023, I caused the foregoing to be electronically filed with the United States Bankruptcy Court, thereby causing electronic notice upon all parties designated to receive the same. A copy of the foregoing was also mailed on March 23, 2023, via first class U.S. mail to the parties identified on the mailing matrix maintained by the Clerk's Office in this case who would not receive the document through the Court's CMF/ECF system.

/s/ David Cox