**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| IN RE: | | |
| TOMMY DEWAYNE DOBSON | : | CASE NO. 23-60148 |
| ANNE CHRISTINE DOBSON, | : | CHAPTER 11 |
| Debtors. | : | JUDGE REBECCA CONNELLY |
| | : | |

_____

**NOTICE OF HEARING ON**
**DEBTORS' MOTION TO DISMISS**
**THE OBJECTION OF THE UNITED STATES TRUSTEE**
**TO THE DEBTORS' ELECTION TO PROCEED**
**UNDER SUBCHAPTER V OF CHAPTER 11**

_____

**PLEASE TAKE NOTICE** that on March 30, 2023, TOMMY DEWAYNE DOBSON and ANNE CHRISTINE DOBSON (the "Debtors") filed the attached motion (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion has been scheduled in the U.S. Bankruptcy Court for Western District of Virginia as follows:

| Date & Time | Location |
|---|---|
| April 6, 2023 at 11:00 A.M. | The hearing is scheduled to be held by video. All parties connect using video conference instructions on the court website.<br><br>The parties may access the hearing using the following URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643<br><br>Alternatively, parties may log in to their Zoom account and join the meeting using Meeting ID number 160 369 2643 |

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Motion carefully and discuss it with your attorney, if you have one in the Chapter 11 case. (If you do not have an attorney, you may wish to consult one).**

Dated:  March 30, 2023              Respectfully Submitted,

                                    TOMMY DEWAYNE DOBSON
                                    ANNE CHRISTINE DOBSON
                                    By Counsel

By: /s/ David Cox
David Cox (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Proposed Counsel for the Debtor/Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, causing this document to be sent through that system to all parties designated to receive same, and was also mailed on **March 31, 2023,** via first class mail to the parties on the attached Service List that will not receive a copy of the foregoing through the Court's CM/ECF system. I further emailed a copy of the foregoing to the following parties:

Office of the United States Trustee
c/o W. Joel Charboneau
Joel.Charboneau@usdoj.gov

William Callahan, Esq.
Ch. 11 Subchapter V Trustee
callahan@gentrylocke.com

Dated: March 30, 2023        Respectfully Submitted,

By: /s/ David Cox

David Cox, Counsel

**SERVICE LIST**

84 LUMBER
1019 ROUTE 519
PO BOX 365
EIGHTY FOUR, PA 15330-0365

A.C. FOX PAVING
1605 HUNTERS LODGE RD.
TROY, VA 22974

A.G. DILLARD, INC.
PO BOX 7427
CHARLOTTESVILLE, VA 22906

ADVANCED CONCRETE FOUNDATIONS INC.
3798 THREE NOTCH RD.
LOUISA, VA 23093

AFFORDABLE LAWNS & LANDSCAPES, LLC
910 THESSALONIA RD.
LOUISA, VA 23093

AIRFLOW SYSTEMS, INC.
1134 ROSE HILL DRIVE
CHARLOTTESVILLE, VA 22903

AL'S CONCRETE PUMPING
9457 CROSS COUNTY RD.
MINERAL, VA 23117

ALBEMARLE COUNTY TREASURER'S OFFICE
401 MCINTIRE ROAD
CHARLOTTESVILLE, VA 22902

ALLIED CONCRETE COMPANY
1000 HARRIS STREET
P.O. BOX 1647
CHARLOTTESVILLE, VA 22903

ALLIED PORTABLE TOILETS
1207 CROZET AVE.
PO BOX 939
CROZET, VA 22932-3132

AMERICAN EXPRESS COMPANY
PO BOX 981540
EL PASO, TX 79998

ANNIE HYDER
3679 RED FOX LANE
KESWICK, VA 22947

ANTHEM HEALTH
PO BOX 11792
NEWARK, NJ 07101-4792

CARDINAL HOME CENTER
322 WASHINGTON STREET
MADISON, VA 22727

CARTER MACHINERY COMPANY
PO BOX 751053
CHARLOTTE, NC 28275-1053

CAT FINANCIAL
PO BOX 13834
NEWARK, NJ 07188-3834

CATERPILLAR FIN. SERVS. CORP.
C/O BRANDY M. RAPP
10 S. JEFFERSON ST
SUITE 1110
ROANOKE, VA 24011

CC'S SMALL ENGINE REPAIR
5491 S. SPOTSWOOD TRAIL
GORDONSVILLE, VA 22942

CGM - CLASSIC GRANITE & MARBLE
1355 ANDERSON HWY.
POWHATAN, VA 23139

CHASE CARD SERVICES
ATTN: BANKRUTPCY
P.O. 15298
WILMINGTON, DE 19850

CHRIS AND HELEN KARLS
2224 SUMMIT RIDGE TRAIL
CHARLOTTESVILLE, VA 22911

CHRIS NEESE HAULING & EXCAVATING
1135 TANBARK DRIVE
AFTON, VA 22920

CHRISTOPHER P. HOPKNS
18278 VERLING DR
GORDONSVILLE, VA 22942

CLEMENTE ROOFING
84 JESSICA STREET
CRIMORA, VA 24431

CNH INDUSTRIAL CAPITAL
PO BOX 71264
PHILADELPHIA, PA 19176-6264

COMMONWEALTH BUILDING MATERIALS
PO BOX 935993
ATLANTA, GA 31193

ARIC AND LARA HOLSINGER
11720 PLANTATION DR.
GREAT FALLS, VA 22066

AT&T
PO BOX 6463
CAROL STREAM, IL 60197-6463

AUTOMATED AIR SYSTEMS, INC
1723 RHOADMILLER ST.
RICHMOND, VA 23220

BB&T
214 N. TRYON ST.
CHARLOTTE, NC 28202-1078

BELEW'S HAULING & EXCAVATING
1891 PAYNE MILL RD.
TROY, VA 22974

BETTER LIVING, INC.
136 BETTER LIVING DRIVE
PO BOX 7627
TROY, VA 22974

BLUE RIDGE SOIL CONSULTING, INC.
709 MOORE ROAD
PO BOX 418
RUCKERSVILLE, VA 22968

BRADLEY & MARCY DANIEL
C/O DAVID W THOMAS
310 4TH ST NE
2d FLOOR
CHARLOTTESVILLE, VA 22902

BROTHER2S CONSTRUCTION LLC
3703 LANCASTER RING RD.
FREDERICKSBURG, VA 22408

BROWNS HVAC LLC
2138 MARTIN KINGS ROAD
SCOTTSVILLE, VA 24590

C&D DOORS
18278 VERLING DR.
GORDONSVILLE, VA 22942

CAPITAL ONE
P.O. BOX 71087
CHARLOTTE, NC 28272-1087

COMMONWEALTH OF VIRGINIA
C/O KATHRYN HEGEDUS
PO BOX 2663
RICHMOND, VA 23261

CREATIONS UNLIMITED, INC.
310 HORSESHOE CIR.
P.O. BOX 704
STUARTS DRAFT, VA 24477

CREDENCE RESOURCE MANAGEMENT, LLC
ATTN: BANKRUPTCY
4222 TRINITY MILLS RD., STE. 260
DALLAS, TX 75287

CREDIT CONTROL CORPORATION
ATTN: BANKRUPTCY
PO BOX 120570
NEWPORT NEWS, VA 23612

DAVENPORT & VALLEY INSULATION
PO BOX 534451
ATLANTA, GA 30353-4451

DAVID ROBERTS AND DAVID SPENCER
409 FENNEL ROAD
CROZET, VA 22932

DAVIS APPLIANCES LLC
1202 E. HIGH STREET
CHARLOTTESVILLE, VA 22902

DAVIS PEST MANAGEMENT
12331 SPOTSWOOD TRAIL
RUCKERSVILLE, VA 22968

DD&T CUSTOM WOODWORKING, INC.
792 S. VILLIER COURT
VIRGINIA BEACH, VA 23452

DEPARTMENT OF MOTOR VEHICLES
5517 S. LABURNUM AVENUE
HENRICO, VA 23231-4430

DERRICK KERNS
635 RAGGED MOUNTAIN DR.
CHARLOTTESVILLE, VA 22903

DKP CONSTRUCTION LLC
13459 LOCK LOOP
WOODBRIDGE, VA 22192

DOMINION ENERGY
PO BOX 26543
RICHMOND, VA 23290

ECO MARBLE & GRANITE, INC.
4297 CAROLINA AVENUE
RICHMOND, VA 23222

ELIZABETH RIVER TUNNELS
309 COUNTY ST
PORTSMOUTH, VA 23704

ERIE INSURANCE EXCHANGE
100 ERIE INSURANCE PLACE
ERIE, PA 16530

FARRISH PLUMBING
3796 GLENMORE RD.
SCOTTSVILLE, VA 24590

FERGUSON ENTERPRISES
12500 JEFFERSON AVE.
NEWPORT NEWS, VA 23602-4314

FERGUSON ENTERPRISES LLC
PO BOX 417592
BOSTON, MA 02241-7592

FIRESIDE HEARTH & HOME
6671 SANTA BARBARA RD. SUITE J
PO BOX 414845
ELKRIDGE, MD 21075

FIRST CLASS PAINTING
C/O MIGUEL NAVARRO
1631 CRENSHAW COURT
CHARLOTTESVILLE, VA 22901

FLAMELESS SPECIALTIES, INC.
512 BROOKWAY DRIVE
CHARLOTTESVILLE, VA 22901

FLOOR CRAFT DESIGNS, MARK HEATWOLE
4752 DEEP CREEK ROAD
KENTS STORE, VA 23084

FOSTER WELL & PUMP CO., INC
413 REAS FORD RD.
PO BOX 260
EARLYSVILLE, VA 22936

FOUNDERS FLOORING DBA TOWN FLOORING
3285 BERKMAR DRIVE
CHARLOTTESVILLE, VA 22901

FRANK & DEBBIE HOLLOWELL
353 OAK POINT DR.
RICHMOND HILL, GA 31324

JERRY SIKMAN FLOORING, INC.
1575 OVERLOOK DRIVE
CHARLOTTESVILLE, VA 22903

JESSICA PRIMM LANDSCAPE ARCHITECTURE
110 MONE VISTA AVE.
PO BOX 1422
CHARLOTTESVILLE, VA 22903-4117

JNR ADJUSTMENT CO., INC.
4701 COX RD., STE. 285
GLEN ALLEN, VA 23060-6808

JOE AND KARA CALKINS
950 TURNERS LANDING RD.
LANEXA, VA 23089

JOHN AND LINA MCMURRY
2350 N. SPRING CT.
LAFAYETTE, CO 80026

JOHN HART
2039 LIMESTONE CROSSING
KESWICK, VA 22947

JON AND PAMELA FREEDMAN
C/O DAVID W THOMAS
310 4th ST NE
2d FLOOR
CHARLOTTESVILLE, VA 22902

JUANITA HAYDEL
3405 VALEWOOD DR.
OAKTON, VA 22124

KELLY & SASHA TRIPP
2600 BENNINGTON RD.
CHARLOTTESVILLE, VA 22901

KIRK HUGHES & ASSOCIATES
220 EAST HIGH STREET
CHARLOTTESVILLE, VA 22902

LANDSCAPE SUPPLY
PO BOX 12706
ROANOKE, VA 24027

LAWERENCE EQUIPMENT
872 LEE HWY.
P.O BOX 335
CLOVERDALE, VA 24077

LAWRENCE C TOPPING
2536 BRANDERMILL PLACE
CHARLOTTESVILLE, VA 22911

GENE T GIBSON INC.
3052 BERKMAR DRIVE, STE. A
CHARLOTTESVILLE, VA 22901

GINGERICH OUTDOOR POWER SPECIALIST
925 HARRIS ST.
CHARLOTTESVILLE, VA 22903

GLEN AND NANCY LITTLEFIELD
P.O. BOX 708
KESWICK, VA 22947

GLEN AND NANCY LITTLEFIELD
132 THE GREEN
WILLIAMSBURG, VA 23185

GREEN FOR LIFE ENVIRONMENTAL
26999 CENTRAL PARK BLVD. SUITE 200
SOUTHFIELD, MI 48076

H & P SERVICES
924 HENRY AVE.
CHARLOTTESVILLE, VA 22903

H&P PAINTING SERVICES, LLC
924 HENRY AVE.
CHARLOTTESVILLE, VA 22903

HOFFMAN & ASSOCIATES PC
890 RIO EAST COURT, SUITE C
CHARLOTTESVILLE, VA 22901

HOMESTEAD BUILDING SYSTEMS, INC.
10109 PIPER LANE
BRISTOW, VA 20136

HYDROGEO ENVIRONMENTAL, LLC
418 EAST MAIN STREET
CHARLOTTESVILLE, VA 22902

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

JAMERSONS PLUMBING
821 SELF ROAD
SCOTTSVILLE, VA 24590

JASON WILLIAMS
4104 RURITAN LAKE RD.
PALMYRA, VA 22963

JAYSON & ELISSA RIEGER
610 RAGGED MOUNTAIN DR.
CHARLOTTESVILLE, VA 22903

LC MARSHALL & SONS LANDSCAPING
432 MOSELEY DRIVE
CHARLOTTESVILLE, VA 22903

LOCALSTORAGE FLUVANNA
21 BURNS PLAZA
PALMYRA, VA 22963

LOUIS R. MORRIS
3567 GLASGOW LANE
KESWICK, VA 22947

LOUISA COUNTY TREASURER'S OFFICE
1 WOOLFOLK AVE.
LOUISA, VA 23093

LUCK ECOSYSTEMS
PO BOX 22696
NEW YORK, NY 10087-2696

LUCK STONE
P.O. BOX 22696
NEW YORK, NY 10087-2696

M.T. STONE AND STUCCO LLC
C/O MIGUEL TRUJILLO
100 DORSET COURT
CHARLOTTESVILLE, VA 22911-8336

MARCO METALS, LLC
4776 S. VALLEY PIKE
HARRISONBURG, VA 22801

MARK AND NINA JACOBS
3465 CARROLL CREEK RD.
KESWICK, VA 22947

MARY & ROY WHITLEY
PO BOX 488
COROLLA, NC 27927

MAUA, INC
181 WHITNEY LANE
BUMPASS, VA 23024

MAYANK AND SEJAL GALA
131 HANCOCK DR.
RUCKERSVILLE, VA 22968

MCCALLUM & KUDRAVETZ, P.C.
250 E. HIGH ST.
CHARLOTTESVILLE, VA 22902

MICHAEL G AND KAREN R. LITTLEFIELD
1951 LEWIS MOUNTAIN RD.
CHARLOTTESVILLE, VA 22903

**SERVICE LIST**

MICHAEL HASTINGS
10 S JEFFERSON ST
STE 1800
ROANOKE, VA 24011

MIKE AND LORI GREEN
2261 PIPER WAY
KESWICK, VA 22947

MORRIS TILE
2280 DABNEY RD.
PO BOX 6446
RICHMOND, VA 23230-0446

NANCY MUMM
11581 AVONADALE DR.
FAIRFAX, VA 22030

PEDRO MATIAS
2480 PONDEROSA TRAIL
CHARLOTTESVILLE, VA 22903

PETER AND THERESA REINES
1432 SANDOWN LANE
KESWICK, VA 22947

PHYDOS CLINIC
1011 E JEFFERSON ST, STE. 204
CHARLOTTESVILLE, VA 22903

PLUM TREE BRANCH, LLC
2039 LIMESTONE CROSSING
KESWICK, VA 22947

PLUMB LINE FOUNDATIONS & EXCAVATING
91 BEAVER DAM CT.
KESWICK, VA 22947

PRECISION GAS PIPING, LLC
68 BRANCHLAND COURT
RUCKERSVILLE, VA 22968

QUARLES PETROLEUM INCORPORATED
PO BOX 745736
ATLANTA, GA 30374-5736

R C CONTRACTOR LLC
227 SHAMROCK DR.
CHARLOTTESVILLE, VA 22903

REXEL, INC
1197A 5TH STREET SW
CHARLOTTESVILLE, VA 22902-6466

SYLVIA BAILEY
4303 RAGGED VIEW CT.
CHARLOTTESVILLE, VA 22903

T & A DRYWALL
2495 PONDEROSA TRAIL
CHARLOTTESVILLE, VA 22903

T & N PRINTING
205 12TH STREET NE
CHARLOTTESVILLE, VA 22902

T-MOBILE
PO BOX 742596
CINCINNATI, OH 45274-2596

TC2 DESIGN, INC.
261 OAK PARK ROAD SUITE 201
MADISON, VA 22727

THE LUCHAIR COMPANY
261 THORNROSE AVENUE
STAUNTON, VA 24401

THE SHERWIN WILLIAMS CO
341 TOWNCENTER LANE SUITE 100
CHARLOTTESVILLE, VA 22911-5618

TIGER FUEL COMPANY
200 CARLTON RD.
P.O. BOX 1607
CHARLOTTESVILLE, VA 22902

TOM & LIZ ROLLO
6310 INDIAN RIDGE DR.
EARLYSVILLE, VA 22936

TOWN FLOORING
3285 BERKMAR DR
CHARLOTTESVILLE, VA 22901

U.S. SMALL BUSINESS ADMINISTRATION
CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

PO BOX 827577
PHILADELPHIA, PA 19182-7577

RMC DESIGN, LLC
4996 FAIRWINDS CT.
CROZET, VA 22932

ROY AND MARY WHITLEY
PO BOX 488
COROLLA, NC 27927

RUBEN GATICA LARREA / GCL LLC
360 MINOR RIDGE ROAD
CHARLOTTESVILLE, VA 22901

SALLIE MAE
PO BOX 9500
WILKES BARRE, PA 18773

SALMON MASONRY
14640 JEFFERSON HIGHWAY
BUMPASS, VA 23024

SCOTT AND KIMM BOLIN
1050 OLD GARTH RD.
CHARLOTTESVILLE, VA 22901

SHELLPOINT MORTGAGE
ATTN: BANKRUPTCY
PO BOX 10826
GREENVILLE, SC 29603

SHERWIN WILLIAMS
12787 BOOKER T. WASHINGTON HWY
STE. 105
HARDY, VA 24101

STAUNTON TRACTOR
1029 RICHMOND AVENUE
STAUNTON, VA 24401

STEVE AND BARBARA RYAN
8 FLEETWOOD DR.
PALMYRA, VA 22963

STORY HOUSE REAL ESTATE
2248 IVY ROAD
CHARLOTTESVILLE, VA 22902

SUNBELT RENTALS
PO BOX 409211
ATLANTA, GA 30384-9211

VA DEPARTMENT OF TAXATION
ATTN: BANKRUPTCY
PO BOX 2156
RICHMOND, VA 23218

VAN DER LINDE RECYCLING
73 HUNTERS BRANCH RD.
TROY, VA 22974

VERIZON WIRELESS
PO BOX 489
NEWARK, NJ 07101-0489

VIRGINIA CONTRACTORS SUPPLY
9106 OWENS DRIVE
MANASSAS, VA 20111

WELLS FARGO
MAX F8234F-02F
PO BOX 10438
DES MOINES, IA 50306

WHITE CAP, LP
PO BOX 4852
ORLANDO, FL 32802-4852

WILSON READY MIX
2565 JOHN WAYLAND HIGHWAY
PO BOX 1347
HARRISONBURG, VA 22803-1347

WITMER'S BOOM PUMPING LLC
188 COFFMAN ROAD
WEYERS CAVE, VA 24486

WITMER'S CONCRETE PUMPING LLC
188 COFFMAN ROAD
WEYERS CAVE, VA 24486

YAN L. CHAN
792 S VILLIER CT
VIRGINIA BEACH, VA 23451

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | | |
| TOMMY DEWAYNE DOBSON | : | CASE NO. 23-60148 |
| ANNE CHRISTINE DOBSON, | : | CHAPTER 11 |
| Debtors. | : | JUDGE REBECCA CONNELLY |

_____

**MOTION TO DISMISS
THE OBJECTION OF THE UNITED STATES TRUSTEE
TO THE DEBTORS' ELECTION TO PROCEED
UNDER SUBCHAPTER V OF CHAPTER 11**

_____

Come now Tommy D. Dobson ("Mr. Dobson") and Anne C. Dobson ("Mrs. Dobson"), the debtors and debtors-in-possession (collectively, the "Dobsons" or the "Debtors"), by counsel, and consistent with the directions of the Court and agreement of the parties at the prehearing conference call in this matter to set any dispositive motions for April 6, 2023, the Debtors file this, their *Motion to Dismiss the Objection of the United States Trustee to the Debtors' Election to Proceed Under Subchapter V of Chapter 11* (the "Motion"), and in support thereof respectfully state as follows:

**I. PRELIMINARY STATEMENT**

Prior to the enactment of subchapter V of chapter 11 ("Subchapter V"), small business debtors had difficulty reorganizing in chapter 11 for a number of reasons, including chapter 11's exorbitant administrative costs, hard to achieve confirmation requirements, and procedural hurdles throughout the confirmation process. Subchapter V has been almost universally welcomed as a mechanism to eliminate those obstacles to small business reorganizations while

1

also providing protection for small business debtors' creditors.  8 *Collier on Bankruptcy* ¶ 1180.01 (16th 2023).

The Dobsons, as self-employed individuals, are just the type of small business debtors for which Subchapter V was designed.  The Dobsons have correctly and appropriately selected Subchapter V in order to reorganize their business and also provide a recovery for their creditors.  The Dobsons are *not* the type of large business conglomerate trying to manipulate the eligibility requirements of Subchapter V through the use of affiliated entities in a way that the debt limitation rules were intended to prevent.  As such, and respectfully, the US Trustee's Objection to the Dobsons' election to Subchapter V is misplaced from both a legal standpoint as well as from a policy perspective.

Accordingly, the Debtors seek, through this dispositive motion, to end the expense and distraction of defending continued litigation and responding to lengthy discovery at this critical time in the midst of the accelerated deadlines of Subchapter V when they should be communicating with their creditors and the Subchapter V Trustee and attempting to negotiate and craft a consensual plan for the good of all stakeholders.  No one will benefit from the Dobsons being forced into a regular chapter 11 case – certainly not the creditors of the Dobsons who will also endure the loss of the assistance of the Subchapter V Trustee, the draining of estate resources to pay US Trustee fees, and the delays and expenses associated with disclosure statements and other formalities of chapter 11 not required in Subchapter V, including without limitation the potential of the appointment of an unsecured creditors' committee.

The Dobsons position is simple with respect to the Objection of the US Trustee: (a) The *petition date* controls the determination of eligibility for Subchapter V, (b) no post-petition

events cause a debtor to become ineligible for Subchapter V.[1] If the Court shares the Dobsons' interpretation of these legal issues, then the debts of Dobson Homes, Inc. ("DHI") are not included in the Dobsons' total debt calculations[2] for eligibility purposes under 11 U.S.C. 1182, and the US Trustee's Objection to the Dobsons' Subchapter V election must be overruled as a matter of law.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, and the statutory predicates for this motion are §§ 101, 105(a) and 1182 of the Bankruptcy Code and Fed. R. Bankr. P. 1020.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. BACKGROUND

4. The Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 7, 2023. On their petition, the Debtors indicated their desire to proceed under Subchapter V. The Debtors' petition [Docket No. 1] is incorporated by reference.

5. The following day, on February 8, 2023, DHI, an "affiliate" of the Dobsons under 11 U.S.C. § 101(13), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

---

[1] In fact, no post-petition events cause a debtor to become ineligible for *any* chapter of the Bankruptcy Code for that matter, as discussed further in this Motion.

[2] The Dobsons dispute that the total noncontingent, liquidated debts would be over the limit of $7.5 Million even if the debts of DHI were included in the total debt calculations for purposes of Subchapter V debtor eligibility under 11 U.S.C. 1182. However, such factual position is not before the Court.

3

## IV. BASIS FOR DISMISSAL OF US TRUSTEE'S OBJECTION

### A. The Petition Date Controls the Determination of Eligibility for Subchapter V

6. A chapter 11 bankruptcy is commenced by the filing of a petition. The date of filing of the petition becomes the "Petition Date." In the case of the Dobsons, the Petition Date was February 7, 2023.

7. Fed. R. Bankr. P. 1020(a) provides that in a voluntary chapter 11, "the debtor shall state *in the petition* whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of chapter 11 apply." *Emphasis added,* Fed. R. Bankr. P. 1020(a). The Dobsons completed their Subchapter V election on the Petition Date by checking the appropriate box on their petition.

8. Fed. R. Bankr. P. 1020(a) further states that, "[t]he status of the case as a small business case or a case under subchapter V of chapter 11 shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect."

9. As such, Fed. R. Bankr. P. 1020(a) contemplates the Subchapter V election being made *on the Petition Date*. The rule also requires the election to remain in place unless and until the Court deems it incorrect.

10. In order to be able to make that Subchapter V election on the Petition Date, the debtor must satisfy the requirements of 11 U.S.C. § 1182(1), to wit:

> In this subchapter [11 USCS §§ 1181 et seq.]:
> **(1)** Debtor. The term "debtor"—
> > **(A)** subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent

> liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor; and
> **(B)** does not include—
>> **(i)** any member of a group of affiliated debtors under this title that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders);
>> **(ii)** any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m, 78o(d)); or
>> **(iii)** any debtor that is an affiliate of a corporation described in clause (ii).
>
> 11 U.S.C.S. § 1182(1).

11. The first three words of subparagraph (A) indicates that it is "subject to subparagraph (B)…." Further, the two subparagraphs are joined by an "and." Accordingly, the entirety of section 1182(1), including both subparagraphs A and B, is to be read as one.

12. Reading 11 U.S.C. § 1182(1)(A) and (B) as a whole, the effect of subparagraph B is that it modifies subparagraph A to include in the debt limitations of subparagraph A the debts of that debtor *and* the debts of any affiliate debtor. The timing of the debt calculation is *not* changed by subparagraph B – it remains *as of the petition date* as noted in subparagraph A.

13. Further the plain language requires only the inclusion of the debts of an affiliate *debtor* in the debt calculations. The definition of "debtor" throughout all of title 11 means a "person or municipality concerning which a case under this title *has been commenced*." Emphasis added, 11 U.S.C. § 101(13) ("In this title the following definitions shall apply").

5

14. In other words, the subparagraph is not requiring the inclusion of the debts of all affiliates. Only the debts of those affiliates who are *debtors*, that is, who have commenced a bankruptcy case, are included as part of the debt calculations for purposes of the debt limits of 11 U.S.C. § 1182(1). Put simply, an affiliate *debtor* must first, of course, be a *debtor*.

15. When the Dobson's case was filed, there was no affiliate that was a debtor – thus there are no additional debts to include in the determination of their debts for purposes of 11 U.S.C. § 1182(1). DHI's bankruptcy was not filed on the Petition Date of the Dobsons. It was, in fact, filed the following day.

16. In addition to the statutory language itself requiring that the debt limit and eligibility determination be made *as of the Petition Date*, such temporal limitation is wholly consistent with all other aspects of the Bankruptcy Code and all other chapters of the Bankruptcy Code.

17. For example, 11 U.S.C. § 109(e) provides that only an individual "that owes, on the date of the filing of the petition, debts of less . . ." is eligible to be a debtor under chapter 13. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975 (9th Cir. 2001) (Chapter 13 eligibility should normally be determined by a debtor's originally filed schedules, measured as of the petition date, checking only to see whether the schedules were filed in good faith.).

18. Likewise, 11 U.S.C. § 101(18) definition of a "Family Farmer" includes a number of considerations for purposes of chapter 12 eligibility that must be satisfied "on the date the case is filed." 11 U.S.C.S. § 101(18).

19. In fact, in no chapter of the Bankruptcy Code does a post-petition event cause a debtor's loss of eligibility under that chapter's provisions.

6

20. Removal of the temporal limitations on determining eligibility is contrary to the fundamental purpose of Subchapter V which is intended to provide a streamlined, speedy and efficient bankruptcy process. In *In re Parking Mgmt., Inc.*, 620 B.R. 544 (Bankr. D. Md. 2020) the Court found the debtor eligible under Subchapter V despite the (i) existence of a prepetition PPP loan obligation and (ii) motions to reject 12 leases filed on the Petition Date. The Court determined that both obligations remained contingent and unliquidated on the Petition Date. The Court held that "[o]pening up eligibility determinations to post-petition events, even if deemed to apply retroactively, is contrary to the purpose and spirit of Subchapter V, and could nullify the very benefits it is intended to convey." *Id*. at 554.

21. By contrast, under the view espoused by the US Trustee, a debtor might float in and out of Subchapter V during the term of its case depending on the post-petition decisions of separate entities. Such a result would be inconceivable by Congress and unworkable by the courts as a practical matter. See, *James v. W. (In re W.)*, 2017 Bankr. LEXIS 527, *45 (Bankr. W.D. Mo. Feb. 24, 2017) (discussing the importance of considering debts as they exist as of the petition date, irrespective of postpetition events in the context of Chapter 13 eligibility).

22. For the foregoing reasons, the total noncontingent, liquidated debt of the Dobsons should be determined at the Petition Date and should not include any debts of DHI.

### B. The Dobson's Noncontingent Liquidated Debts Do Not Exceed $7.5 Million

23. Chapter 13 caselaw includes well developed concepts on determining debt limit eligibility questions that are instructive here. The general rule is that the amount and character of debt will be determined from the debtor's schedules, and proof beyond those documents is

considered only if there is evidence of bad faith by the debtor. Keith M. Lundin, LUNDIN ON CHAPTER 13, § 14.3, at ¶ 2, LundinOnChapter13.com (last visited March 30, 2023).

24. In the often-cited case, *Comprehensive Accounting Corp. v. Pearson* (*In re Pearson*), the United States Court of Appeals for the Sixth Circuit explained why chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith. "The resources of the debtor are almost by definition limited and the means of determining eligibility must be efficient and inexpensive. To allow an extensive inquiry in each case would do much toward defeating the very object of the statute." 773 F.2d 751, 757 (6th Cir. 1985).

25. The time-sensitivity of the courts in chapter 13 eligibility determinations are equally relevant in Subchapter V where the debtor must meet several important and short deadlines in order to reach confirmation of its plan.

26. In the Dobsons' case, the US Trustee has alleged no bad faith in the preparation of their schedules.

27. The only concern with respect to the Dobsons' schedules cited by the US Trustee in its Objection was the listing of the IRS and the Virginia Department of Taxation as *unknown* and *disputed* creditors. Below are the references to those creditors from the Dobsons' Schedule E/F filed February 28, 2023.

|     |     | Total claim | Priority amount | Nonpriority amount |
|-----|-----|-------------|-----------------|--------------------|

**2.1**

| | | Unknown | Unknown | Unknown |

**Internal Revenue Service***
Priority Creditor's Name
**P O Box 7346**
Number   Street

**Philadelphia**   **PA**   **19101**
City   State   ZIP Code

Last 4 digits of account number ___ ___ ___ ___
When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

Who incurred the debt?   Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☒ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Type of PRIORITY unsecured claim:
☐ Domestic support obligations
☒ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify

Is the claim subject to offset?
☒ No
☐ Yes

---

Debtor 1   **Tommy Dewayne Dobson**
Debtor 2   **Anne Christine Dobson**   Case number (if known) **23-60148**

**Part 1:   Your PRIORITY Unsecured Claims -- Continuation Page**

After listing any entries on this page, number them sequentially from the previous page.

|     |     | Total claim | Priority amount | Nonpriority amount |
|-----|-----|-------------|-----------------|--------------------|

**2.2**

| | | Unknown | Unknown | Unknown |

**Va Department Of Taxation***
Priority Creditor's Name
**Attn: Bankruptcy**
Number   Street
**P O Box 2156**

**Richmond**   **VA**   **23218-0000**
City   State   ZIP Code

Last 4 digits of account number ___ ___ ___ ___
When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

Who incurred the debt?   Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☒ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Type of PRIORITY unsecured claim:
☐ Domestic support obligations
☒ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify

Is the claim subject to offset?
☒ No
☐ Yes

---

28.   The IRS and Virginia Department of Taxation were, however, scheduled *properly* by the Dobsons. The Dobsons *did not owe* these taxing authorities any money on the Petition Date. In fact, these taxing authorities have not assessed the Dobsons personally with any tax liability. Yes, the Dobsons' company, DHI, owes certain employment taxes, but the Dobsons do not owe any such taxes now nor did they as of the Petition Date. The Dobsons' simply ensured

9

proper notice of their bankruptcy was provided to the taxing authorities in the event such tax or trust fund recovery penalty assessments were made against them post-petition. Such action is a best practice and not in any way evidence of bad faith.

29. There are no indicia that the Dobsons have not filed their schedules in good faith as alleged in the objection or that the Dobsons have not exercised due diligence in their preparation of the same.

30. As such, there is no basis to go beyond the face of the Dobsons' schedules which indicate their noncontingent, liquidated debts are just $2,391,495.20 -- far less than the Subchapter V debt limitation of $7,500,000.00.

## V. CONCLUSION

31. Like so many other legal questions in bankruptcy, Subchapter V eligibility is analyzed as a "snapshot" of the facts and circumstances in existence at the Petition Date.

32. The Dobsons qualified for and properly elected Subchapter V status when they filed their petition, and the subsequent chapter 7 filing of an affiliate does not impact their eligibility.

WHEREFORE, the Debtors respectfully pray that the Court enter an order: dismissing the US Trustee's Objection to their election to proceed under Subchapter V and granting any other appropriate relief.

**Dated: March 30, 2023**                                   **Respectfully Submitted,**

**TOMMY DEWAYNE DOBSON**
By: /s/ David Cox                                           **ANNE CHRISTINE DOBSON**
David Cox (VSB#38670)                                       **By Counsel**
*david@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
434-845-2600; 434-845-0727 (Facsimile)
*Counsel for the Debtor/Movant*