**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| IN RE: | | |
| TOMMY DEWAYNE DOBSON | : | CASE NO. 23-60148 |
| ANNE CHRISTINE DOBSON, | : | CHAPTER 11 |
| Debtors. | : | JUDGE REBECCA CONNELLY |

---

**RESPONSE AND OPPOSITION TO
THE OBJECTION OF THE UNITED STATES TRUSTEE
TO THE DEBTORS' ELECTION TO PROCEED
UNDER SUBCHAPTER V OF CHAPTER 11**

---

Come now Tommy D. Dobson ("Mr. Dobson") and Anne C. Dobson ("Mrs. Dobson"), the debtors and debtors-in-possession (collectively, the "Dobsons" or the "Debtors"), by counsel, and hereby file this *Response and Opposition to the Objection of the United States Trustee to the Debtors' Election to Proceed Under Subchapter V of Chapter 11* (the "Notice"), and accordingly respectfully state as follows:

**I. PRELIMINARY STATEMENT**

Prior to the enactment of Subchapter V of chapter 11 ("Subchapter V"), small business debtors had difficulty reorganizing in chapter 11 for a number of reasons, including chapter 11's exorbitant administrative costs, hard to achieve confirmation requirements, and procedural hurdles throughout the confirmation process. The Subchapter V legislation was designed to permit debtors engaged in commercial activity "to file bankruptcy in a timely, cost-effective manner, and hopefully allows them to *remain in business*" which "not only benefits the owners, but employees, suppliers, customers, and others who rely on that business." H.R. Rep. No. 116-171, 116th Cong., 1st Sess. (2019) (emphasis added) 2019 WL 3401849 (Jul. 23, 2019) (quoting comments of Rep. Ben Cline). Subchapter V has been almost universally welcomed as a

1

mechanism to eliminate those obstacles to small business reorganizations while also providing protection for small business debtors' creditors.  8 *Collier on Bankruptcy* ¶ 1180.01 (16th 2023).

The Dobsons, as self-employed individuals, are just the type of small business debtors for which Subchapter V was designed.  The Dobsons have correctly and appropriately selected Subchapter V in order to reorganize their business and also provide a recovery for their creditors.  The Dobsons are *not* the type of large business conglomerate trying to manipulate the eligibility requirements of Subchapter V through the use of affiliated entities in a way that the debt limitation rules were intended to prevent.  As such, and respectfully, the United States Trustee's Objection to the Dobsons' election to Subchapter V is misplaced from both a legal standpoint as well as from a policy perspective.

No one will benefit from the Dobsons being forced into a regular chapter 11 case – certainly not the creditors of the Dobsons who will also endure the loss of the assistance of the Subchapter V Trustee, the draining of estate resources to pay United States Trustee fees, and the delays and expenses associated with disclosure statements and other formalities of chapter 11 not required in Subchapter V, including without limitation the potential appointment of an unsecured creditors' committee.

The Dobsons position is simple with respect to the Objection of the United States Trustee: The *petition date* controls the determination of eligibility for Subchapter V, and the subsequent filing of a bankruptcy by Mr. Dobson's corporation does not impact the Debtors' eligibility as determined on the petition date.[1]  If the Court shares the Dobsons' interpretation of this legal issue, then the debts of Dobson Homes, Inc. ("DHI") are not included in the Dobsons'

---

[1] No such post-petition events cause a debtor to become ineligible for Subchapter V.  In fact, as a general rule, no post-petition events cause a debtor to become ineligible for *any* chapter of the Bankruptcy Code for that matter, as discussed further in this Motion.  Eligibility issues are viewed through the lens of the petition date.

total debt calculations[2] for eligibility purposes under 11 U.S.C. § 1182, and the United States Trustee's Objection to the Dobsons' Subchapter V election must be overruled as a matter of law.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, and the statutory predicates for this motion are §§ 101, 105(a) and 1182 of the Bankruptcy Code and Fed. R. Bankr. P. 1020.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. BACKGROUND

4. The Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 7, 2023. On their petition, the Debtors elected to proceed under Subchapter V. The Debtors' petition [Docket No. 1] is incorporated by reference.

5. The following day, on February 8, 2023, DHI, an "affiliate" of Mr. Dobson under 11 U.S.C. § 101(13), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.[3]

## IV. BASIS FOR DISMISSAL OF UNITED STATES TRUSTEE'S OBJECTION

### A. The Petition Date Controls the Determination of Eligibility for Subchapter V

6. A chapter 11 bankruptcy is commenced by the filing of a petition. The date of filing of the petition becomes the "Petition Date." In the case of the Dobsons, the Petition Date was February 7, 2023.

---

[3] Only Mr. Dobson own the shares of DHI, and as such, DHI is an affiliate of only Mr. Dobson. 11 U.S.C. § 101(2).

3

7. Fed. R. Bankr. P. 1020(a) provides that in a voluntary chapter 11, "the debtor shall state *in the petition* whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of chapter 11 apply." Fed. R. Bankr. P. 1020(a) (emphasis added). The Dobsons completed their Subchapter V election on the Petition Date by checking the appropriate box on their petition.

8. Fed. R. Bankr. P. 1020(a) further states that, "[t]he status of the case as a small business case or a case under subchapter V of chapter 11 shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect."

9. As such, Fed. R. Bankr. P. 1020(a) contemplates the Subchapter V election being made *on the Petition Date*. The rule also requires the election to remain in place unless and until the Court deems it incorrect.

10. In order to be able to make that Subchapter V election on the Petition Date, the debtor must satisfy the requirements of subparagraphs (A) and (B) of 11 U.S.C. § 1182(1), to wit:

> In this subchapter [11 USCS §§ 1181 et seq.]:
> **(1)** Debtor. The term "debtor"—
> **(A)** subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor; and
> **(B)** does not include—

4

> **(i)** any member of a group of affiliated debtors under this title that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders);
> **(ii)** any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m, 78o(d)); or
> **(iii)** any debtor that is an affiliate of a corporation described in clause (ii).
>
> 11 U.S.C.S. § 1182(1).

11. The first three words of subparagraph (A) indicates that it is "subject to subparagraph (B)…." Further, the two subparagraphs are joined by an "and." Accordingly, the entirety of § 1182(1), including both subparagraphs A and B, is to be read as one.

12. Reading 11 U.S.C. § 1182(1)(A) and (B) as a whole, the effect of subparagraph B is that it modifies subparagraph A to include in the debt limitations of subparagraph A the debts of that debtor *and* the debts of any affiliate debtor. The timing of the debt calculation is *not* changed by subparagraph B – it remains *as of the petition date* as noted in subparagraph A.

13. The U.S. Bankruptcy Court for the Southern District of Texas issued an opinion analyzing this very text in the case of *In Re Free Speech Systems, LLC*. *In re Free Speech Sys., LLC*, No. 22-60043, 2023 Bankr. LEXIS 892 (Bankr. S.D. Tex. Mar. 31, 2023). Judge Christopher M. Lopez carefully reviewed the interplay between §§ 1182(1)(A) and (1)(B) and concluded in the *Free Speech Systems* case that the *petition date* is the correct date for determining the Subchapter V eligibility of a debtor based on the debts of an affiliate debtor. *Id*. at *9.

14. As explained by Judge Lopez, "Subparagraph B is a petition date check on the filing debtor to make sure there isn't already an affiliate in bankruptcy with debts exceeding the cap, and a check that the debtor isn't part of a group of affiliated debtors filing on the same day." *Id*. at *7. Judge Lopez emphasized this fundamental eligibility concept by concluding, "[s]ubparagraphs A and B must be construed together at the same time, all the time." *Id*. at *6.

### B. The Words of the Statute and their Plain Meaning Control

15. The plain language itself requires only the inclusion of the debts of an affiliate *debtor* in the debt calculations. The definition of "debtor" throughout all of title 11 means a "person or municipality concerning which a case under this title *has been commenced*." Emphasis added, 11 U.S.C. § 101(13) ("In this title the following definitions shall apply").

16. In other words, the subparagraph does not require the inclusion of the debts of all affiliates. Only the debts of those affiliates who are *debtors*, that is, who have commenced a bankruptcy case, are included as part of the debt calculations for purposes of the debt limits of 11 U.S.C. § 1182(1). Put simply, an affiliate *debtor* must first, of course, be a *debtor*.

17. As if the requirement that only the debts of affiliates who are actually debtors be counted were not clear enough, Congress hammered the point home with three more words used to limit further the inclusion of the debts only to affiliated debtors "*under this title*." §§ 1182(1)(A) and (B) (emphasis added). When the Dobson's case was filed, there was no affiliate that was a debtor under Title 11 of the United States Code – thus there are no additional debts of any third party to include in the calculation of their total debts for purposes of 11 U.S.C. § 1182(1). Under this clear analysis of the Code, DHI was not an affiliate debtor on the Petition Date of the Dobsons and as such, its debts are not counted with the debts of the Dobsons to determine their eligibility for Subchapter V.

18. Judge Bonapfel addressed the same issue in his treatise, A Guide to the Small Business Reorganization Act of 2019. Hon. Paul W. Bonapfel, A GUIDE TO THE SMALL BUSINESS REORGANIZATION ACT OF 2019 (Revised June 2022) (the "GUIDE"). After explaining that a debtor is ineligible if the debtor is a member of a group of affiliated debtors when the aggregate of all such debts of all of the affiliates exceeds the debt limit, Judge Bonapfel specifies: "[o]nly the debts of affiliates *who are debtors in a bankruptcy case* are included." GUIDE at p. 46 (emphasis added).

19. Judge Bonapfel notes that Bankruptcy Threshold Adjustments and Technical Corrections Act ("BTATCA") requires compliance with § 1182(1) for Subchapter V eligibility until June 20, 2024, and thereafter, a debtor must be a "small business debtor" as defined in § 101(51D) to be eligible for Subchapter V. Sections 101(51D) and 1182(1) each mirrors the other, with one exception – the dollar amount of the debt limits. In a footnote, Judge Bonapfel describes the Subchapter V eligibility requirements after BTATCA as follows:

> [B]oth § 101(51D)(i) and § 1182(1)(B)(i) now provide for the exclusion of "any member of a group of affiliated debtors under this title" with debts that exceed the debt limit. *Under the [BTATCA] amendment, therefore, debts of affiliates who are not in bankruptcy are disregarded.*

GUIDE at pp. 46-47, Footnote 88 (emphasis added).

20. Courts also interpret the identical relevant language of § 101(51D) consistently with the view that the Petition Date controls eligibility determinations. In analyzing whether an affiliate is eligible to be a "small business debtor," the Court in *In re Wright* recognized that the statutory language only includes an affiliate of a debtor "that *is* also a debtor under this title...." *In re Wright*, 2020 Bankr. LEXIS 1240, at *8 (Bankr. D.S.C. Apr. 27, 2020) (emphasis in

original). The Court concluded, "[c]oexistent cases for the person and the affiliate are required." *Id*.

### C. Eligibility Requirements Should Be Read in the Context of the Code as a Whole

21. In addition to the statutory language itself requiring that the debt limit and eligibility determination be made *as of the Petition Date*, such temporal limitation is wholly consistent with all other aspects of the Bankruptcy Code and all other chapters of the Bankruptcy Code.

22. For example, 11 U.S.C. § 101(18) definition of a "Family Farmer" includes a number of considerations for purposes of chapter 12 eligibility that must be satisfied "on the date the case is filed." 11 U.S.C.S. § 101(18).

23. Likewise, 11 U.S.C. § 109(e) provides that only an individual that owes, "on the date of the filing of the petition," debts of less than the debt limits is eligible to be a debtor under chapter 13.

24. "The statute is clear that the debtor's eligibility for a Chapter 13 proceeding is to be determined 'on the date of the filing of the petition.'" *Brockenbrough v. Comm'r, IRS*, 61 B.R. 685, 687 (W.D. Va. 1986). "This general rule should mean that events occurring after the petition do not affect the counting or character of debt for eligibility purposes." Keith M. Lundin, LUNDIN ON CHAPTER 13, § 14.2, at ¶ 4, LundinOnChapter13.com (last visited April 28, 2023).

25. Congress did not write on a blank slate when considering the eligibility requirements of Subchapter V. As noted above, Congress utilized similar debt limitations as part of the eligibility provisions applicable to chapters 12 and 13 of the Bankruptcy Code. "As such, Congress had the benefit of how the language had been interpreted by courts in the past . . . and

could have elaborated upon such language or used different language if it had concern with respect to such judicial interpretation," but it did not. *In re Johnson*, No. 19-42063-ELM, 2021 Bankr. LEXIS 471, at *16-17 (Bankr. N.D. Tex. Mar. 1, 2021) (analyzing the definition of a small business debtor).

### D. Policy Considerations Support Determining Eligibility as of the Date of the Petition

26. Removal of the temporal limitations on determining eligibility is contrary to the fundamental purpose of Subchapter V which is intended to provide a streamlined, speedy and efficient bankruptcy process. H.R. Rep No. 116–171, at *1 (2019); see also Press Release, Amy Klobuchar, Senator, "Klobuchar Joins Colleagues to Introduce Bipartisan Legislation to Help Small Businesses Restructure Debt," (April 10, 2019) (observing that the enactment of subchapter V "ensur[es] that when mom-and-pop businesses fall on hard times, they have a chance to recover and be successful")[4]

27. In *In re Parking Mgmt., Inc.*, 620 B.R. 544 (Bankr. D. Md. 2020) the Court found the debtor eligible under Subchapter V despite the (i) existence of a prepetition PPP loan obligation and (ii) motions to reject 12 leases filed on the Petition Date. The Court determined

---

[4] According to Senator Klobuchar, "[w]e need to make sure that businesses on Main Street have the same opportunities as big businesses to utilize the protections offered by our bankruptcy laws. This legislation will help streamline bankruptcy procedures for small businesses, ensuring that when mom-and-pop businesses fall on hard times, they have a chance to recover and be successful." Further, Senator Charles Grassley added the following:

> Our bankruptcy system is designed to help highly complex businesses reorganize after falling on hard times, but for many small businesses going through bankruptcy, these requirements can create unnecessary burdens that stall recovery. The Small Business Reorganization Act takes into account the unique needs of small businesses and streamlines existing reorganization processes. A well-functioning bankruptcy system, specifically for small businesses, allows businesses to reorganize, preserve jobs, maximize the value of assets and ensure the proper allocation of resources.

https://www.klobuchar.senate.gov/public/index.cfm/2019/4/klobuchar-joins-colleagues-to-introduce-bipartisan-legislation-to-help-small-businesses-restructure-debt

that both obligations remained contingent and unliquidated on the Petition Date. The Court held that "[o]pening up eligibility determinations to post-petition events, even if deemed to apply retroactively, is contrary to the purpose and spirit of Subchapter V, and could nullify the very benefits it is intended to convey." *Id*. at 554.

28.    By contrast, under the view espoused by the United States Trustee, a debtor might float in and out of Subchapter V during the term of its case depending on the post-petition decisions of separate entities. *Free Speech Sys*. at *5 ("If postpetition affiliate filings lead to ineligibility and revocation, it means that debtors could float in and out of Subchapter V at any time."). "A roaming eligibility trap could also punish an innocent Subchapter V debtor." *Id.*, at *8.

29.    Such a result would be inconceivable to Congress and unworkable by the courts as a practical matter. See, *James v. W. (In re W.)*, 2017 Bankr. LEXIS 527, *45 (Bankr. W.D. Mo. Feb. 24, 2017) (discussing the importance of considering debts as they exist as of the petition date, irrespective of postpetition events in the context of Chapter 13 eligibility).

## V. CONCLUSION

30.    Judge Lopez "recap" in *Free Speech Systems* most effectively summarized the same argument the Dobsons make in this case:

> So to recap, the debtor makes the statement of election to proceed under Subchapter V in a bankruptcy petition. That case proceeds in accordance with the statement of election unless the court finds that the statement is incorrect. In this case, the Debtor's statement of election in its voluntary petition—and the basis for making it as of that day—remain true. So the Debtor remains eligible under Subchapter V.
>
> *Free Speech Sys*., at *9.

31. The Dobsons did just that. The Dobsons made their statement of election to proceed under Subchapter V in their bankruptcy petition; their case has proceeded in accordance with their statement of election; and the Dobsons' statement of election in its voluntary petition—and the basis for making it as of Petition Date—remain true. So, the Dobsons remain eligible under Subchapter V.

32. Like so many other legal questions in bankruptcy Subchapter V eligibility is analyzed as a "snapshot" of the facts and circumstances in existence at the Petition Date.

33. The Dobsons qualified for and properly elected Subchapter V status when they filed their petition, and the subsequent chapter 7 filing of an affiliate does not impact their eligibility.

WHEREFORE, the Debtors respectfully pray that the Court enter an order: dismissing the United States Trustee's Objection to their election to proceed under Subchapter V and granting any other appropriate relief.

**Dated: April 28, 2023**   **Respectfully Submitted,**

By: /s/ David Cox
David Cox (VSB#38670)
*david@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
434-845-2600; 434-845-0727 (Facsimile)
*Counsel for the Debtor*

**TOMMY DEWAYNE DOBSON**
**ANNE CHRISTINE DOBSON**
**By Counsel**

CERTIFICATE OF SERVICE

I certify that on April 28, 2023, I caused the foregoing to be electronically filed in the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including the Office of the United States Trustee's counsel, W. Joel Charboneau, Esq.

/s/ David Cox