**SIGNED THIS 17th day of May, 2023**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
TOMMY DEWAYNE DOBSON,                              Chapter 11
ANNE CHRISTINE DOBSON,                             Case No. 23-60148
    Debtors.

## MEMORANDUM OPINION

Tommy Dewayne Dobson and Anne Christine Dobson are debtors who filed a joint chapter 11 petition and elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code. John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "U.S. Trustee"), by counsel, objects to Mr. and Mrs. Dobson's election. For the reasons explained in this Memorandum Opinion, this Court overrules the U.S. Trustee's objection.

### JURISDICTION

This Court has jurisdiction over Tommy and Anne Dobson's bankruptcy case by the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994.

The issue in this contested matter is whether Tommy Dobson qualifies as a debtor who may proceed under subchapter V of chapter 11 of the Bankruptcy Code. Determining the eligibility of a debtor to proceed under a chapter or subchapter of the Bankruptcy Code requires

interpreting and applying the provisions of the Bankruptcy Code, or in other words, is a core bankruptcy matter over which this Court has authority to hear and issue a final order.

Mr. and Mrs. Dobson and the U.S. Trustee agree that this Court has jurisdiction over the debtors' bankruptcy case and this contested matter. Joint Stip. ¶ 1, ECF Doc. No. 63. In addition, they agree that venue is proper. *Id.* ¶ 2.

## PROCEDURAL HISTORY

On February 7, 2023, Tommy and Anne Dobson filed a joint voluntary petition for relief under chapter 11 of the Bankruptcy Code. On their petition, the debtors elected to proceed under subchapter V. *See* ECF Doc. No. 1. The following day, on February 8, 2023, Dobson Homes, Inc. ("DHI") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. *See* Case No. 23-60158 (Bankr. W.D. Va.).

The next month, on March 6, 2023, the U.S. Trustee held and concluded the meeting of creditors pursuant to section 341(a). *See* ECF Doc. No. 34. Within a few weeks, on March 23, 2023, the U.S. Trustee filed an objection to the debtors' subchapter V election. *See* ECF Doc. No. 40. The debtors initially moved to dismiss the U.S. Trustee's objection, ECF Doc. No. 45, but then withdrew the motion through a consent order endorsed by the U.S. Trustee and the subchapter V trustee, ECF Doc. No. 48, and ultimately filed a response to the objection, ECF Doc. No. 66. The U.S. Trustee filed a memorandum of law in support of his objection and in response to the debtor's motion to dismiss it. ECF Doc. No. 47. In addition, the U.S. Trustee and the debtors filed a joint stipulation, ECF Doc. No. 63, and a supplemental joint stipulation, ECF Doc. No. 64. The pleadings, responses, and hearing information were noticed to all creditors. At the conclusion of the hearing on the objection, the Court took the matter under advisement. *See* ECF Doc. Nos. 68, 70.

## FACTS

The facts are not contested. Although they disagree as to the significance and relevance of some facts, neither party has pointed to any contested facts that would make a difference to the decision.

The debtors are individuals. They are married and filed a joint petition under chapter 11, electing to proceed under subchapter V of chapter 11.[1] Mr. Dobson formerly ran a home construction business through a corporation, DHI. He is the only shareholder of DHI. He has been an officer and a director of DHI. When Mr. and Mrs. Dobson filed their petition under chapter 11 and elected to proceed under subchapter V of chapter 11, DHI was not a debtor in bankruptcy.

The parties agree that Mr. and Mrs. Dobson meet the eligibility criteria of section 1182(1)(A).[2] They disagree as to whether Mr. Dobson falls within the exception under section 1182(1)(B)(i).

DHI, an affiliate of Mr. Dobson, filed a chapter 7 petition on the day after Mr. and Mrs. Dobson filed their petition. According to Mr. and Mrs. Dobson, this filing did not change their eligibility to continue under subchapter V. According to the U.S. Trustee, DHI's filing changed everything. It is undisputed that if DHI's debts are added to Mr. and Mrs. Dobson's debts, the combined amount exceeds the statutory cap for subchapter V of chapter 11.[3] The debate is whether DHI's debts must be added to Mr. Dobson's debts for purposes of section 1182(1)(B)(i).

---

[1] When they filed their petition on February 7, 2023, they checked the box stating, "Yes. I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11." *See* Petition at 4, ECF Doc. No. 1.

[2] "The Debtors are engaged in commercial or business activities and the noncontingent liquidated secured and unsecured debts of the Debtors as of the date of the filing of their petition do not exceed $7,500,000 and at least 50% of those debts arose from the commercial or business activities of the Debtors." Joint Stip. ¶ 4, ECF Doc. No. 63.

[3] "Excluding debts owed to affiliates or insiders, the aggregate noncontingent liquidated secured and unsecured debts of the Debtors and DHI exceed $7,500,000." *Id.* ¶ 22.

## ANALYSIS

The U.S. Trustee asks this Court to "require the Debtors to affirmatively establish their eligibility to proceed under Subchapter V." UST's Obj. at 9, ECF Doc. No. 40. The U.S. Trustee makes no other request.[4]

The debtors contend they do meet the eligibility criteria and have affirmatively established it. The debtors ask the Court to overrule the U.S. Trustee's objection.

As explained in the next paragraphs, the Court finds the debtors have established eligibility to proceed under subchapter V of chapter 11.

### *Eligibility to proceed under subchapter V of chapter 11*

Section 1182 of the Bankruptcy Code defines the term "debtor" in subchapter V of chapter 11. The statute provides:

> (1) Debtor.—The term "debtor"—
>     (A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor; and
>     (B) does not include—
>         (i) any member of a group of affiliated debtors under this title that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders) . . . .

11 U.S.C. § 1182(1)(A), (B)(i).

---

[4] The U.S. Trustee has not moved to dismiss the case, nor moved to convert the case, nor sought any other relief, except to require the debtors to establish eligibility. Implicit in the U.S. Trustee's objection is that the Court should find the debtors' election statement in their petition is no longer correct and therefore the Court should, using Federal Rule of Bankruptcy Procedure 1020, enter an order directing that the case proceed under chapter 11 but not under subchapter V of chapter 11.

As the parties have stipulated, Mr. and Mrs. Dobson meet the criteria of section 1182(1)(A). There is no dispute that on the date of their petition, none of the exceptions in section 1182(1)(B) applied to Mr. and Mrs. Dobson. In other words, they met the criteria in (A) and did not fall within any exceptions under (B). It is hard to see how the Court could find that Mr. and Mrs. Dobson did not make a true statement when they elected subchapter V.

Despite having made a true statement as to their eligibility at that time, the U.S. Trustee contends the debtors have not established eligibility under subchapter V because the day after they filed their bankruptcy petition, DHI, an affiliate of Mr. Dobson, filed a chapter 7 petition. If the debts of the affiliate who filed a bankruptcy petition the next day are added to the debtors' debts, then the combined debts exceed the statutory debt limits.

The sticking point is the application of section 1182(1)(B)(i).

The U.S. Trustee insists that the language of section 1182 is plain, and that this plain language says that the Court must consider eligibility based on events that occur postpetition (such as the later filing of a bankruptcy case by an affiliate of a debtor) because the phrase "as of the petition date" is not expressed in subsection (B)(i). Mem. of Law at 3–5, ECF Doc. No. 47. The U.S. Trustee also notes that the language "on the date of the petition or the order for relief" in section 1182(1)(A) means the Court must consider postpetition events since the statute itself offers an option other than the petition date. *Id.* at 4, 7.

The Court disagrees. The language of section 1182 does not direct a court to determine petition eligibility based on postpetition events. To begin with, section 1182 notes in subsection (A) that it is "subject to subparagraph (B)," when defining who *is* a debtor for purposes of subchapter V. Subsection (B) says a debtor "does not include" various criteria described in subsubsections (i), (ii), and (iii). In other words, Congress says who *is* a debtor under (A) is subject

to, or conditioned by, who *is not* a debtor under (B). Simply put, as long as a person does not fall into one of the three categorical exceptions in section 1182(1)(B), a person meeting the eligibility requirements in section 1182(1)(A) may properly elect to proceed under subchapter V of chapter 11.

The statute provides a basic eligibility formula. First, a person (or such person's affiliate in bankruptcy) must be engaged in commercial or business activities. Second, such person must have debts as of the petition date under the statutory cap. Third, such person must show that not less than 50 percent of their debts arose from commercial or business activities of the debtor. Finally, the person must not fall within the exceptions described in (B). The person either does meet all these conditions, and is eligible to be a debtor under subchapter V, or does not. Section 1182 does not say the conditions are ongoing, include postpetition events, or persist "throughout the case," nor does section 1182 contain any other language to provide that the debtor's eligibility is not determined as of the initiation of the case under subchapter V.

The U.S. Trustee contends that the recent amendment of section 1182(1)(B)(i) to add the phrase "under this title" supports a reading of the section to mean that provisions of (A) and (B) are *not* to be applied together (despite the conjunction "and") and therefore the terms contained in (B) do not apply only as of the petition date. As he puts it,

> If the Debtors were correct that 11 U.S.C. §§ 1182(1)(A) and 1182(1)(B) must be 'read as one' such that language included in 11 U.S.C. § 1182(1)(A) is engrafted into 11 U.S.C. § 1182(1)(B), Motion at ¶¶ 11-12, then 'under this title' would have already been engrafted into 11 U.S.C. § 1182(1)(B) and Congress would not have needed to recently amend 11 U.S.C. § 1182(1)(B)(i) to include 'under this title' when it also amended 11 U.S.C. § 1182(1)(B)(iii) to overturn cases such as *In re Phenomenon Mktg. & Entm't, LLC*, 2022 Bankr. LEXIS 1189 (Bankr. C.D. Cal. April 28, 2022).

*Id.* at 5–6.

The Court is not convinced by the U.S. Trustee's interpretation of the legislative amendment. The Court reads it to be a clarifying amendment. The addition was needed to clarify that "debtor" in section 1182(1)(B)(i) should not be read circularly—like, for example, the debtor in *305 Petroleum* had read it.[5] That is, Congress in amending the statute made it abundantly clear that the term "debtors" in section 1182(1)(B)(i) is not limited to a group of affiliated debtors which are all proceeding under subchapter V—it was made clear that the debt of any affiliate debtor under any chapter be counted in the calculation.

Mr. Dobson was not "a member of a group of affiliated debtors under this title" when he filed his petition and when he made his election under subchapter V. The parties agree that when Mr. Dobson filed his petition, he was the sole shareholder of DHI.[6] Nevertheless, when Mr. Dobson filed his petition, DHI was not in bankruptcy. So, if the phrase "a member of a group of affiliated debtors under this title" means that the debtor under subchapter V is an affiliate of another debtor who is also in bankruptcy, the phrase did not apply to Mr. Dobson when he filed his petition and elected to proceed under subchapter V of chapter 11.

In essence, the U.S. Trustee asks this Court to find that the correct statement on the petition becomes an incorrect statement if an objecting party can show that based on some later event, the statement is no longer true as of a later date. The Court is unwilling to do so. A later event does not make a statement made as of the petition date incorrect. It does not change the eligibility as of the petition date. The debtor is either eligible or not. He does not change his existence during the case.

---

[5] *See In re 305 Petroleum, Inc.*, 622 B.R. 209 (Bankr. N.D. Miss. 2020).

[6] Joint Stip. at ¶ 5, ECF Doc. No. 63.

This Court agrees with the reasoning and decision of The Honorable Judge Christopher Lopez in his ruling, *In re Free Speech Systems, LLC*. As Judge Lopez notes, a debtor must satisfy both prongs of section 1182(1) on the petition date before the debtor makes the election. *In re Free Speech Sys., LLC*, 649 B.R. 729, 733 (Bankr. S.D. Tex. 2023). The postpetition bankruptcy filing of an affiliate whose debts exceed the debt limit (or whose debts combined with the earlier filing person's debts exceed the debt limit) does not change the existence of the earlier filing person's eligibility on the petition date when the debtor made the statement. The debtor who elected subchapter V either made a correct statement or did not. "If postpetition affiliate filings lead to ineligibility and revocation, it means that debtors could float in and out of Subchapter V at any time." *Id.* at 734.

If the postpetition filing of a bankruptcy case by an affiliate would cause a debtor under subchapter V to lose eligibility, would the dismissal of the affiliate's case cause the debtor to regain eligibility? Perhaps more troubling, consider the application of the U.S. Trustee's interpretation of the language in section 1182(1)(B)(i) to postpetition financing under section 364. The U.S. Trustee argues that because the phrase "as of the petition date" does not appear in section 1182(1)(B)(i), the conditions of that subsection must apply perpetually after the petition date.[7] If so, affiliated debtors, whose debts and the debts of affiliates are within the debt limits but who subsequently obtain postpetition financing under section 364, could become disqualified when the postpetition debt is added to their combined existing debt simply because the criteria under section 1182(1)(B)(i) does not contain the limitation "as of the petition date." These are only two

---

[7] *See* Mem. of Law at 5, ECF Doc. No. 47 ("In creating a two-part eligibility test for eligibility to proceed under Subchapter V, Congress chose not to tie the second part of the eligibility test to the petition date or date of the order for relief."). The U.S. Trustee insists the condition is perpetual during the time within which the U.S. Trustee or a creditor may object to the election. *See, e.g.*, *id.* at 7 ("The concerns . . . with a debtor floating in and out of Subchapter V have already been addressed by the deadline to object to eligibility set forth in Rule 1020(b) of the Federal Rules of Bankruptcy Procedure."). His argument is addressed in later parts of this opinion.

examples of the confusion that would result if the Court were to find that the provisions of section 1182(1)(B)(i) are to be applied prospectively and based on actions that occur during a case. *See also In re Parking Mgmt., Inc*., 620 B.R. 544, 554 (Bankr. D. Md. 2020) (declining to open up eligibility determinations to postpetition events even if deemed to apply retroactively).

***Federal Rule of Bankruptcy Procedure 1020 does not require a different result.***

Federal Rule of Bankruptcy Procedure 1020(a) provides that in a voluntary chapter 11 case, "the debtor shall state in the petition whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of chapter 11 apply." Mr. and Mrs. Dobson did just that. They stated in the petition they were a small business debtor and made their subchapter V election by checking the appropriate box on their petition.

Federal Rule of Bankruptcy Procedure 1020(a) further states that, "[t]he status of the case as a small business case or a case under subchapter V of chapter 11 shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect." The rule then adds in subsection (b), "[t]he United States trustee or a party in interest may file an objection to the debtor's statement under subdivision (a) no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later."

The U.S. Trustee maintains that Federal Rule of Bankruptcy Procedure 1020 resolves concern and eliminates the potential for a subchapter V debtor to "float in and out" of eligibility. *See* Mem. of Law at 7, ECF Doc. No. 47. Because the Rule provides for a deadline to object to the statement, the U.S. Trustee contends a debtor's eligibility is only "floating" (or rather undetermined) until the expiration of the deadline to object. *See id.*

Reliance on the rule of procedure as the "fix" for indeterminate eligibility during a case simply does not work. For one thing, section 1182(1) defines who is a debtor eligible to proceed under subchapter V of chapter 11. The statutory definition does not limit the criteria for eligibility by a time period to object to it. The U.S. Trustee would have the Court interpret section 1182(1)(B) as if it contained the phrase "prior to a timely objection" when describing the conditions that disqualify a debtor from subchapter V.

More than that, the deadline in Bankruptcy Rule 1020 does not help avoid a "roaming eligibility trap." *See Free Speech Sys., LLC*, 649 B.R. at 734 (describing the roaming eligibility trap that could punish an innocent subchapter V debtor). The rule permits an objection to be filed "no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code." Only the U.S. Trustee may convene, preside over, hold, and therefore conclude the section 341 meeting. *See* 11 U.S.C. § 341(a), (c). Accordingly, the U.S. Trustee has exclusive control over the timing to trigger the objection period while at the same time has an interest affected by that objection period. *See* Fed. R. Bankr. P. 1020(b). Let alone, the deadline could also be extended. *See* Fed. R. Bankr. P. 9006(b). Obviously, the rule itself has a wavering limit and simply cannot eliminate the roaming eligibility trap or the predicament of indefinite eligibility during a subchapter V case.

### *Was the timing of the petition for purposes of the election an abuse?*

Is it necessary for the Court to disallow Mr. and Mrs. Dobson from proceeding under subchapter V to avoid an "abuse of process"? At the hearing on his objection, counsel for the U.S. Trustee argued that the objection should be sustained to avoid harm to creditors, but failed to show any actual harm to creditors. He asserted that the absence of a disclosure statement, if this case remains under subchapter V, is harmful to creditors. If the absence of a disclosure statement is

harmful to the creditors in this case, the U.S. Trustee may ask this Court to order that section 1125 applies in this case, but he has not done so. *See* 11 U.S.C. § 1181(b); *see also id.* § 1190(1) (requiring that the plan discloses information that would otherwise be included in a disclosure statement). With this as his only example, counsel for the U.S. Trustee did not convince the Court of harm to creditors from the subchapter V election in this case.

Throughout this case, Mr. and Mrs. Dobson have asserted that they do not have the resources to cover the cost of a chapter 11 case unless the case is under subchapter V. Their statement has not been challenged or disputed. Even if they did have such resources, the cost of the U.S. Trustee fees plus the additional professional fees would necessarily reduce the recovery for creditors.[8] If the case remains in subchapter V of chapter 11, the potential recovery for creditors is therefore likely to be greater than if this case proceeds in chapter 11 but not in subchapter V. Not only that, if the case remains in subchapter V, creditors will have the benefit of the services of a subchapter V trustee. Even better, the process to obtain confirmation of a plan and exit chapter 11 is appreciably shorter than if the case is not under subchapter V. More importantly, if the filing of the case under subchapter V was in bad faith or an abuse of the provisions of the Code, such basis is better suited for a motion to dismiss for cause under section 1112 of the Code.

The U.S. Trustee has made much of the timing of the debtors' petition compared with when they consulted bankruptcy lawyers. Prior to filing bankruptcy, Mr. Dobson met with an insolvency lawyer and paid the lawyer for services related to the home construction business, DHI.[9] The U.S.

---

[8]  Currently, "a quarterly fee shall be paid to the United States trustee . . . in each open and reopened case under chapter 11 of title 11, *other than under subchapter V*, for each quarter (including any fraction thereof) until the case is closed, converted, or dismissed, whichever occurs first." 28 U.S.C. § 1930(a)(6)(B)(i) (emphasis added). More specifically, "[t]he fee shall be the greater of—(I) 0.4 percent of disbursements or $250 for each quarter in which disbursements total less than $1,000,000; and (II) 0.8 percent of disbursements but not more than $250,000 for each quarter in which disbursements total at least $1,000,000." *Id.* § 1930(a)(6)(B)(ii).

[9]  Before Mr. and Mrs. Dobson filed their chapter 11 petition, DHI consulted legal counsel regarding a potential bankruptcy filing. Supp. Joint Stip. ¶ 1, ECF Doc. No. 64. After that, Mr. and Mrs. Dobson filed a chapter 11 petition.

Trustee asks this Court to consider the strategic decision by DHI to not file a bankruptcy petition until after its sole shareholder filed his petition as if the professional planning is by itself an abuse or an indication of harm. Yet, the U.S. Trustee has failed to show how professional advice and deliberate planning of the timing of a bankruptcy petition is unlawful or abusive. Further, as already stated, this Court concludes the debtors' eligibility in this case is determined as of the petition date. Thus, the Court will not count the debts of an affiliate not in a case under title 11 at that time, even if the affiliate was planning to file a case under title 11.

## CONCLUSION

Mr. and Mrs. Dobson have proceeded in this case under subchapter V consistent with the statutory requirements. The Court finds they made a correct statement when they elected subchapter V on their petition. The Court concludes they have established eligibility. The Court overrules the U.S. Trustee's objection to the election. A separate order will be issued consistent with this decision.

The Clerk is directed to send copies of this Memorandum Opinion to the debtors, counsel for the debtors, and counsel for the U.S. Trustee.

---

And after that, DHI filed a chapter 7 petition. Before either case was filed, counsel for DHI had a telephone call with another bankruptcy attorney who filed the chapter 11 petition for Mr. and Mrs. Dobson. *Id.* ¶ 2.