# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | Case No.: 23-60148 |
| | ) | |
| and | ) | |
| | ) | |
| ANNE CHRISTINE DOBSON, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

**TERRY LYNN'S OBJECTION TO CONFIRMATION OF THE DEBTORS' PLAN**

Now comes Terry Lynn, by counsel and objects to confirmation of the Chapter 11 plan [Docket No. 84 as supplemented by Docket No.: 85] (the "Plan") filed on behalf of Tommy D. Dobson ("Mr. Dobson") and Anne C. Dobson (Mrs. Dobson") (collectively Mr. Dobson and Mrs. Dobson are the "Debtors"). The basis of Terry Lynn's objection is as follows:

(1) The Plan is unconfirmable under 11 U.S.C. §§ 1129(a) and 1191(a) because, amongst other things, the Debtors' own projections demonstrate they will be unable to make the payments called for in the Plan;

(2) The Plan is not fair and equitable under 11 U.S.C. § 1191(b), because the Debtors intend to continue living beyond their means and paying unreasonable expenses to the detriment of their creditors;

(3) The claim of Terry Lynn is non-dischargeable as set forth in Adversary Proceeding 23-06013;

(4) Debtors' Plan ignores pending criminal investigations;

(5) Debtors' Plan continues an unreasonable lifestyle, while failing to fairly address the

1

outstanding claims;

(6)   Debtors' Plan only goes through December 2023, ignoring the Atlantic Union balloon payment of $270,000.00 in July of 2024.

(7)   Terry Lynn by this reference further incorporates the Objection of the US Trustee to the Confirmation of the Debtors' Plan and Motion for Entry of an Order Requiring the Debtors to Comply With the Requirements of 11 U.S.C. §1125 [Docket. No.91].

In support of her objection, Terry Lynn further states the following:

JURISDICTION AND VENUE

1.    Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, and the statutory predicates for this motion are §§ 105(a), 1129, 1181, and 1191 of the Bankruptcy Code.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

BACKGROUND

4.    The Virginia Online Case Information System for the City of Charlottesville, Virginia indicates that on January 23, 2023, Mr. Dobson was arrested. The system further indicates that he has been charged with multiple counts of construction fraud. Currently, there are hearing dates set for August 3, 2023, and August 10, 2023.

5.    There have been exchanges reflecting forthcoming criminal charges in Albemarle County Circuit Court.

6.    The Balance of Schedules from the Debtors fail to:

(a)   Disclose on the Statement of Financial Affairs Mr. Dobson's or Mrs. Dobson's interests in Dobson & Associates, LLC and Dobson Services, Inc.;

(b)   Disclose on the Statement of Financial Affairs the criminal prosecution of Mr.

Dobson for construction fraud pending in the Charlottesville, Virginia General District Court.

(c) List known debts but instead lists "Unknown" claims. Upon information and belief, the Debtors have sufficient information in their possession, custody, or control to disclose the full amounts of these claims.

NON-DISCHARGEABLE DEBT

7. The Bankruptcy Code provides that confirmation of a plan does not discharge an individual debtor from a debt found to be nondischargeable, 11 U.S.C. § 1141(d)(2). Terry Lynn has filed an adversary proceeding asserting her claim is non-dischargeable (Case No.: 23-06013).

8. As drafted, Debtors' Plan would discharge debts that are non-dischargeable.

NO MEANS TO IMPLEMENT

9. The Plan fails to set forth a reasonable or adequate means for implementation. U.S.C. § 1123(a)(5).

10. Rather than plan for the sale of the Debtors' house and a commitment of the non-exempt proceeds to the payment of the creditors, the Plan is based on the Debtors' speculative future income and payments to be received from an employer formed the day prior to the filing of the Plan. In this case, the Plan states, "[r]ecently…the Debtors have taken new positions with Corner Stone Foundations and Excavating, LLC" to become "wage employees with the opportunity for bonuses and/or profit sharing" in order to "reduce[] the downside risks to the Debtors' income…" (Plan at pg.1). Exhibit B to the Plan then sets forth alleged income, bonuses, and reimbursements the Debtors will use to fund their plan payment.

11. The Plan fails to advise the creditors that Corner Stone Foundations and Excavating, LLC filed its articles of organization at 5:01p.m. the day before the Debtors' filed the Plan. Such information is critical to allow creditors to assess the likelihood the Debtors' projected income is

reasonable.

12. In addition, Exhibit B to the Plan indicates the Debtors will be receiving significant amounts from "Signature Design & Consulting." Signature is purportedly, the "Debtors' new business operations initiated post-petition handling design-build consulting work" (Plan at pg.1). The Plan gives no information, however, on the operations of the business, whether it has any clients, whether it has any contracts, whether any such contracts are profitable, or any other meaningful information to allow the creditors to assess the likelihood of the Debtors' income from the alleged business will be, as projected. With criminal charges and this bankruptcy pending, it is highly questionable that clients or suppliers would be willing to take the risk of working with a newly found company formed by the debtors.

13. The Plan fails to disclose that Mr. Dobson is being criminally prosecuted or explain how those proceedings might impact the Debtors' ability to fund the Plan.

14. The monthly reports from Debtors reflects an ongoing inability to manage finances and overspending. In that regard, the monthly statements reflect close to or negative balances. There is nothing to support a claim that this situation will change. The means of implementing the Plan is, at best, speculative.

<u>FAILURE TO MAKE PAYMENTS</u>

15. The Plan does not provide appropriate remedies in the event payments are not made.

16. Under the terms of the Plan, the Debtors retain their property, such as the Debtors' house, and the creditors will receive little, if anything, because the Debtors will be unable to make the payments called for by the Plan.

***11 U.S.C. § 1129(a)(3)***

17. A plan must be proposed in good faith. 11 U.S.C. § 1129(a)(3).

18.    The issues noted above indicate the Plan has not been proposed in good faith.

19.    A plan that proposes the continued maintenance of an extravagant lifestyle while paying a pittance to the creditors is a plan proposed in bad faith. *In re Osborne*, 2013 Bankr. LEXIS 2203 **28-29 (Bankr. E.D.N.C. May 30, 2013); *In re Weber*, 209 B.R. 793, 800 (Bankr. Mass. 1997).

20.    The Plan allows Debtors to continue living in a million-dollar home, spend Three-Thousand dollars (3,000.00) a month on eating out, groceries and alcohol, and at the same time, avoid paying back funds obtained through fraud.

21.    If the Debtors wanted to make a meaningful distribution to their creditors, they could propose one. The Plan demonstrates they have no desire to meet their obligations and pay their debts.

<u>COMPLIANCE WITH BANKRUPTCY DISCLOSURE MANDATES</u>

22.    The Court should require Debtors to comply with 11 U.S.C. § 1125 to address the Debtors' conduct in this case. From the outset of this case, the Debtors have failed to disclose adequate information to the parties in interest. First, despite receiving additional time to file their schedules, the Debtors listed many of the claims as unknown or as contingent unliquidated. Thereafter, the Debtors have failed to take appropriate measures to determine the amounts of the claims of their creditors and amend the schedules. Amongst other omissions, Debtors have failed to list assets in storage units for which they pay monthly rent.

    WHEREFORE, Terry Lynn, by counsel, objects to confirmation of the Plan and moves the Court to apply 11 U.S.C. § 1125 to this case.

                                                              RESPECTFULLY SUBMITTED,

                                                              TERRY LYNN

                                                              BY COUNSEL

*/s/ Terry Lynn, Esq*
Terry Lynn, Esq. (VSB No. 39926)
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive
PO Box 374
Earlysville, VA 22936
Phone: (434) 964-9152
Fax: (434) 964-9275

## NOTICE OF HEARING

PLEASE TAKE NOTICE that unless an order is entered prior to the hearing, the hearing on the confirmation of the Plan is set for July 13, 2023, beginning at 11:00a.m. in the United Stated Court for the Western District of Virginia via Zoom (httpa://vawb-uscourtsgov.zoomgov.com/j/1603692643. The Zoom Meeting ID is: 160 369 2643).

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2023, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including Debtors' counsel.

                                                     */s/ Terry Lynn, Esq.*
                                                    Terry Lynn, Esq. (VSB # 39926)
                                                    Law Offices of Terry Lynn PLLC
                                                    695 Bent Oaks Drive
                                                    P.O. Box 374
                                                    Earlysville, Virginia 22936
                                                    Phone: (434) 964-9152
                                                    Fax:    (434) 964-9275
                                                    E-mail:  terry@terrylynnlaw.com

M:\Lynn v. Tommy & Christine Dobson Bankruptcy\Objection of Debtors' Plan 07.06.23.doc