**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | Case No.: 23-60148 |
| | ) | |
| and | ) | |
| | ) | |
| ANNE CHRISTINE DOBSON, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

## TERRY LYNN'S OBJECTION TO CONFIRMATION OF THE DEBTORS' AMENDED PLAN

Now comes Terry Lynn, by counsel and objects to confirmation of the Amended Chapter 11 plan [Docket No. 101] (the "Amended Plan") filed on behalf of Tommy D. Dobson ("Mr. Dobson") and Anne C. Dobson (Mrs. Dobson") (collectively Mr. Dobson and Mrs. Dobson are the "Debtors"). The basis of Terry Lynn's objection is as follows:

(1) The Amended Plan is unconfirmable under 11 U.S.C. §§ 1129(a) and 1191(a) because, amongst other things, the Debtors' own projections demonstrate they will be unable to make the payments called for in the Amended Plan;

(2) The Amended Plan is not fair and equitable under 11 U.S.C. § 1191(b), because the Debtors intend to continue living beyond their means and paying unreasonable expenses to the detriment of their creditors;

(3) The claim of Terry Lynn is non-dischargeable as set forth in Adversary Proceeding 23-06013;

(4) Debtors' Amended Plan ignores pending criminal investigations;

(5) Debtors' Amended Plan continues an unreasonable lifestyle, while failing to fairly

address the outstanding claims;

In support of her objection, Terry Lynn further states the following:

<u>JURISDICTION AND VENUE</u>

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory predicates for this motion are §§ 105(a), 1129, 1181, and 1191 of the Bankruptcy Code.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

<u>BACKGROUND</u>

5. The Virginia Online Case Information System for the City of Charlottesville, Virginia indicates that on January 23, 2023, Mr. Dobson was arrested. The system further indicates that he has been charged with multiple counts of construction fraud. Currently, there are hearing dates set in August and September of 2023.

6. The Albemarle County Police Department has advised Ms. Lynn that there are forthcoming criminal charges in Albemarle County.

7. The Balance of Schedules from the Debtors fail to:

(a) Disclose on the Statement of Financial Affairs Mr. Dobson's or Mrs. Dobson's interests in Dobson & Associates, LLC, Dobson Services, Inc. and Corner Stone Foundations and Excavating, LLC.

(b) Disclose on the Statement of Financial Affairs the criminal prosecution of Mr. Dobson for construction fraud pending in the Charlottesville, Virginia General District Court.

(c) List known debts but instead lists "Unknown" claims. Upon information and belief, the Debtors have sufficient information in their possession, custody, or control to disclose

the full amounts of these claims.

(d) Terry Lynn by this reference incorporates the Motion to Convert filed by the U.S. Trustee [Document Number 110]. The U.S. Trustee's Motion to Convert reflects the Debtors' failure to comply with the Bankruptcy Court's disclosure requirements; the Debtors' dissemination of misinformation; the unlikelihood of this Amended Plan being implemented; and the Debtors' gross mismanagement of funds.

NON-DISCHARGEABLE DEBT

8. The Bankruptcy Code provides that confirmation of a plan does not discharge an individual debtor from a debt found to be nondischargeable, 11 U.S.C. § 1141(d)(2). Terry Lynn has filed an adversary proceeding asserting her claim is non-dischargeable (Case No.: 23-06013).

9. As drafted, Debtors' Amended Plan would discharge debts that are non-dischargeable.

NO MEANS TO IMPLEMENT

10. The Amended Plan fails to set forth a reasonable or adequate means for implementation. U.S.C. § 1123(a)(5).

11. Rather than plan for the sale of the Debtors' house and a commitment of the non-exempt proceeds to the payment of the creditors, the Amended Plan is based on the Debtors' speculative future income and payments to be received from an employer formed the day prior to the filing of the Amended Plan. In this case, the Amended Plan states, "[r]ecently…the Debtors have taken new positions with Corner Stone Foundations and Excavating, LLC" to become "wage employees with the opportunity for bonuses and/or profit sharing" in order to "reduce[] the downside risks to the Debtors' income…"

12. In addition, the Amended Plan indicates the Debtors will be receiving significant amounts from "Signature Design & Consulting." Signature is purportedly, the "Debtors' new

business operations initiated post-petition handling design-build consulting work". The Amended Plan gives no detailed information, however, on the operations of the business, whether it has any clients that are not Sam Craig's clients, how the money will be managed, a business plan, profit margin, or any other meaningful information to allow the creditors to assess the likelihood that the Debtors' income from this business will be as projected. With criminal charges and this bankruptcy pending, it is highly questionable that clients or suppliers would be willing to take the risk of working with a new company formed by Debtors.

13. The Amended Plan fails to disclose that Mr. Dobson is being criminally prosecuted or explain how those proceedings might impact the Debtors' ability to fund the Amended Plan.

14. The monthly reports from Debtors reflects an ongoing inability to manage finances and overspending. In that regard, the monthly statements reflect close to or negative balances. There is nothing to support a claim that this situation will change. The means of implementing the Amended Plan is, at best, speculative.

15. The Debtors have not been able to satisfy their financial obligations post-petition, and it appears unlikely they will be able to put their finances back in good conditions as they continue to live beyond their means and have not made serious efforts during this case to tighten their financial belt.

16. The debtors also appear to be mismanaging the estate by failing to seek the employment of professionals that would enable them to, for example, file their tax returns and, possibly, determine certain liabilities and potentially offset some of the potentially large priority tax liabilities. Rather, it appears that they have accounting professionals working on other matters without seeking court approval.

17. The Debtors have repeatedly violated the Escrow Order.

18. The Debtors have repeatedly filed operating reports signed under penalty of perjury that contain inaccurate information and obfuscate their true financial condition.

19. The Debtors appear unwilling to satisfy their fiduciary duties. Rather, the Debtors have been less than forthcoming regarding their financial affairs and matters affecting such affairs, filed a speculative plan on June 2, 2023, projecting a rosy outlook while failing to disclose pertinent information such as, but not limited to, their inability to even timely pay the Escrow Payment, failed to timely produce reasonably requested information related to the Debtors' ability to find a plan, filed an amended plan containing inaccurate information in the supporting financial projection, and appear to be generally unwilling to propose to pay back to their creditors what they might be able to if they acted in their creditors' best interests.

FAILURE TO MAKE PAYMENTS

20. The Amended Plan does not provide appropriate remedies in the event payments are not made.

21. Under the terms of the Amended Plan, the Debtors retain their property, such as the Debtors' house, and the creditors will receive little, if anything, because the Debtors will be unable to make the payments called for by the Amended Plan. The provisions regarding sale of the house are less than adequate.

*11 U.S.C. § 1129(a)(3)*

22. A plan must be proposed in good faith. 11 U.S.C. § 1129(a)(3).

23. The issues noted above indicate the Amended Plan has not been proposed in good faith.

24. A plan that proposes the continued maintenance of an extravagant lifestyle while paying a pittance to the creditors is a plan proposed in bad faith. *In re Osborne*, 2013 Bankr. LEXIS

2203 **28-29 (Bankr. E.D.N.C. May 30, 2013); *In re Weber*, 209 B.R. 793, 800 (Bankr. Mass. 1997).

25. The Amended Plan allows Debtors to continue living in a million-dollar home, spend Three-Thousand dollars ($3,000.00) a month on eating out, groceries and alcohol, and at the same time, avoid paying back funds obtained through fraud.

26. If the Debtors wanted to make a meaningful distribution to their creditors, they could propose one. The Amended Plan demonstrates they have no desire to meet their obligations and pay their debts.

COMPLIANCE WITH BANKRUPTCY DISCLOSURE MANDATES

27. The Court should require Debtors to comply with 11 U.S.C. § 1125 to address the Debtors' conduct in this case. From the outset of this case, the Debtors have failed to disclose adequate information to the parties in interest. First, despite receiving additional time to file their schedules, the Debtors listed many of the claims as unknown or as contingent unliquidated. Thereafter, the Debtors have failed to take appropriate measures to determine the amounts of the claims of their creditors and amend the schedules. Amongst other omissions, Debtors have failed to list assets in storage units for which they pay monthly rent.

28. The Balance of Schedules contained certain inaccuracies. By way of example and not in limitation, the Balance of Scheduled: did not disclose on Schedule E/F the claim of Atlantic Union Bank evidenced by proof of claim #45; did not disclose on the Statement of Financial Affairs Mr. Dobson's or Mrs. Dobson's interests in Dobson & Associates, LLC and Dobson Services, Inc.; and did not disclose on the Statement of Financial Affairs the criminal prosecution of Mr. Dobson for construction fraud pending in the Charlottesville, Virginia General District Court.

WHEREFORE, Terry Lynn, by counsel, objects to confirmation of the Amended Plan and moves the Court to apply 11 U.S.C. § 1125 to this case.

                                                          RESPECTFULLY SUBMITTED,

                                                          TERRY LYNN

                                                          BY COUNSEL

*/s/ Terry Lynn, Esq* _____
Terry Lynn, Esq. (VSB No. 39926)
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive
PO Box 374
Earlysville, VA 22936
Phone: (434) 964-9152
Fax: (434) 964-9275

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE that unless an order is entered prior to the hearing, the hearing on the confirmation of the Amended Plan is set for August 17, 2023, beginning at 11:00a.m. in the United Stated Court for the Western District of Virginia via Zoom (httpa://vawb-uscourtsgov.zoomgov.com/j/1603692643. The Zoom Meeting ID is: 160 369 2643).

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2023, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including Debtors' counsel.

*/s/ Terry Lynn, Esq.*
 Terry Lynn, Esq. (VSB # 39926)
 Law Offices of Terry Lynn PLLC
 695 Bent Oaks Drive
 P.O. Box 374
 Earlysville, Virginia 22936
 Phone: (434) 964-9152
 Fax:    (434) 964-9275
 E-mail:  terry@terrylynnlaw.com

M:\Lynn v. Tommy & Christine Dobson Bankruptcy\Objection to Amended Debtors' Plan 08.08.23.doc