**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TOMMY DEWAYNE DOBSON, and | ) | Chapter 11 |
| ANNE CHRISTINE DOBSON, | ) | Case No. 23-60148 |
| | ) | |
| Debtors. | ) | |

-----------------------------------------------------------------

| | |
|---|---|
| GERARD R. VETTER, | ) |
| Acting United States Trustee For Region Four, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| TOMMY DEWAYNE DOBSON, and | ) |
| ANNE CHRISTINE DOBSON, | ) |
| | ) |
| Respondents. | ) |

-----------------------------------------------------------------

**DEBTORS' OPPOSITION TO THE**
**UNITED STATES TRUSTEE'S MOTION TO CONVERT**

COME NOW, Tommy Dewayne Dobson and Anne Christine Dobson, the above-captioned debtors and debtors-in-possession (the "Debtors"), to offer unto the Court this, their opposition to the motion to convert (the "Motion") filed by the United States Trustee (the "UST"), and in support state as follows.

**1.** The Debtors dispute that the allegations of the UST rise to the level of "cause" to convert the Debtors' case. The Debtors, in fact, dispute the accuracy and characterization of many of the UST allegations.

**2.** The Debtors have fulfilled the duties of debtors in possession, including but by no means limited to, providing requested information, attending required meetings and hearings,

completing and filing schedules and statements, regularly communicating with and cooperating with the Subchapter V Trustee and the UST, and proposing, negotiating and filing plans of reorganization in a good faith effort to repay their creditors.

3.  The Debtors have responded to all information and document requests of the UST, whether served upon them under the rules of discovery or by simple request.

4.  The Debtors negotiated in good faith with the UST in an effort to resolve its first objection plan and motion to require a disclosure statement under § 1125, which resulted in an amended plan (the "First Amended Plan") with changes and disclosures made at the specific request of the UST.

5.  The UST filed an objection to the Debtors' First Amended Plan, and the Debtors are in the process of finalizing a Second Amended Plan to attempt, in good faith, to resolve certain of the concerns raised by the UST.

6.  The Debtors are current in the payment of their Subchapter V Trustee payments required under the Court's February 9, 2023, Order.

7.  The Debtors have complied with the rules related to employing professionals. The Debtors have filed an application to employ an accountant (which has also been objected to by the UST) so that they may timely file their tax returns and they intend to supplement that application to address in good faith and hopefully resolve the objection that the UST has filed to that pleading.

8.  The Debtors have worked with the IRS to ensure they have copies of all returns so that their estimated claim may be determined and amended.

9.  The Debtors have worked diligently to develop income and a business in order to pay back their creditors and have prepared and filed in good faith plans that will, in fact, pay a

significant amount to their creditors.

10. The Debtors, through counsel, have responded to all inquiries of creditors and communicated regularly with any known counsel for the creditors in an effort to resolve concerns and attempt to negotiate plans that may be acceptable to the creditors.

11. The Debtors have filed all monthly reports to the best of their ability and responded to any questions of the UST, its auditor, and any party related to the same.

12. The Debtors dispute the characterizations of the UST that suggest that they are unwilling to fulfill their fiduciary duties, living above their means, mismanaging the estate, failing to provide accurate information, and unwilling to propose to pay back to their creditors what they might be able to if they acted in their creditors' best interests. The Debtors, in fact, submit that just the opposite is true. They have taken their roles in this case seriously and endeavored to take all necessary actions to follow the rules of the Court and all statutory requirements, to proceed at all times with the candor and openness that the process mandates, and to address their debts in an honest, fair and appropriate manner within the bankruptcy system.

13. Notwithstanding the Debtors' assertions to the contrary, even if all allegations of the UST were to be taken as true, such allegations do <u>not</u> rise to the level of "cause" required for the conversion of the case under § 1112(b). Further, conversion of this case is not in the best interests of the creditors and the estate. There is, in fact, a strong likelihood that a plan will be confirmed timely in this case as the Debtors have proposed a plan that they submit complies with the cramdown provisions of § 1191(b), and such plan will distribute significant funds to creditors, far in excess of what creditors would otherwise receive in a chapter 7 liquidation.

14. Cause does not exist under the stringent tests for conversion to deny these Debtors

the opportunity to restructure for the benefit of their creditors and the parties-in-interests.

15. To the extent that the Debtors have made any missteps in their case, they have cured or will cure the same, or such errors may be explained, and the Debtors request to be heard on the same.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that (1) they be heard in their defense to the Motion to Convert, (2) that the Court dismiss the Motion to Convert, and (3) that the Court grant such other relief as is just and proper and that the Court may deem appropriate in this case.

September 11, 2023                    TOMMY DEWAYNE DOBSON
                                      ANNE CHRISTINE DOBSON
                                       By Counsel

/s/ David Cox
David Cox, (VSB #38670)
david@coxlawgroup.com
COX LAW GROUP, PLLC
900 Lakeside Drive, Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)

Counsel for the Debtors and Debtors in Possession

CERTIFICATE OF SERVICE

I certify that on September 11, 2023, I electronically filed the foregoing pleading with the United States Bankruptcy Court for the Western District of Virginia, causing a copy to be served upon all parties receiving electronic notice, and I caused a copy to be served by first class mail to the Debtors.

/s/ David Cox