**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **TOMMY DEWAYNE DOBSON** | ) | Chapter 11 |
| **ANNE CHRISTINE DOBSON**, | ) | Case No. 23-60148 |
| 91 Beaver Dam Court | ) | |
| Keswick, VA 22947 | ) | |
| xxx-xx-7152 | ) | |
| xxx-xx-6517 | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| **TOMMY DEWAYNE DOBSON** | ) | |
| **ANNE CHRISTINE DOBSON**, | ) | |
| | ) | |
| Debtors/Objecting Party, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Roy Whitley** | ) | |
| **and** | ) | |
| **Mary Whitley,** | ) | |
| | ) | |
| Claimants/Respondents. | ) | |

**NOTICE OF OBJECTION TO CLAIM NUMBER 31-2,**
**HEARING ON OBJECTION TO CLAIM, & DEADLINE TO FILE A RESPONSE**

   **Tommy Dewayne Dobson and Anne Christine Dobson** have filed an objection to your claim in this bankruptcy case.

   **Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

   If you do not want the court to eliminate or change your claim, then on or before **October 26, 2023**, you or your lawyer must:

File with the court a written response to the objection, explaining your position, at:

U. S. Bankruptcy Court
210 Church Ave.
Room 200
Roanoke, VA 24011

1

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also send a copy to: David Cox, Cox Law Group, PLLC, 900 Lakeside Drive, Lynchburg VA 24501

Attend the hearing on the objection, scheduled to be held on **November 2, 2023, at 11:00 am**, by Zoom video conferencing.  All parties connect using video conference instructions on the court website. The Zoom URL is: https://vawb-uscourtsgov.zoomgov.com/j/1603692643. The Zoom Meeting ID is: 160 369 2643.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Date: October 2, 2023

Prepared by:

/s/ David Cox
David Cox, Counsel for Debtors
Cox Law Group, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
David@coxlawgroup.com
434-845-2600

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: )<br>)<br>**TOMMY DEWAYNE DOBSON**  )<br>**ANNE CHRISTINE DOBSON**, )<br>91 Beaver Dam Court )<br>Keswick, VA 22947 )<br>xxx-xx-7152 )<br>xxx-xx-6517 )<br>)<br>Debtors. )<br>_____)<br>)<br>**TOMMY DEWAYNE DOBSON** )<br>**ANNE CHRISTINE DOBSON**, )<br>)<br>Debtors/Objecting Party, )<br>)<br>v. )<br>)<br>**Roy Whitley** )<br>**and** )<br>**Mary Whitley,** )<br>)<br>Claimants/Respondents. )<br>_____) | Chapter 11<br>Case No. 23-60148 |

### OBJECTION TO CLAIM NUMBER 31-2

Tommy Dewayne Dobson and Anne Christine Dobson, the debtors and debtors-in-possession in the above captioned Case (the "Debtors"), for their objection (the "Objection") to Proof of Claim No. 31-2, filed by Roy Whitley and Mary Whitley (the "Claimants"), state as follows:

**Procedural Background & Jurisdiction**

1. The Debtors filed a voluntary petition under Subchapter V of Chapter 11, Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western

3

District of Virginia (the "Court") on February 7, 2023, commencing the captioned case (the "Case").

2.  The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  William E. Callahan, Jr., was appointed and continues to serve as the subchapter V Trustee in this case.

4.  The Court has jurisdiction over this Case and this objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Case and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## The Objection to the Claim

5.  On April 19, 2023, the Claimants filed an amended proof of claim in the Case that was designated by the Court as Proof of Claim No. 31-2 (the "Proof of Claim").

6.  The Proof of Claim indicates that the Claimants assert a total claim against the Debtors of $608,437.40 in Part 1, Number 7 of Official Form 410.

7.  In Part 1, Number 12 of Official Form 410, the Claimants assert that a portion of their total claim is entitled to priority under 11 U.S.C. § 507(a)(7) in the amount of $3350.00 (the "Priority Portion").

8.  The Debtors object to the allowance of the Priority Portion of the Proof of Claim on the following grounds:

    a.  Only individuals with a claim "arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals,

4

that were not delivered or provided" qualify for a priority claim under 11 U.S.C. § 507(a)(7).

b. The Claimants in this case appear to be asserting entitlement to a priority claim under 11 U.S.C. § 507(a)(7) based on a deposit paid to Dobson Homes, Inc. ("DHI"), the corporation owned by Mr. Dobson.

c. Included with the attachments to the Proof of Claim is a document that references a deposit paid to DHI and a copy of the Claimants' agreement with DHI that references the payment of a deposit to DHI.

d. DHI filed a chapter 7 bankruptcy on February 10, 2023, (the "Corporate Case") that remains pending at the time of this Objection.

e. The Debtors dispute that they received in their individual capacities any deposit from the Claimants of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

f. If the deposit paid by Claimants to DHI meets the requirements of 11 U.S.C. § 507(a)(7), a limited priority claim *may be appropriate in the Corporate Case* but it should not be allowed in the chapter 11 case of the Debtors as individuals.

g. Pursuant to 11 U.S.C. § 502(b)(1) a claim may be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured...."

h. The deposit of the Claimants was not paid to the Debtors. Any alleged priority claim of the Claimants based on or for the return, in part, of that deposit should not be paid

5

from estate of these Debtors because it is not an obligation of the Debtors and is not enforceable against the Debtors or against any property of the Debtors.

   i. Put simply, the Priority Portion of the Proof of Claim should be disallowed because it is asserted against the wrong party.

9. For the reasons set forth in this Objection, the Priority Portion of the Proof of Claim should be disallowed as priority claim. The Debtors are not otherwise seeking by this Objection the disallowance of the Proof of Claim as an unsecured claim but they reserve all rights with respect to filing further objections in that regard should such action be appropriate.

**Notice & Deadline to Object**

10. The Debtors have given notice of this Objection to the Claimants and of the deadline by which the Claimants must file any response in opposition to the Debtors' Objection to the Priority Portion of the Proof of Claim, as reflected in the Notice of Objection to Claim, Deadline to Respond to the Objection and Notice of Hearing (the "Notice") filed with the Court. Such Notice fully complies with Federal Rules of Bankruptcy Procedure 3007 and Local Rule 9013-1(M), made applicable to this Objection pursuant to Federal Rule of Bankruptcy Procedure 9007. The Notice is sufficient to provide adequate notice of the Objection, the deadline to respond, and the notice of any hearing to be held to the Claimants. In the event there is no response to the Objection filed with the Court by the deadline set forth in the Notice, the Debtors request that the Court enter an order granting the relief requested in the Objection and such other relief as the Court may deem proper and just.

WHEREFORE, the Debtors move the Court to enter an order:

A. Sustaining the Objection;

B. Disallowing the Priority Portion of the Proof of Claim as a priority claim;

    C.  Preserving the rights of the Debtors to raise any other appropriate objection to the Proof of Claim;

    D.  Granting such other and further relief as the Court may deem just and proper; and

    E.  In the event there is no response to the Objection timely filed by the deadline to do so, cancelling the hearing on the Objection and granting the relief requested herein without a hearing.

Dated: October 2, 2023                              Respectfully Submitted,

                                                      **TOMMY DEWAYNE DOBSON**
                                                      **ANNE CHRISTINE DOBSON**

                                                      By Counsel

By: /s/ David Cox
David Cox (VSB #38670)
david@coxlawgroup.com
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Counsel for the Debtors

                                              Certificate of Service

I caused the attached pleadings to be filed with the Court and mailed to the following parties by first class, postage prepaid mail on October 2, 2023.

| Roy Whitley | Roy Whitley |
|---|---|
| PO Box 488 | 1775 Frays Ridge Xing |
| Corolla, NC 27929 | Earlysville, VA 22936 |
| | |
| Mary Whitley | Mary Whitley |
| PO Box 488 | 1775 Frays Ridge Xing |
| Corolla, NC 27929 | Earlysville, VA 22936 |

                                                      /s/ David Cox