# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TOMMY DEWAYNE DOBSON, ) | Case No.: 23-60148 |
| ) | |
| and ) | |
| ) | |
| ANNE CHRISTINE DOBSON, ) | Chapter 11 |
| ) | |
| Debtors. ) | |

## TERRY LYNN'S OBJECTION TO CONFIRMATION OF THE DEBTORS' SECOND AMENDED PLAN

Now comes Terry Lynn, by counsel and objects to confirmation of the Second Amended Chapter 11 plan [Docket No. 129] (the "Second Amended Plan") filed on behalf of Tommy D. Dobson ("Mr. Dobson") and Anne C. Dobson (Mrs. Dobson") (collectively Mr. Dobson and Mrs. Dobson are the "Debtors"). The basis of Terry Lynn's objection is as follows:

(1) The Second Amended Plan is unconfirmable under 11 U.S.C. §§ 1129(a) and 1191(a) because, amongst other things, the Debtors' own projections and their monthly reports demonstrate they will be unable to make the payments called for in the Second Amended Plan;

(2) The Second Amended Plan is not fair and equitable under 11 U.S.C. § 1191(b), because the Debtors intend to continue living beyond their means and paying unreasonable expenses to the detriment of their creditors;

(3) The claim of Terry Lynn is non-dischargeable as set forth in Adversary Proceeding 23-06013;

(4) Debtors' Second Amended Plan ignores pending criminal investigations;

(5) Debtors' Second Amended Plan continues an unreasonable lifestyle, allows debtors

to postpone sale of the house to a period that is beyond when payments should be made while failing to fairly address the outstanding claims;

(6) The Second Amended Plan fails to place guidelines regarding the sale of the house, allowing debtors to overprice and prevent the sale. The sale of the house should be immediate with parameters set.

In support of her objection, Terry Lynn further states the following:

JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory predicates for this motion are §§ 105(a), 1129, 1181, and 1191 of the Bankruptcy Code.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

BACKGROUND

5. The Virginia Online Case Information System for the City of Charlottesville, Virginia indicates that on January 20, 2023, Mr. Dobson was arrested. The system further indicates that he has been charged with multiple counts of construction fraud. Currently, the criminal hearing is scheduled for November of 2023.

6. The Albemarle County Police Department has advised Ms. Lynn that there are forthcoming criminal charges in Albemarle County.

7. The Balance of Schedules from the Debtors fail to:

(a) Disclose the debtors are working for Corner Stone Foundations and Excavating, LLC., which does not have a license and is operating in violation of the DPOR.

(b) Disclose on the Statement of Financial Affairs the criminal prosecution of Mr.

Dobson for construction fraud pending in the Charlottesville, Virginia General District Court.

(c) List known debts but instead lists "Unknown" claims. Upon information and belief, the Debtors have sufficient information in their possession, custody, or control to disclose the full amounts of these claims.

(d) Fails to explain how the debtors will make the payments when for the last six months their lifestyle expenses have resulted in negative balance sheets and unpaid bills.

NON-DISCHARGEABLE DEBT

8. The Bankruptcy Code provides that confirmation of a plan does not discharge an individual debtor from a debt found to be nondischargeable, 11 U.S.C. § 1141(d)(2). Terry Lynn has filed an adversary proceeding asserting her claim is non-dischargeable (Case No.: 23-06013).

9. As drafted, Debtors' Second Amended Plan would discharge debts that are non-dischargeable.

NO MEANS TO IMPLEMENT

10. The Second Amended Plan fails to set forth a reasonable or adequate means for implementation. U.S.C. § 1123(a)(5).

11. Rather than plan for the immediate sale of the Debtors' house and a commitment of the non-exempt proceeds to the payment of the creditors, the Second Amended Plan is based on the Debtors' speculative future income and payments to be received from an unlicensed company.

12. The Second Amended Plan fails to disclose that Mr. Dobson is being criminally prosecuted or explain how those proceedings might impact the Debtors' ability to fund the Second Amended Plan.

13. The monthly reports from Debtors reflects an ongoing inability to manage finances and

overspending. In that regard, the last 6 months of statements reflect close to or negative balances. There is nothing to support a claim that this situation will change. The means of implementing the Second Amended Plan is, at best, speculative.

14. The Debtors have not been able to satisfy their financial obligations post-petition, and it appears unlikely they will be able to put their finances back in good condition as they continue to live beyond their means and have not made serious efforts during this case to tighten their financial belt.

FAILURE TO MAKE PAYMENTS

15. The Second Amended Plan does not provide appropriate remedies in the event payments are not made.

16. Under the terms of the Second Amended Plan, the Debtors retain their real estate for pretty much the entirety of the bankruptcy and then suggest they will sell the same without listing any parameters. The provisions regarding sale of the house are less than adequate.

17. Under the Second Amended Plan, the Debtors will be unable to make the payments called for by the Second Amended Plan.

*11 U.S.C. § 1129(a)(3)*

18. A plan must be proposed in good faith. 11 U.S.C. § 1129(a)(3).

19. The issues noted above indicate the Second Amended Plan has not been proposed in good faith.

20. A plan that proposes the continued maintenance of an extravagant lifestyle while paying a pittance to the creditors is a plan proposed in bad faith. In re Osborne, 2013 Bankr. LEXIS 2203 **28-29 (Bankr. E.D.N.C. May 30, 2013); In re Weber, 209 B.R. 793, 800 (Bankr. Mass. 1997).

4

21. The Second Amended Plan allows Debtors to continue living in a million-dollar home, spend Three-Thousand dollars ($3,000.00) a month on eating out, groceries and alcohol, and at the same time, avoid paying back funds obtained through fraud.

22. If the Debtors wanted to make a meaningful distribution to their creditors, they could propose one. The Second Amended Plan demonstrates they have no desire to meet their obligations and pay their debts.

COMPLIANCE WITH BANKRUPTCY DISCLOSURE MANDATES

23. The Court should require Debtors to comply with 11 U.S.C. § 1125 to address the Debtors' conduct in this case. From the outset of this case, the Debtors have failed to disclose adequate information to the parties in interest. First, despite receiving additional time to file their schedules, the Debtors listed many of the claims as unknown or as contingent unliquidated. Thereafter, the Debtors have failed to take appropriate measures to determine the amounts of the claims of their creditors and amend the schedules. Amongst other omissions, Debtors have failed to list assets in storage units for which they pay monthly rent.

WHEREFORE, Terry Lynn, by counsel, objects to confirmation of the Second Amended Plan and moves the Court to apply 11 U.S.C. § 1125 to this case.

RESPECTFULLY SUBMITTED,

TERRY LYNN

BY COUNSEL

*/s/ Terry Lynn, Esq* _____
Terry Lynn, Esq. (VSB No. 39926)
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive
PO Box 374
Earlysville, VA 22936
Phone: (434) 964-9152
Fax: (434) 964-9275

5

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE that unless an order is entered prior to the hearing, the hearing on the confirmation of the Second Amended Plan is set for October 19, 2023, beginning at 2:00p.m. in the United Stated Court for the Western District of Virginia via Zoom (httpa://vawb-uscourtsgov.zoomgov.com/j/1603692643. The Zoom Meeting ID is: 160 369 2643).

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October 2023, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including Debtors' counsel.

*/s/ Terry Lynn, Esq.*
Terry Lynn, Esq. (VSB # 39926)
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive
P.O. Box 374
Earlysville, Virginia 22936
Phone: (434) 964-9152
Fax:    (434) 964-9275
E-mail:  terry@terrylynnlaw.com

M:\Lynn v. Tommy & Christine Dobson Bankruptcy\Objection to Second Amended Debtors' Plan 10.10.23.docx