UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | Chapter 11 |
| ANNE CHRISTINE DOBSON, | ) | |
| 91 Beaver Dam Court | ) | Case No. 23-60148 |
| Keswick, VA 22947 | ) | |
| xxx-xx-7152 | ) | |
| xxx-xx-6517 | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | |
| ANNE CHRISTINE DOBSON, | ) | |
| | ) | |
| Debtors/Objecting Party, | ) | |
| v. | ) | |
| | ) | |
| THOMAS DALY and | ) | |
| SALLY DALY, | ) | |
| | ) | |
| Claimants/Respondents. | ) | |

## RESPONSE BY THOMAS AND SALLY DALY TO OBJECTION TO CLAIM NO. 28

Thomas and Sally Daly (the "Dalys") respond to the Debtor's objection to their priority claim as follows:

1. The Dalys paid $240,00.00 as a deposit for their contract with the Debtor's company, Dobson Homes, Inc., for the purchase of materials and eventual construction of a new house.

2. The Debtors acknowledge that the Dalys' payment was a deposit, the Debtors object to this claim because they assert that the deposit was not made to them individually, but rather to their company, Dobson Homes, Inc.

3. Throughout this case, there has been considerable speculation and allegations made as the way that the Dobsons and Dobson Homes, Inc. treated deposits, payments to the company, and whether those funds were properly accounted for, spent, and/or commingled.

4. While the Dalys acknowledge that they made their deposit check payable to Dobson Homes, Inc., they assert that the facts surrounding the way that the Debtors conducted their business leaves the Debtors in a position where they are unable to distinguish whether the deposit was made to their wholly owned corporation or to them individually.

5. To date, creditors have filed 49 claims totaling $11,594,718.65 in the Dobsons' individual case. Subtracting the secured and priority claims, $10,221,11.48 of unsecured claims have been filed in this case.

6. The significant majority of the over $10 million in unsecured claims were filed by creditors similar to the Dalys, who made deposits with Dobson Homes/the Debtors.

7. Other than objections to claims that asserted priority status, the Debtors have not objected to other claims in this case.

8. The Debtors' chapter 11 plan appears to recognize the creditors whose claims arose from construction deposits to Dobson Homes, Inc. as allowed claims in the case. The Debtor has filed its ballot summary including ballots from creditors who filed claims no. 10, 20, 21, 22, 23, 24, 26, 31, 33, 38 and 43. All of those ballots appear to be from creditors whose claims arise from construction deposits to Dobson Homes, Inc./the Debtors.

9. The Debtors' objection to the priority status of the Dalys claim is therefore contradictory. The Debtors acknowledge that the creditors that filed unsecured claims against the Debtors for their construction deposits have allowed claims. The Debtors further acknowledge, in their objection, that the payment made by the Dalys was in the nature of a deposit as contemplated by §507(a)(7) of the Bankruptcy Code.

10. If the Dalys' claim, along with the other construction deposit claims filed in the personal case are not objectionable as unsecured claims, and if the Debtors acknowledges that the Dalys' claim does in fact represent a deposit as contemplated by §507(a)(7), it is only logical that the Dalys' claim should be afforded the priority status set out in §507(a)(7). To suggest that it allowed as only a unsecured claim is not supportable by logic or law.

WHEREFORE, Thomas and Sally Daly, by counsel, respond to the objection to their claim number 28, ask the court to overrule the objection and for such other relief as the Court deems appropriate.

Date: October 26, 2023                                          Respectfully submitted,

                                                                THOMAS DALY
                                                                SALLY DALY

                                                                By: /s/ Andrew S. Goldstein
                                                                        Of Counsel

Magee Goldstein Lasky & Sayers, PC
Andrew S. Goldstein, Esq. (VSB #28421)
Magee Goldstein Lasky & Sayers, P.C.
PO Box 404
Roanoke, VA  24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
E-mail: agoldstein@mglspc.com

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2023, I caused the foregoing to be electronically filed with the United States Bankruptcy Court thereby causing electronic notice upon the United States Trustee and all registered users of CM/ECF that have appeared in this case.

/s/ Andrew S. Goldstein
Andrew S. Goldstein