## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## Lynchburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11, Subchapter V |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | Case No. **23-60148** |
| and | ) | |
| ANNE CHRISTINE DOBSON, | ) | |
| | ) | |
| Debtors. | ) | |

### SUBCHAPTER V TRUSTEE'S STATEMENT IN SUPPORT OF CONFIRMATION OF THE DEBTORS' SECOND AMENDED CHAPTER 11 PLAN

William E. Callahan, Jr., the Subchapter V Trustee in the above-captioned case (the "Trustee"), for his statement in support of confirmation of the Debtors' Second Amended Chapter 11 Plan (the "Plan") and response to objections to confirmation, states as follows:

1. The Trustee has reviewed the Plan and believes that the Plan may be confirmed by the Court under section 1191(b) of the Bankruptcy Code.

2. Based on discussions with counsel for the Debtors, the Debtors can adequately show that the Plan is feasible. The Plan represents a significant effort by the Debtors to maximize the amount that they pay to the creditors who have filed claims in the Case and to ensure that those payments are made. Specifically, Article I of the Plan provides for payments to creditors through both monthly payments from the income earned by Mr. Dobson and a lump sum payment from the proceeds of the sale of the Debtors' principal residence in an amount that includes all monthly payments not otherwise made by the Debtors income. The feasibility of the Plan is bolstered by the provisions of Article VIII of the Plan, which provides a remedy to creditors in the event the Debtors default on their obligations due under the Plan.

3.  The feasibility of the Plan is bolstered by the Debtors' election to seek confirmation of the Plan under section 1191(b), thereby causing the Trustee remain in his position to oversee the consummation and execution of the Plan.

4.  Confirmation of the Plan is in the best interests of the creditors in the Case when compared to the alternatives available to the Debtors. The conversion of the Case to a regular Chapter 11 case would likely increase the administrative expenses of the Case by adding the need for approval of a disclosure statement and the potential for a committee of unsecured creditors. Similarly, the conversion of the Case would likely increase the administrative expenses of the Case from the commission of the Chapter 7 Trustee and the compensation of the professionals employed by Chapter 7 Trustee while eliminating the Debtors' income as a source of payment to the creditors. The dismissal of the Case would result in the proverbial "race to the courthouse" by their creditors and the delays and risks arising from state court litigation.

5.  It is relevant to both the confirmation of the Plan and its alternatives that, with the exceptions of claims arising primarily from guarantees personally given by the Dobsons to suppliers of goods and services to Dobson Homes, Inc., there are no claims that can be made against the Dobsons without further litigation by the holders of those claims to pierce the corporate veil. In order for any of the creditors whose claim arise from a contract with Dobson Homes, Inc. to seek to assert a claim against either or both of the Dobsons personally, that creditor must first obtain a judgment against Dobson Homes, Inc. *See, Dana v. 313 Freemason, A Condo Ass'n.*, 266 Va. 491, 499 (2003); *Bennett v. Garner*, 913 F.3d 436, 443 (4th Cir. 2019).

6.  The Dobsons, rather than expending their assets and income and depleting resources of the estate objecting to the general unsecured claims filed against them personally and defending actions in both Virginia courts and this Court seeking the piercing of the corporate veil

of Dobson Homes, Inc., have chosen to offer their income and the proceeds of the sale of their home in order to remedy the damages arising from the failure of Dobson Homes, Inc. to the extent they are able. The Plan is clear evidence of the Debtors' good faith efforts.

6.   Given the alternatives to the Plan and the good faith of the Debtors in proposing the Plan, the Trustee believes that it is in the best interests of the Debtors and their creditors for the Court to confirm the Plan.

WHEREFORE, the Trustee supports the Court's confirmation of the Plan and the Court's grant of such other and further relief as is just.

Respectfully submitted,

/s/ William E. Callahan, Jr., Trustee
William E. Callahan, Jr., Subchapter V Trustee
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Email:  callahan@gentrylocke.com

Trustee For Tommy D. Dobson & Anne C. Dobson

## Certificate of Service

   I hereby certify that on October 30, 2023 I filed the Subchapter V Trustee's Statement in Support of Confirmation of Debtors' Second Amended Chapter 11 Plan by the Court's CM/ECF filing system, causing service of the pleading on counsel for the Debtor, the United States Trustee and all other parties requesting electronic notice in the Case and on the same date, served a copy of the pleading on Joel W Charboneau (joel.charboneau@usdoj.gov) and on Terry Lynn (terry@terrylynnlaw.com).

                 /s/ William E. Callahan, Jr.
                  William E. Callahan, Jr.