UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11, Subchapter V |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | Case No. **23-60148** |
| and | ) | |
| ANNE CHRISTINE DOBSON, | ) | |
| | ) | |
| Debtors. | ) | |

**SUBCHAPTER V TRUSTEE'S FIRST INTERIM APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
PURSUANT TO 11 U.S.C. § 330(a) AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2016(a) AND REQUEST FOR RELATED RELIEF**

William E. Callahan, Jr., Subchapter V Trustee (the "Trustee"), for his first and final application for compensation and expenses (the "First Interim Application") pursuant to 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016, requests that the Court approve compensation of the Trustee in the amount of $19,620.00 and reimbursement of actual expenses incurred by the Trustee in the amount of $178.75 on an interim basis and grant related relief, and in support of his request, states as follows:

**Procedural Background**

1.  Tommy D. Dobson and Anne C. Dobson (the "Debtors") filed a voluntary petition under Subchapter V, Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on February 7, 2023, in the United States Bankruptcy Court for the Western District of Virginia (the "Court"), commencing the above-captioned case (the "Case").

2.  The Trustee was appointed the Subchapter V Trustee in the Case by the United States Trustee on February 8, 2023, pursuant to section 1183(a) of the Bankruptcy Code and will

1

continue to serve in that capacity in the Case until substantial consummation of the plan confirmed in the Case.

### Request for Approval of Compensation and Reimbursement of Expenses

3. Pursuant to section 330(a)(1) and (3) of the Bankruptcy Code, after notice and a hearing, the Court may award a trustee (a) reasonable compensation for actual, necessary services rendered by the trustee and (b) reimbursement of the actual, necessary expenses of a trustee incurred in the performance of his duties in a case.

4. By this First Interim Application, the Trustee requests that the Court approve, on an interim basis, compensation to the Trustee in the amount of $19,620.00 and the reimbursement of expenses in the amount of $178.75 for services provided and expenses incurred by the Trustee in the Case in the performance of his duties. A detailed list of the time expended and the tasks performed by the Trustee and of the expenses incurred by the Trustee in the performance of his duties for which the Trustee seeks reimbursement is attached hereto as **Exhibit A**.

5. The compensation requested by the Trustee in the First Interim Application is reasonable compensation for actual, necessary services rendered by the Trustee and the expenses for which the Trustee requests reimbursement are actual, necessary expenses incurred by the Trustee in the performance of his duties as trustee during the pendency of the Case. Pursuant to section 330(a)(3) of the Bankruptcy Code, in determining the amount of reasonable compensation to be awarded to a trustee, the Court shall consider the nature, the extent, and the value of services rendered, taking into account all relevant factors, including (a) the time spent on such services, (b) the rates charged for such services, (c) whether the services rendered were necessary to the administration of or of benefit at the time at which the service was rendered

toward the completion of the case, (d) whether the services were performed with a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task address, (e) whether the person has demonstrated skill and experience in the bankruptcy field, and (f) whether the compensation is reasonable based on the customary compensation charged by skilled practitioners in cases other than under the Bankruptcy Code. Under these considerations, the compensation is reasonable compensation and the expenses for which reimbursement is requested are actual, necessary expenses incurred by the Trustee in the performance of his duties in this Case. This statement and the information provided in **Exhibit A** hereto fully comply with the requirements set forth in Bankruptcy Rule 2016(a).

6. No previous applications for compensation and reimbursement of expenses have been filed by the Trustee in the Case.

## Notice & Request for Related Relief

7. Notice of the First Interim Application, the amount of compensation and reimbursement of expenses for which the Trustee seeks approval, the date, time and location of the hearing on the First Interim Application, and the deadline by which any party in interest may object to the First and Final Application pursuant to Local Rule 9013-1(M) are set forth in the Notice of Hearing for the First Interim Application, which was filed contemporaneously with the First Interim Application and served with the First Interim Application on the United States Trustee, the Debtors and their counsel, and all creditors and parties in interest in the Case as reflected in the Certificate of Service attached to the Notice.  The notice given fully complies with the applicable provisions of Bankruptcy Rule 2002(a)(6) and (c)(2).  In the event there are no objections to the First Interim Application by the deadline set forth in the Notice, cause will

exist for the grant of the relief requested in the First Interim Application and the cancellation of the hearing on the Application.

    Wherefore, the Trustee respectfully moves the Court to (a) find that the compensation requested by the Trustee in the First Interim Application is reasonable compensation for actual, necessary services rendered by the Trustee and that the expenses for which the Trustee requests reimbursement are actual, necessary expenses incurred by the Trustee in the performance of his duties as trustee during the pendency of the Case (b) grant approval of the First Interim Application and the compensation and reimbursement of expenses of the Trustee requested in the First Interim Application on an interim basis, (c) in the event that there have been no objections to the First Interim Application filed by the deadline to do so, enter an order granting the First Interim Application in the full amounts requested in the First Interim Application and cancelling the hearing on the First Interim Application and (d) grant such other and further relief as the Court deems appropriate.

    Respectfully submitted,

/s/ William E. Callahan, Jr.
William E. Callahan, Jr.,
Subchapter V Trustee
P.O. Box 40013
Roanoke, Virginia 24022-0013
Telephone:  (540) 983-9309
Facsimile:  (540) 983-9400
Email:  callahan@gentrylocke.com