**SIGNED THIS 30th day of November, 2023**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | Case No. **23-60148** |
| And | ) | |
| ANNE CHRISTINE DOBSON, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER GRANTING
TRUSTEE'S FIRST INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. § 330(a) AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(a) AND RELATED RELIEF**

The matter before the Court is the Trustee's First Interim Application for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016(a) (the "Application") [Docket No. 190], filed by William E. Callahan, Jr., Subchapter V Trustee (the "Trustee").

The Court held a hearing on the Application on November 29, 2023 (the "Hearing"). Based on the representations made by the Trustee in the Application and on the Court's judicial notice of matters contained in the record of the Case, the Court finds and concludes that:

1

A. Tommy D. Dobson and Anne C. Dobson (the "Debtors") filed a voluntary petition under Subchapter V, Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on February 7, 2023, in the United States Bankruptcy Court for the Western District of Virginia (the "Court"), commencing the above-captioned case (the "Case").

B. The Trustee was appointed the Subchapter V trustee in the Case by the United States Trustee on February 8, 2023, pursuant to section 1183(a) of the Bankruptcy Code and continued to serve in that capacity in the Case through the confirmation of the Debtor's Subchapter V Plan.

C. Pursuant to section 330(a)(1) and (3) of the Bankruptcy Code, after notice and a hearing, the Court may award a trustee (a) reasonable compensation for actual, necessary services rendered by the trustee and (b) reimbursement of the actual, necessary expenses of a trustee incurred in the performance of his duties in a case.

E. By the Application, the Trustee has requested that the Court approve, on an interim basis, compensation to the Trustee in the amount of $19,620.00 and the reimbursement of expenses in the amount of $178.75 for services provided and expenses incurred by the Trustee in the Case in the performance of his duties. At the Hearing, the Trustee orally amended his request for compensation by $90.00 to $19,530.00 in order to correct an error in Exhibit A to the Application.

F. The compensation requested by the Trustee in the Application, as amended, and approved by this Order is reasonable compensation for actual, necessary services rendered by the Trustee and the expenses for which the Trustee requested reimbursement are actual, necessary expenses incurred by the Trustee in the performance of his duties as trustee during the pendency of the Case. Pursuant to section 330(a)(3) of the Bankruptcy Code, in determining the amount of

2

reasonable compensation to be awarded to a trustee, the Court shall consider the nature, the extent, and the value of services rendered, taking into account all relevant factors, including (a) the time spent on such services, (b) the rates charged for such services, (c) whether the services rendered were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of the Case, (d) whether the services were performed with a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, (e) whether the person has demonstrated skill and experience in the bankruptcy field, and (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than under the Bankruptcy Code.  Under these considerations, the compensation is reasonable compensation and the expenses for which reimbursement is requested are actual, necessary expenses incurred by the Trustee in the performance of his duties in this Case.  The statement time expended and expenses incurred, as provided in the Application fully comply with the requirements set forth in Bankruptcy Rule 2016(a).

   G. No previous applications for compensation and reimbursement of expenses have been filed by the Trustee in the Case.

   H. Notice of the Application, the amount of compensation and reimbursement of expenses requested, the date, time and location of the hearing on the Application and the deadline by which any party in interest may object to the Application pursuant to Local Rule 9013-1(M) were set forth in the Amended Notice of Hearing for the Application, which was filed with the Application and served with the Application on the United States Trustee, the Debtor and his counsel, and all creditors and parties in interest, as reflected in the Certificate of Service

3

attached to the Amended Notice. The notice given fully complies with the applicable provisions of Bankruptcy Rule 2002(a)(6) and (c)(2).

I.   By that certain letter from Thomas E. Rollo and Elizabeth J. Rollo (collectively, the "Rollos"), received by the Court on November 17, 2023, the Rollos objected to the Application on the grounds that the compensation and expenses requested in the Application should only be approved to the extent that the approved compensation and expenses are paid to the same extent as the general unsecured claims (the "Objection"). The Rollos did not appear at the Hearing and have provided no basis on which the Court should sustain the Objection and deny the relief requested in the Application. Cause exist for the Court to overrule the Objection and to grant the relief requested in the Application, as amended by the Trustee at the Hearing.

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED and DECREED that:

1.   The Objection is OVERRULED.

2.   The Application and the relief requested by the Trustee therein, as modified by the Trustee at the hearing, is GRANTED in its entirety. The compensation of the Trustee in the amended amount of $19,530.00 and the reimbursable expenses incurred by the Trustee in the amount of $178.75 are approved. The Debtor is authorized to pay the compensation and expenses approved by this Order in accordance with the provisions of the Bankruptcy Code.

**END OF ORDER**

I ask for this:

/s/ William E. Callahan, Jr.
William E. Callahan, Jr., Subchapter V Trustee
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Email: callahan@gentrylocke.com

Seen without objection:

/s/ W. Joel Charboneau (with permission via email)
W. Joel Charboneau, Esq. (VSB #68025)
United States Department of Justice
Office of the United States Trustee
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: 540-798-8323
Email: Joel.Charboneau@usdoj.gov
Trial Attorney for the United States Trustee