**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: | ) | Chapter 11, Subchapter V |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | Case No. **23-60148** |
| and | ) | |
| ANNE CHRISTINE DOBSON, | ) | |
| | ) | |
| Debtors. | ) | |

**SUBCHAPTER V TRUSTEE'S STATEMENT IN SUPPORT OF CONFIRMATION OF THE DEBTORS' SECOND AMENDED CHAPTER 11 PLAN**

William E. Callahan, Jr., the Subchapter V Trustee in the above-captioned case (the "Trustee"), for his statement in support of confirmation of the Debtors' Second Amended Chapter 11 Plan (the "Plan"), states as follows:

**The Trustee's Statement in Support of Confirmation**

1. The Trustee has reviewed the Plan and believes that the Plan may be confirmed by the Court under section 1191 of the Bankruptcy Code.

2. The Debtors can adequately show that the Plan is feasible. The Plan represents a significant effort by the Debtors to maximize the amount that they pay to the creditors who have filed claims in the Case and to ensure that those payments are made. Specifically, Article I of the Plan provides for payments to creditors through both monthly payments from the income earned by Mr. Dobson and a lump sum payment from the proceeds of the sale of the Debtors' principal residence in an amount that includes all monthly payments not otherwise made by the Debtors income. The feasibility of the Plan is bolstered by the provisions of Article VIII of the Plan, which provides a remedy to creditors in the event the Debtors default on their obligations due under the Plan. Furthermore, the feasibility of the Plan is bolstered by the Debtors' election to seek

1

confirmation of the Plan under section 1191(b), thereby causing the Trustee remain in his position to oversee the consummation and execution of the Plan.

3.  Confirmation of the Plan is in the best interests of the creditors in the Case when compared to the alternatives available to the Debtors. The conversion of the Case to a regular Chapter 11 case would likely increase the administrative expenses of the Case by adding the need for approval of a disclosure statement and the potential for a committee of unsecured creditors. Similarly, the conversion of the Case to a Chapter 7 case would likely increase the administrative expenses of the Case from the commission of the Chapter 7 Trustee and the compensation of the professionals employed by Chapter 7 Trustee, while eliminating the Debtors' income as a source of payment to the creditors.  The dismissal of the Case would result in the proverbial "race to the courthouse" by their creditors and the delays and risks arising from state court litigation, resulting in winners and losers in that race.  Thus, the dismissal of the Case will result in prejudice to those creditors who are last to cross the finish line.

4.  It is relevant to both the confirmation of the Plan and consideration of the alternatives to confirmation that, with the exceptions of claims arising primarily from guarantees personally given by the Dobsons to suppliers of goods and services to Dobson Homes, Inc., there are no claims that can be made against the Dobsons without further litigation by the holders of those claims and the costs and risks associated with such litigation. The Dobsons, rather than expending their assets and income and depleting resources of the estate outside of the jurisdiction of this Court in litigation with their creditors, have chosen to offer their income and the proceeds of the sale of their home in order to remedy the damages of parties with valid claims against the Debtor arising from the failure of Dobson Homes, Inc. to the extent they are able. It is also relevant in the consideration of the confirmation of the Plan and its alternatives to note that the Debtors

have offered the use of the proceeds of their home, which is owned by them as tenants by the entireties and therefore exempt from the claims of those creditors who do not hold claims against both of the Debtors. The Plan is clear evidence of the Debtors' good faith.

5. The Plan and its treatment of the creditors of the Debtors satisfy the provisions of the applicable provisions of section 1129 for the Court to confirm the Plan. Given the alternatives to the Plan and the good faith of the Debtors in proposing the Plan, the Trustee believes that it is in the best interests of the Debtors and their creditors for the Court to confirm the Plan.

### The Trustee's Response to the United States Trustee's Motion to Convert

6. On November 20, 2023, the United States Trustee for Region Four (the "U.S. Trustee") filed a Motion to Convert (the "Motion to Convert") in the Case, less than two months after the Court denied the relief requested by the U.S. Trustee in the Motion to Convert. On September 29, 2023, after a hearing before the Court at which the U.S. Trustee presented evidence in support of his first Motion to Convert, the Court issued a Memorandum Opinion setting forth the law and evidence on which the Court ruled against the U.S. Trustee and entered an order (the "Order") denying the Motion to Convert. The Memorandum Opinion and the Order is the law of this Case.

7. In short, the U.S. Trustee is bound by the Court's findings of fact and conclusions of law set forth in the Memorandum Opinion and the relief granted by the Order. The U.S. Trustee has made general allegations to support his argument that the Court should dismiss or convert the Case, but points to no new facts that would serve as grounds for the relief the U.S. Trustee seeks. In essence, the U.S. Trustee argues that the very same "facts" that the Court found insufficient to grant his first Motion to Convert are now sufficient grounds to obtain that relief.

8. Most importantly, as the Trustee testified at the previous hearing on the U.S. Trustee's Motion to Convert and as stated in this response, so long as the Debtors are making good faith efforts to achieve a confirmed plan that treats the creditors in this Case fairly within the capabilities of the Debtors, it would not be in the best interests of the creditors for the Court to either dismiss the Case or to convert the Case to a case under Chapter 7 of the Bankruptcy Code. Dismissal of the Case would result in winners and losers, unequal recovery by the creditors and delayed recoveries as the creditors seek their judgments against the Debtors. While conversion of the Case to Chapter 7 would preserve the estate, doing so would only add a new layer of administrative expense claims that would further dissipate assets that might otherwise be paid to creditors. Neither dismissal nor conversion is in the best interests of the creditors in this Case and nor do the shortcomings of the Debtors alleged by the U.S. Trustee justify the grant of relief that is not in the best interests of the creditors in the Case.

## The Trustee's Response to the Objection by Terry Lynn

9. On October 10, 2023, Terry Lynn, a creditor in the Case, filed her Objection to Confirmation of the Debtors' Second Amended Plan (the "Lynn Objection"). Simply put, the Lynn Objection misses the mark and reflects a lack of understanding of the Bankruptcy Code and local practice, relies on general misstatements of facts and law relevant in this Case and makes statements of opinion in place of fact. The Lynn Objection should be denied.

11. The Lynn Objection incorrectly states that the Plan "would discharge debts that are non-dischargeable", that the Plan "fails to set forth a reasonable or adequate means of implementation"[1], that "the Debtors have not been able to satisfy their financial obligations post-

---

[1] The Debtors have indicated that, in order to address this issue, they will include in an order confirming the Plan language that specifically excepts any claim determined by the Court to be non-dischargeable from the Debtors' discharge.

4

petition", that the Plan "does not provide appropriate remedies in the event payments are not made" and that the Plan "proposes the continued maintenance of an extravagant lifestyle." None of these statements are correct and the Lynn Objection provides no factual basis for the allegations made therein. The Lynn Objection should be overruled.

    WHEREFORE, the Trustee supports the Court's confirmation of the Plan, the Court's dismissal of the Motion to Convert, the overruling of the Lynn Objection, and the Court's grant of such other and further relief as is just.

                                            Respectfully submitted,

                                        /s/ William E. Callahan, Jr., Trustee
                                            Subchapter V Trustee For Tommy D. Dobson &
                                            Anne C. Dobson

William E. Callahan, Jr., Trustee
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Email:  callahan@gentrylocke.com

## Certificate of Service

    I hereby certify that on December 8, 2023, I filed the Subchapter V Trustee's Statement in Support of Confirmation of Debtors' Second Amended Chapter 11 Plan by the Court's CM/ECF filing system, causing service of the pleading on counsel for the Debtor, the United States Trustee and all other parties requesting electronic notice in the Case and on the same date, served a copy of the pleading on Joel W Charboneau (joel.charboneau@usdoj.gov) and on Terry Lynn (terry@terrylynnlaw.com).

                                        /s/ William E. Callahan, Jr.
                                          William E. Callahan, Jr.