# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| In re: ) | Chapter 11, Subchapter V |
| ) | |
| TOMMY DEWAYNE DOBSON, ) | |
| ANN CHRISTINE DOBSON, ) | Case No. **23-60148** |
| ) | |
| Debtors. ) | |
| ) | |
| WILLIAM E. CALLAHAN, JR., ) | |
| SUBCHAPTER V TRUSTEE, ) | |
| ) | |
| Objecting Party, ) | |
| ) | |
| v. ) | |
| ) | |
| SYLVIA BAILEY, ) | |
| ) | |
| Claimant. ) | |

**CHAPTER V TRUSTEE'S OBJECTION TO CLAIM NO. 39-1**

William E. Callahan, Jr., Trustee, Subchapter V trustee in the above captioned Case (the "Trustee"), for his objection (the "Objection") to Claim No. 39-1 (the "Claim") filed by Sylvia Bailey (the "Claimant"), states as follows:

**Procedural Background, Jurisdiction & Venue**

1. Tommy Dewayne Dobson and Anne Christine Dobson (collectively, the "Debtors") filed a voluntary petition under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Virginia (the "Court") on February 7, 2023, commencing the captioned case (the "Case"), and elected to proceed in the Case under Subchapter V of Chapter 11.

2. The Trustee is the Subchapter V Trustee appointed in the Case and continues to serve in that capacity in the Case.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), § 157(a) and § 2201(a) and the Order of the United States District Court for the Western District of Virginia dated July 26, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this proceeding pursuant to 28 U.S.C.§1408(1).

### The Objection to the Claim

4. On April 18, 2023, the Claimants filed a Proof of Claim in the Case that was designated by the Court as Claim No. 39-1. By the Claim, the Claimant assert a general unsecured claim in the amount of $409,500.00 for "money loaned".

5. The Claimant attached to the Claim an Addendum, in which the Claimant states that the Claim is based on two promissory notes (the "Notes") in the amounts of $100,000.00 and $200,000.00, respectively, made by Dobson Homes, Inc. and payable to the Claimant in the first instance and to IRAR Trust FBO Silvia Elaine Bailey, in the second instance, as the holder of each of the Notes, a copy of which are attached to the Claim.

6. The Trustee objects to the Claim on the grounds that the Claimant has provided no evidentiary support for a finding that the Dobsons had any personal obligations under either of the Notes.

7. Pursuant to section 502(b)(1) of the Bankruptcy Code, if an objection to a claim is made, the Court must disallow the claim if such claim is "unenforceable against the debtor and the property of the debtor under an agreement or applicable law."

8. For the reasons stated in this Objection, the Claim should be disallowed in its entirety.

**Notice of Objection & Deadline to Object**

9. The Trustee has given notice of this Objection to the Claimants and of the deadline by which the Claimants must file any response in opposition to the Objection, as reflected in the Notice of Objection to Claim, Deadline to Respond to the Objection and Notice of Hearing (the "Notice") filed with the Court. Such notice fully complies with Federal Rules of Bankruptcy Procedure 3007 and Local Rule 9013-1(M), made applicable to this Objection pursuant to Federal Rule of Bankruptcy Procedure 9007. The notice given is sufficient to provide adequate notice of the Objection, the deadline to respond, and the notice of any hearing to be held to the Claimants. In the event there is no response to the Objection filed with the Court by the deadline set forth in the Notice, the Trustee requests that the Court enter an order granting the relief requested in the Objection and such other relief as the Court may deem proper and just.

WHEREFORE, the Trustee moves the Court to enter an order (a) sustaining the Objection in its entirety, (b) disallowing the Claim in its entire amount, (c) in the event there is no response to the Objection timely filed by the deadline to do so, cancelling the hearing on the Objection and granting the relief requested herein without a hearing, and (d) granting such other and further relief as the Court may deem just and proper.

>WILLIAM E. CALLAHAN, JR., SUBCHAPTER V
>TRUSTEE FOR TOMMY DEWAYNE DOBSON
>& ANNE CHRISTINE DOBSON
>
>By: /s/ William E. Callahan, Jr.
>     William E. Callahan, Jr., Trustee

William E. Callahan, Jr., Subchapter V Trustee
10 Franklin Road, S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone:  (540) 983-9309
Facsimile:  (540) 983-9400
Email:  callahan@gentrylocke.com