

**SIGNED THIS 21st day of December, 2023**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_Rebecca B. Connelly_
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | | |
| TOMMY DEWAYNE DOBSON | : | CASE NO. 23-60148 |
| ANNE CHRISTINE DOBSON, | : | CHAPTER 11 |
|    Debtors. | : | JUDGE REBECCA CONNELLY |

### ORDER CONFIRMING DEBTORS' PLAN
### OF REORGANIZATION UNDER 11 U.S.C. 1191(b)

This matter came before the Court on December 11, 2023 (the "Confirmation Hearing"), for the confirmation of the second amended plan of reorganization (including the nonmaterial modifications set forth in this Order, the "Plan") of Tommy Dewayne Dobson and Anne Christine Dobson, the Debtors and Debtors-In-Possession (the "Debtors"), filed with the Court on September 13, 2023, [Dkt No. 129]. The Court entered an Order on October 18, 2023, [Dkt No. 163] scheduling the Plan for a confirmation hearing and setting forth certain deadlines related to the submission of ballots and filing of objections by creditors or parties in interest (the "Noticing Order"). By Order entered October 30, 2023, [Dkt No. 185], the Court continued the confirmation hearing to December 11, 2023. Objections to confirmation were filed by United

1

States Trustee on October 10, 2023 [Dkt No. 160] and by Terry Lynn on October 10, 2023 [Dkt No. 159].

Having considered the the evidence introduced, and the arguments, statements and representations of counsel and parties in interest at the Confirmation Hearing, the Court hereby finds as follows:

A. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(L);

B. Notice of the Confirmation Hearing, the Plan, and all other papers filed in support of confirmation of the Plan were served timely upon all creditors and other parties in interest in this bankruptcy case. Such notice and service were proper, adequate, reasonable, and effectuated in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure and the Court's Noticing Order;

C. The Plan complies with the applicable provisions of the Bankruptcy Code, including each of the specific requirements of 11 U.S.C. §1190 and the applicable provisions of 11 U.S.C. §1123 for the contents of a subchapter v small business debtor reorganization plan;

D. The Debtors have complied with the applicable provisions of the Bankruptcy Code;

E. All of the applicable elements of 11 U.S.C. § 1129 required for confirmation of the Plan have been satisfied in order for the Plan to be confirmed under 11 U.S.C. § 1191(b);[1]

---

[1] Confirmation under 11 U.S.C. § 1191(b) does not require compliance with 11 U.S.C. § 1129(a)(8), (10) and (15).

F. The Court finds that Atlantic Union Bank, the sole Class Two claimant under the Plan, has accepted the Plan notwithstanding the Debtors' receipt of its ballot accepting Plan after the deadline for the same;

G. The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted the Plan;

H. The Plan has been proposed in good faith and not by any means forbidden by law;

I. Any payment made, or to be made, by the Debtors for services or for costs and expenses in, or in connection with, the case, or in connection with the Plan and incident to the case, has been approved by the Court or is subject to approval of the Court as reasonable;

J. The Debtors intend to pay in full all creditors holding claims entitled to priority pursuant to 11 U.S.C. §§ 507(a)(l) through (a)(9) of the Bankruptcy Code; and

K. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors.

Upon the consideration by the Court of the proposed confirmation of the Plan after a hearing on the same, it is ORDERED, ADJUDGED AND DECREED that:

1. The respective objections filed by the United States Trustee at Docket No. 160 and by Terry Lynn at Docket No. 159 are each overruled.

2. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation and is hereby CONFIRMED under 11 U.S.C. § 1191(b).

3. All of the executory contracts and unexpired leases designated for assumption under the Plan shall be and hereby are assumed. Those executory contracts and unexpired leases that are not designated for assumption under the Plan or are not othewise addressed by the terms

of this Order, shall be and hereby are rejected. The provisions of this Order shall not adversely affect any lease or executory contract assumed or rejected by prior order of this Court.

4. With respect to the Plan provisions related to the Shellpoint Mortgage Servicing ("Shellpoint") claim, the Debtors and Shellpoint agree that the Plan is modified as follows. Article IV, Section 4.1.1 of the Plan provides for the treatment of Shellpoint and such Plan provisions are amended to include the following: (a) The sole impairment to the Shellpoint claim is the total contractual arrearage in the amount of $15,334.13, less the Debtors' installment payment for December, 2023, which the Debtors shall cure in full within 12 months of the Effective Date of Debtors' Plan, with such full payment to include simple interest at 8.5% accruing from the Effective Date until the claim is satisfied. The contractual arrears will be cured in a lump sum payment. The Plan does not otherwise alter or impair any other term of the applicable loan documents (the "Loan Documents") that otherwise determine the claim of Shellpoint as to the Debtors; (b) The Debtors stipulate to the allowance of Proof of Claim No. 40 as filed by Shellpoint and waive any objection to the same; (c) In addition to curing the arrears, all regular contract payments for the mortgage loan to Shellpoint secured by the Residence shall continue to be paid by the Debtors directly to Shellpoint until such time as Shellpoint's claim is fully satisfied in accordance with the Loan Documents by the sale of the Residence or by other means. Notwithstanding the provision in Article VIII, Section 8.2 of the Plan that provides for the Debtors to receive 30 days' notice of their alleged default in payments due under the Plan, nothing in the Plan or this Order alters the due dates, interest rate terms (other than set forth in 4(a)), above, or other contractual terms of the contractual payments required to be paid to Shellpoint per the Loan Documents.

5.      Article I, Section 1.2.1 of the Plan provides for the sale of the Debtors' residence (the "Residence"), and such Plan provisions are amended to include the following: The sale of the Residence as contemplated by this Plan shall require the full payment of the allowed claims according to the payoff balances of the Class One and Class Two mortgage claim holders at the time of the sale of the Residence.

6.      In Article III, Section 3.4 related to the elimination of classes for voting purposes, the words, "or as to which no vote is cast," are stricken from the Plan.

7.      For the specific and limited purposes of determining the "nonexempt net proceeds" required in Section 8.2 in the Event of Default and the "nonexempt net proceeds" necessary to satisfy the Lump Sum Payment as defined in and required by Section 1.2.2 of the Plan, the Debtors do not assert their tenants by the entireties exemption in the proceeds of the sale of their Residence.  For the avoidance of doubt, the Debtors preserve and do not waive their right to assert any tenants by the entireties exemption to which they may be entitled for any other purposes in this case, including but not limited to the conversion of the case or in the event the Plan is modified, or as may otherwise be asserted by the Debtors.

8.      Subject to the requirements of the Plan as amended by this Order, the Debtors are hereby authorized to act as the disbursing agent for all payments remitted under this confirmed Plan on behalf of the Debtors.

9.      The declaration signed pursuant to 28 U.S.C. § 1746 stating that all required funds have been distributed or identifying any defaults required by Article I, Section 1.8, shall also include a detailed ledger describing each payment made by the Debtors under the Plan as part of the distribution together with a copy of the monthly statement issued by the financial institution for the account on which payments were made, to the Subchapter V Trustee.

10. An Event of Default in Article VIII, Section 8.2, subparagraph (a) is amended and replaced with the following:

> The failure of the Debtors to make any payment or distribution when due under the Plan or to provide the declaration and ledger required under Article I, Section 1.8, which failure shall continue for a period of thirty (30) days or more after written notice from a creditor or the Subchapter V Trustee to the Debtors and Debtors' counsel (in accordance with section 10.8 of this Plan if the notice is from a creditor or the Subchapter V Trustee) and also to the Subchapter V Trustee (if the notice is from a creditor) regarding the default; and,

11. In the event that the Debtors are granted a discharge, such discharge order shall not otherwise discharge the claim of Terry Lynn to the extent such claims is determined to be nondischargeable under the Adversary Proceeding Case No. 23-06013 that is currently pending and that was originally filed on May 4, 2023.

12. The Debtors and any other required party shall perform any act necessary for the consummation of the Plan.

13. The effective date (the "Effective Date") of the Plan shall be 30 days after the date of this Order confirming the Plan.

14. Any proof of claim objections must be filed within the later of 60 days of: (a) the Effective Date or (b) the filing of a proof of claim or amendment.

15. Requests for payment of administrative expense claims existing as of the Effective Date this Plan must be filed with the Bankruptcy Court and served on the Debtors no later than forty-five (45) days after the Effective Date.

**Any entity that is required to, but fails, to file a request for allowance of an administrative expense claim on or before the deadline referenced above shall be forever barred from asserting such administrative expense claim against the Debtors, and the holder thereof shall be enjoined from commencing or continuing any action, employment**

**of process, or act to collect, offset, or recover amounts asserted against the Debtors for such administrative expense claim.**

16. All professionals employed in this case pursuant to §§ 327, 328, or 1103 of the Bankruptcy Code, and/or the Subchapter V Trustee who may seek an award of a professional fee claim incurred through and including the Effective Date shall, unless otherwise ordered by the Bankruptcy Court, file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is no later than forty-five (45) days after the Effective Date.

17. The Debtors have filed all required periodic operating reports due through the hearing on the confirmation of the Plan. The Debtors shall file operating reports for the period of December 1 through the Effective Date.

18. Upon completion of all payments under the Plan, Debtors shall file a notice of completion of all payments under the Plan and may file a motion for discharge, served on all holders of allowed claims, the Subchapter V Trustee and the United States Trustee, in which the Debtors shall certify that the Debtors (i) have satisfied the standards set forth in 11 U.S.C. § 1192 of the Code; and (ii) have completed all payments under the Plan due within the first 3 years of the Effective Date. Unless a party timely objects and the Court sustains the objection to the motion for discharge, the Debtors shall be granted a discharge.

19. The Subchapter V Trustee shall continue to serve in the Case until the Debtors are granted a discharge.

20. For the avoidance of doubt, as used in the Plan, the terms "Debtors," "Debtors and/or Reorganized Debtors," and "debtors and/or Reorganized Debtors" refer to the

Reorganized Debtors to the extent that the Plan provisions relate to post-confirmation matters or events.

21. The Court retains jurisdiction as set forth in the Plan.

IT IS FURTHER ORDERED that to the extent there are conflicting provisions in the Plan, this Order shall govern.

**END OF ORDER**

I ask for this:

/s/ David Cox
David Cox
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
434-845-2600
434-845-0727 fax
*Counsel for the Debtors and Debtors in Possession*


Seen:

/s/ W. Joel Charboneau
W. Joel Charboneau (VSB #68025)
United States Department of Justice
Office of The United States Trustee
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
540-857-2699 (Office)
Joel.Charboneau@usdoj.gov
*Trial Attorney for the Office of the United States Trustee*

Seen without objection:

/s/ William E. Callahan, Jr.
William E. Callahan, Jr.
*Subchapter V Trustee*
10 Franklin Road SE, Suite 900
Roanoke, VA 24011
540-983-9009
Callahan@gentrylocke.com

Seen:

/s/ Terry Lynn
Terry Lynn, Esq. (VSB # 39926)
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive
P.O. Box 374
Earlysville, Virginia 22936
Phone: (434) 964-9152
Fax: (434) 964-9275
terry@terrylynnlaw.com
*Pro se*

Seen and agreed :

/s/ Barry Spear
Barry Spear
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond VA 23229
Tel: (804) 282-0463
Cell: (804) 248-9778
Fax: (804) 282-0541
mailto:Barry.Spear@bww-law.com
*Counsel to Shellpoint Mortgage Servicing*