

**SIGNED THIS 16th day of January, 2024**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11, Subchapter V |
| | ) | |
| TOMMY DEWAYNE DOBSON, | ) | |
| ANN CHRISTINE DOBSON, | ) | Case No. **23-60148** |
| | ) | |
| Debtors. | ) | |
| | ) | |
| WILLIAM E. CALLAHAN, JR., | ) | |
| SUBCHAPTER V TRUSTEE, | ) | |
| | ) | |
| Objecting Party, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVIA BAILEY, | ) | |
| | ) | |
| Claimant. | ) | |

## ORDER SUSTAINING
## CHAPTER V TRUSTEE'S OBJECTION TO CLAIM NO. 39-1

The matter before the Court is the Chapter V Trustee's Objection to Claim No. 39-1 (the "Objection") [Docket No. 237], filed William E. Callahan, Jr., Trustee, Subchapter V trustee in the above captioned Case (the "Trustee").

1

Based on the statements made by the Trustee in the Objection and on the Court's judicial notice of matters contained in the record of this case, the Court finds and concludes that:

A.  Tommy Dewayne Dobson and Anne Christine Dobson (collectively, the "Debtors") filed a voluntary petition under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Virginia (the "Court") on February 7, 2023, commencing the captioned case (the "Case"), and elected to proceed in the Case under Subchapter V of Chapter 11.

B.  The Trustee is the Subchapter V Trustee appointed in the Case and continues to serve in that capacity in the Case.

C.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), § 157(a) and § 2201(a) and the Order of the United States District Court for the Western District of Virginia dated July 26, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this proceeding pursuant to 28 U.S.C.§1408(1).

D.  On April 18, 2023, the Claimants filed a Proof of Claim in the Case that was designated by the Court as Claim No. 39-1.  By the Claim, the Claimant assert a general unsecured claim in the amount of $409,500.00 for "money loaned".

E.  The Claimant attached to the Claim an Addendum, in which the Claimant states that the  Claim is based on two promissory notes (the "Notes") in the amounts of $100,000.00 and $200,000.00, respectively, made by Dobson Homes, Inc. and payable to the Claimant in the first instance and to IRAR Trust FBO Silvia Elaine Bailey, in the second instance, as the holder of each of the Notes, a copy of which are attached to the Claim.

F. By the Objection, the Trustee has objected to the Claim on the grounds that the Claimant has provided no evidentiary support for a finding that the Dobsons had any personal obligations under either of the Notes.

G. Pursuant to section 502(b)(1) of the Bankruptcy Code, if an objection to a claim is made, the Court must disallow the claim if such claim is "unenforceable against the debtor and the property of the debtor under an agreement or applicable law." Grounds exist for the Court to sustain the Objection and disallow the Claim.

H. The Trustee has given notice of the Objection to the Claim to the Claimants and of the deadline by which the Claimants must file any response in opposition to the Objection, as reflected in the Notice of Objection to Claim, Deadline to Respond to the Objection and Notice of Hearing (the "Notice") filed with the Court. Such notice fully complies with Federal Rules of Bankruptcy Procedure 3007 and Local Rule 9013-1(M), made applicable to this Objection pursuant to Federal Rule of Bankruptcy Procedure 9007. The notice given is sufficient to provide adequate notice of the Objection, the deadline to respond, and the notice of any hearing to be held to the Claimants. There has been no response to the Objection filed with the Court by the deadline set forth in the Notice. Cause exist for the Court to grant the relief requested by the Trustee in the Objection and cancel the hearing on the Objection scheduled for January 18, 2024 at 11:00 a.m.

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED and DECREED that the Objection is sustained, the Claim is disallowed in its entirety and the hearing scheduled for January 18, 2024 is cancelled and removed from the Court's hearing docket for that date.

***END OF ORDER***

I ask for this:

/s/ William E. Callahan, Jr.
William E. Callahan, Jr., Subchapter V Trustee
10 Franklin Road, S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Facsimile: (540) 983-9400
Email: callahan@gentrylocke.com