**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| IN RE: | | |
| TOMMY DEWAYNE DOBSON | : | CASE NO. 23-60148 |
| ANNE CHRISTINE DOBSON, | : | CHAPTER 11 |
| Debtors. | : | JUDGE REBECCA CONNELLY |
| | : | |

**NOTICE OF HEARING ON
DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019
FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT OF THE
COMPLAINT TO DETERMINE DISCHARGEABILITY FILED BY
TERRY LYNN IN ADVERSARY PROCEEDING NO. 23-06013**

**PLEASE TAKE NOTICE** that on February 1, 2024, TOMMY DEWAYNE DOBSON and ANNE CHRISTINE DOBSON (the "Debtors") filed the attached motion (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion has been scheduled in the U.S. Bankruptcy Court for Western District of Virginia as follows:

| Date & Time | Location |
|---|---|
| February 22, 2024 at 11:00 A.M. | The hearing is scheduled to be held by video. All parties connect using video conference instructions on the court website.<br><br>The parties may access the hearing using the following URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643<br><br>Alternatively, parties may log in to their Zoom account and join the meeting using Meeting ID number 160 369 2643 |

**PLEASE TAKE FURTHER NOTICE** that, pursuant to pursuant to Local Rule 9013-1(M), any party wishing to object to the Motion must file a written response to the Motion with the Court and serve such objection upon the undersigned counsel by not less than seven (**7**) days before the date of the hearing specified in this Notice, and that the failure to file a response by this deadline may result in the Court treating the Motion as uncontested, entering an order granting the Motion prior to the hearing, cancelling the hearing described in this Notice, and / or taking such other action as may be appropriate to further the ends of justice.

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Motion carefully and discuss it with your attorney, if you have one in the Chapter 11 case. (If you do not have an attorney, you may wish to consult one).**

Dated:  February 1, 2024          Respectfully Submitted,

TOMMY DEWAYNE DOBSON
ANNE CHRISTINE DOBSON
By Counsel

By: /s/ David Cox
David Cox (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Proposed Counsel for the Debtor/Movant

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, causing this document to be sent through that system to all parties designated to receive same, and was also mailed on **February 1, 2024,** via first class mail to the parties on the mailing matrix maintained in the Case that will not receive a copy of the foregoing through the Court's CM/ECF system.

Dated:  February 1, 2024          Respectfully Submitted,

By: /s/ David Cox

David Cox, Counsel

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

TOMMY DEWAYNE DOBSON                                  Chapter 11
ANNE CHRISTINE DOBSON,                                Case No. 23-60148

                          Debtors.
-------------------------------------------------------------/

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019**
**FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT OF THE**
**COMPLAINT TO DETERMINE DISCHARGEABILITY FILED BY**
**TERRY LYNN IN ADVERSARY PROCEEDING NO. 23-06013**

The above-captioned reorganized debtors (collectively, the "Debtors" or the "Dobsons"), by and through their undersigned counsel, hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to Sections 105 and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to enter into and approving the settlement agreement and order with Terry Lynn (the "Ms. Lynn") in the form attached hereto as Exhibit B (the "Settlement Agreement") to be endorsed by Ms. Lynn and the Dobsons (collectively, the "Parties") upon approval of this Motion. In support of the Motion, the Debtors respectfully state as follows:

<u>JURISDICTION AND VENUE</u>

1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

BACKGROUND

2.  On February 7, 2023 (the "Petition Date"), Dobsons filed a voluntary petition under chapter 11, subchapter V, of the Bankruptcy Code in this United States Bankruptcy Court for the Western District of Virginia.

3.  The Dobsons identified Ms. Lynn as a disputed, contingent, unliquidated creditor on their Schedule E/F as filed with the Court on February 28, 2023, and as thereafter amended.

4.  Ms. Lynn filed general unsecured Proof of Claim No. 10 (the "Claim" or "Ms. Lynn's Claim") in the amount of $575,000.00 on March 9, 2023.

5.  On May 4, 2023, Ms. Lynn filed her Complaint to Determine Dischargeability of Debt (the "Complaint" or "Ms. Lynn's Complaint") to initiate Adversary Proceeding No. 23-06013 (the "Adversary Proceeding"). By and through her Complaint, Ms. Lynn sought a determination from the Court that her Claim was nondischargeable under 11 U.S.C. § 523(a)(2) and (4).

6.  On June 5, 2023, the Dobsons filed a response to Ms. Lynn's Complaint denying that a legal or factual basis existed to determine any claim of Ms. Lynn to be nondischargeable.

7.  On December 22, 2023, this Court entered its Order Confirming Debtors' Plan of Reorganization Under 11 U.S.C. § 1191(b).

8.  No objection has been filed to Ms. Lynn's Claim as of the date of this Motion.

9.  Following confirmation of the Debtors' plan, the Dobsons and Ms. Lynn conferred and engaged in more active settlement discussions. Thereafter, they reached terms to settle the Ms. Lynn's Complaint, subject to the approval of the Court.

10. To resolve and close the Adversary Proceeding, the proposed settlement requires payment to Ms. Lynn of $45,000 (forty-five thousand dollars) (the "Settlement Payment").

Samuel D. Craig, III, ("Mr. Craig") is providing the funds for the Settlement Payment to Ms. Lynn to be paid on the Dobsons' behalf, and said funds have been deposited by Mr. Craig in the trust account of the Dobsons' undersigned counsel to be held in escrow pending the approval and finalization of the Parties' settlement. Payment would be made to Ms. Lynn within 7 days of the entry of orders approving this Motion and the settlement. Under the proposed settlement, Ms. Lynn's Claim is reduced by the Settlement Payment to $530,000.00, and the Dobsons waive any objection to Ms. Lynn's Claim as reduced.

11. The Settlement Payment would be solely from Mr. Craig and not from property of the estate. The Dobsons would not be obligated to repay Mr. Craig for such Settlement Payment.

12. Mr. Craig has assisted the Dobsons financially through other payments made on their behalf to third parties as well as to counsel for the Dobsons, and as the owner of the entity that employs the Dobsons, all as disclosed and described in the Declaration in Support of Application to Retain and Employ Cox Law Group, as well as the first and second supplements thereto filed at Docket Entry Nos. 17, 90, and 200 in the Dobsons' chapter 11 case number 23-60148.

## RELIEF REQUESTED

13. By this Motion, the Debtors respectfully request the entry of the proposed Order attached hereto approving the settlement.

## BASIS FOR RELIEF

14. Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 1107(a) provides the debtor in possession with the right and powers of a trustee serving in a case under chapter 11. "To minimize litigation and expedite the

administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

15. <u>The probability of success in litigation</u>. While the Debtors believe they have appropriate factual and legal defenses to the Complaint, the possibility remains that Ms. Lynn would prevail in her claims asserted against the Debtors. As such, the Debtors respectfully submit that the resolution as set forth in the settlement is appropriate.

16. <u>The complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it</u>. Given the nature of the Complaint, the litigation at issue could prove to be factually intensive and may require an extended trial on the matter, along with the testimony of multiple witnesses and the production of numerous exhibits and significant discovery. The Dobsons would incur substantial fees in proceeding to litigation with the potential to have judgment ultimately rendered against them. The uncertainty, expenses, inconveniences,

4

and delays attending a trial and responding to further discovery can all be avoided under the proposed settlement. This factor factors approval of the settlement.

17. <u>The paramount interest of the creditors</u>. The prompt and efficient resolution of this dispute avoids incurring unnecessary litigation and costs which otherwise might distract the Debtors in their efforts to manage their work and maximize their income so that they can make the payments required under their plan to the creditors of the estate. This factor favors approval for the settlement.

18. For all the foregoing reasons, the Debtors respectfully submit that the settlement is well within the range of reasonableness for approval under Bankruptcy Rule 9019(a). Accordingly, the Debtors request approval of the Settlement Agreement.

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court: (a) enter an order, substantially in the form annexed hereto as Exhibit A, approving the Settlement Agreement; and (b) grant such other and further relief as the Court deems appropriate.

February 1, 2024                                                                 Tommy Dewayne Dobson
                                                                                                Anne Christine Dobson

                                                                                                By: /s/ David Cox

David Cox (VSB No. 38670)
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
Telephone: 434-845-2600
Facsimile: 434-845-0727
Email: david@coxlawgroup.com
*Counsel for the Debtors*

5

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| TOMMY DEWAYNE DOBSON | Chapter 11 |
| ANNE CHRISTINE DOBSON, | Case No. 23-60148 |
|         Debtors. | |

-----------------------------------------------------------/

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT OF THE COMPLAINT TO DETERMINE DISCHARGEABILITY FILED BY TERRY LYNN IN ADVERSARY PROCEEDING NO. 23-06013**

THIS MATTER comes before the Court upon the *Debtors' Motion to Approve Compromise* (the "Motion") filed Tommy Dewayne Dobson and Anne Christine Dobson, the reorganized debtors (the "Debtors"), by counsel, to approve a settlement by and among the Debtors and creditor, Terry Lynn, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

6

A. On February 7, 2023 (the "Petition Date"), Dobsons filed a voluntary petition under chapter 11, subchapter V, of the Bankruptcy Code in this United States Bankruptcy Court for the Western District of Virginia.

B. This is a core proceeding pursuant to 28 U.S.C. § 157. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

C. On May 4, 2023, Ms. Lynn filed her Complaint to Determine Dischargeability of Debt (the "Complaint" or "Ms. Lynn's Complaint") to initiate Adversary Proceeding No. 23-06013 (the "Adversary Proceeding"). By and through her Complaint, Ms. Lynn sought a determination from the Court that her Claim was nondischargeable under 11 U.S.C. § 523(a)(2) and (4).

D. On June 5, 2023, the Dobsons filed a response to Ms. Lynn's Complaint denying that a legal or factual basis existed to determine any claim of Ms. Lynn to be nondischargeable.

E. The Dobsons and Ms. Lynn (collectively, the "Parties") conferred and engaged in settlement discussions. Thereafter, they reached terms to settle the Ms. Lynn's Complaint, subject to the approval of the Court.

F. The Parties have determined that it is in each of their best interests to settle the Complaint rather than progress through litigation. To resolve and close the Adversary Proceeding, the proposed settlement requires payment to Ms. Lynn of $45,000 (forty-five thousand dollars) (the "Settlement Payment"). Samuel D. Craig, III, ("Mr. Craig") is providing the funds for the Settlement Payment to Ms. Lynn, and said funds have been deposited by Mr. Craig in the trust account of the Dobsons' counsel to be held in escrow pending the approval and finalization of the Parties' settlement. Under the proposed settlement, Ms. Lynn's Claim is

7

reduced by the Settlement Payment to $530,000.00, and the Dobsons waive any objection to Ms. Lynn's Claim as reduced.

G. In exercising their business judgment, the Debtors have concluded the terms of the Settlement are fair and equitable and in the best interests of the Debtors' estate and creditors.

H. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* (citations omitted). These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 986); *Drexel, Burnham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

I. The Debtors evaluated these matters, including the costs and risks associated with further litigation, and has concluded the compromise is fair, reasonable, and serves the best interests of the estate and the creditors. In consideration of the probability of success in litigation, the complexity of the litigation and the attending expense, inconveniences and delays, and the

8

paramount interest of the creditors, the Court finds that the compromise is fair and reasonable. The Court adopts and approves of the Debtors' business judgment to enter into the compromise.

J. Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

Upon due consideration, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted and the proposed settlement is approved.

2. The Debtors are authorized to enter into the agreement substantially in the form of Exhibit B as attached to the Motion, and to take all necessary actions, and execute all required documents to consummate the terms of any agreements executed in connection with their settlement.

3. The Court retains jurisdiction to resolve any issues arising in connection with the settlement.

4. All necessary parties shall receive a copy of this Order via the Court's ECF system.

I ASK FOR THIS:

/s/
David Cox (VSB No. 38670)
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
Telephone: 434-845-2600
Facsimile: 434-845-0727
Email: david@coxlawgroup.com
*Counsel for the Dobsons*

9

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| TOMMY DEWAYNE DOBSON | Chapter 11 |
| ANNE CHRISTINE DOBSON, | Case No. 23-60148 |
| Debtors. | |

----------------------------------------------------------/

TERRY LYNN,

    Plaintiff,

v.                                                        Adversary Proceeding
                                                                  Case No. 23-06013

TOMMY DEWAYNE DOBSON                          Chapter 11
ANNE CHRISTINE DOBSON,

Defendants.
------------------------------------------------------------/

**STIPULATION AND ORDER
RESOLVING ADVERSARY PROCEEDING**

NOW COME the Defendants, Tommy Dewayne Dobson and Anne Christine Dobson (hereinafter "Dobsons") and the Plaintiff, Terry Lynn (hereinafter "Ms. Lynn") (individually each is a "Party" and collectively, they are the "Parties"), by and through their respective undersigned counsel, and hereby submit this stipulation and order resolving this Adversary Proceeding No. 23-06013 (the "Stipulated Order"), and respectfully state as follows in support thereof:

WHEREAS, on February 7, 2023 (the "Petition Date"), Dobsons filed a voluntary petition under chapter 11, subchapter V, of the Bankruptcy Code in this United States Bankruptcy Court for the Western District of Virginia;

WHEREAS, the Dobsons identified Ms. Lynn as a disputed, contingent, unliquidated creditor on their Schedule E/F as filed with the Court on February 28, 2023, and as thereafter amended;

WHEREAS, Ms. Lynn filed general unsecured Proof of Claim No. 10 (the "Claim" or "Ms. Lynn's Claim") in the amount of $575,000.00 on March 9, 2023;

WHEREAS, on May 4, 2023, Ms. Lynn filed her Complaint to Determine Dischargeability of Debt (the "Complaint" or "Ms. Lynn's Complaint");

WHEREAS, on December 22, 2023, this Court entered its Order Confirming Debtors' Plan of Reorganization Under 11 U.S.C. § 1191(b);

WHEREAS, no objection has been filed to Ms. Lynn's Claim as of the date of the submission to the Court of this Stipulated Order for its consideration; and

11

WHEREAS, the Dobsons and Ms. Lynn have conferred and engaged in settlement discussions.

WHEREAS, the Parties have reached terms to settle this Adversary Proceeding, subject to the approval of the Court;

WHEREAS, Samuel D. Craig, III ("Mr. Craig") has offered to pay the amount contemplated to be paid to Ms. Lynn as part of the Parties' proposed settlement, $45,000.00 (the "Settlement Payment"), and Mr. Craig has deposited the Settlement Payment to the trust account of the Dobsons' counsel to be held in escrow pending the entry of this Stipulated Order;

WHEREAS, Mr. Craig has assisted the Dobsons financially through other payments made on their behalf to third parties as well as to counsel for the Dobsons, and as the owner of the entity that employs the Dobsons, all as disclosed and described in the Declaration in Support of Application to Retain and Employ Cox Law Group, as well as the first and second supplements thereto filed at Docket Entry Nos. 17, 90, and 200 in the Dobsons' chapter 11 case number 23-60148;

WHEREAS, such Settlement Payment is solely from Mr. Craig and not from property of the estate;

WHEREAS, the Dobsons are not obligated to repay Mr. Craig for such Settlement Payment;

NOW, for the reasons set forth herein, the Parties agree and stipulate as follows:

1. Counsel for the Dobsons shall pay to Ms. Lynn the Settlement Payment within 7 days of the entry of this Stipulated Order by the Court.

12

2. Ms. Lynn's Claim, originally filed as Proof of Claim No. 10 in the amount of $575,000.00 on March 9, 2023, is reduced by the Settlement Payment to $530,000.00, and the Dobsons waive any objection to Ms. Lynn's Claim as reduced.

3. Nothing contained herein can or shall be construed as an adjudication on the merits of any claims or defense that the Parties may have against each other or any other party, or as an admission or acknowledgement of any claim or defense as against the other, with all such claims and defenses preserved. Without limiting the foregoing, the Dobsons specifically deny any and all claims of fraud, misrepresentation, deceit, false pretenses, false representation, conversion, or any other alleged wrongdoing, but nonetheless have agreed to resolve Ms. Lynn's Complaint by agreeing to the settlement terms herein in order to conclude the matters in dispute.

**THEREFORE**, **IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the above-captioned adversary proceeding is RESOLVED and the Clerk may close this Adversary Proceeding.

***END OF ORDER***

WE ASK FOR THIS:

/s/
David Cox (VSB No. 38670)
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
Telephone: 434-845-2600
Facsimile: 434-845-0727
Email: david@coxlawgroup.com
*Counsel for the Defendants, Tommy Dewayne Dobson and Anne Christine Dobson*


/s/
Terry Lynn, Esq. (VSB # 39926)
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive

P.O. Box 374
Earlysville, Virginia 22936
Phone: (434) 964-9152
Fax: (434) 964-9275
terry@terrylynnlaw.com
*Counsel for Terry Lynn*