

**SIGNED THIS 16th day of February, 2024**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| TOMMY DEWAYNE DOBSON<br>ANNE CHRISTINE DOBSON, | Chapter 11<br>Case No. 23-60148 |
| Debtors. | |

------------------------------------------------------------/

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT OF THE COMPLAINT TO DETERMINE DISCHARGEABILITY FILED BY TERRY LYNN IN ADVERSARY PROCEEDING NO. 23-06013**

THIS MATTER comes before the Court upon the *Debtors' Motion to Approve Compromise* (the "Motion") filed Tommy Dewayne Dobson and Anne Christine Dobson, the reorganized debtors (the "Debtors"), by counsel, to approve a settlement by and among the Debtors and creditor, Terry Lynn, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1

A. On February 7, 2023 (the "Petition Date"), Dobsons filed a voluntary petition under chapter 11, subchapter V, of the Bankruptcy Code in this United States Bankruptcy Court for the Western District of Virginia.

B. This is a core proceeding pursuant to 28 U.S.C. § 157. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

C. On May 4, 2023, Ms. Lynn filed her Complaint to Determine Dischargeability of Debt (the "Complaint" or "Ms. Lynn's Complaint") to initiate Adversary Proceeding No. 23-06013 (the "Adversary Proceeding"). By and through her Complaint, Ms. Lynn sought a determination from the Court that her Claim was nondischargeable under 11 U.S.C. § 523(a)(2) and (4).

D. On June 5, 2023, the Dobsons filed a response to Ms. Lynn's Complaint denying that a legal or factual basis existed to determine any claim of Ms. Lynn to be nondischargeable.

E. The Dobsons and Ms. Lynn (collectively, the "Parties") conferred and engaged in settlement discussions. Thereafter, they reached terms to settle the Ms. Lynn's Complaint, subject to the approval of the Court.

F. The Parties have determined that it is in each of their best interests to settle the Complaint rather than progress through litigation. To resolve and close the Adversary Proceeding, the proposed settlement requires payment to Ms. Lynn of $45,000 (forty-five thousand dollars) (the "Settlement Payment"). Samuel D. Craig, III, ("Mr. Craig") is providing the funds for the Settlement Payment to Ms. Lynn, and said funds have been deposited by Mr. Craig in the trust account of the Dobsons' counsel to be held in escrow pending the approval and finalization of the Parties' settlement. Under the proposed settlement, Ms. Lynn's Claim is

reduced by the Settlement Payment to $530,000.00, and the Dobsons waive any objection to Ms. Lynn's Claim as reduced.

G. In exercising their business judgment, the Debtors have concluded the terms of the Settlement are fair and equitable and in the best interests of the Debtors' estate and creditors.

H. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* (citations omitted). These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 986); *Drexel, Burnham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

I. The Debtors evaluated these matters, including the costs and risks associated with further litigation, and has concluded the compromise is fair, reasonable, and serves the best interests of the estate and the creditors. In consideration of the probability of success in litigation, the complexity of the litigation and the attending expense, inconveniences and delays, and the

3

paramount interest of the creditors, the Court finds that the compromise is fair and reasonable. The Court adopts and approves of the Debtors' business judgment to enter into the compromise.

J.  Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

Upon due consideration, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is granted and the proposed settlement is approved.

2.  The Debtors are authorized to enter into the agreement substantially in the form of Exhibit B as attached to the Motion, and to take all necessary actions, and execute all required documents to consummate the terms of any agreements executed in connection with their settlement.

3.  The Court retains jurisdiction to resolve any issues arising in connection with the settlement.

4.  All necessary parties shall receive a copy of this Order via the Court's ECF system.

I ASK FOR THIS:

/s/ David Cox
David Cox (VSB No. 38670)
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
Telephone: 434-845-2600
Facsimile: 434-845-0727
Email: david@coxlawgroup.com
*Counsel for the Dobsons*