TO:    U.S. Bankruptcy Court
        210 Church Avenue
        Room 200
        Roanoke, VA 24011

FROM:  Mary and Roy Whitley
        1775 Frays Ridge Crossing
        Earlysville, VA  22936


FILED ROANOKE, VA
U.S. BANKRUPTCY COURT
APR - 6 2024
By ____ DEPUTY CLERK

April 6, 2024

RE:  Whitley REVISED Written Response to Tommy Dewayne Dobson and Anne Christine Dobson Objection to Proof of Claim Number 31-2 dated **1/16/24**

**Whitley position in opposition to the objection**. The objection based upon "no evidentiary support" to our claim seems to be predicated on an incorrect reading of the details of our claim. In document 255, filed 1/16/24 in case number 23-60148, page 2, paragraph D states that our amended claim 31-2 did not change the claim amount from 31-1. This is incorrect. Our amended claim total is, and always has been, *$608,437.40*. Additionally, in paragraph E, there is a statement that "The Claimants attached no documents or other evidence in the Claim to support a claim against the debtors under the "Contractual" basis for the Claim". This statement is also incorrect. At the time of filing 31-1 and the amended 31-2, we submitted several very detailed attachments of evidence to support our claim, including:

1. Mary and Roy Whitley Dobson Homes Bankruptcy Claim Description
2. Dobson Homes Monies Owed to Whitleys
3. Copy of the Dobson Homes Construction Contract and Proposal
4. Copy of the Dobson Homes Schedule of Advances
5. Copies of All Checks Paid to Dobson Homes and Cashed by Dobsons
6. Whitley Dobson Homes Project Payments, Draw Items, Contractual Status, Invoicing, and Whitley Costs to Complete the Project
7. Subcontractor Work Area, Name, Invoices and Details
8. Copy of Better Living Lien on our house and a Copy of the Check we were required to pay them

In support of our claim and as required by the Court in Document 269, Order Vacating the Order Sustaining Chapter V Trustee's Objection to Claim No. 31-2, we are providing additional information to respond to the objection to our claim to the Court in this document. We understand that there will be a hearing on the objection to our claim on April 17, 2024.

As the sole shareholder of Dobson Homes, Inc, Mr. Tommy Dobson is responsible for the preparation and signing of his construction contract with the Whitleys. He personally negotiated with us for all aspects of the Whitley new home Construction Project and the contract. He failed to fulfill his obligations to deliver a completed home within the contracted timeframe. He called us and notified us personally that he abandoned the construction project completely. We therefore oppose the Debtor's Objection to the entirety of our Proof of Claim Number 31-2, and request that the Court continue to allow the Whitley Claim of *$608,437.40*.

**Background.** Mary and Roy Whitley signed a new home Construction Contract with Tommy Dobson, Dobson Homes, Inc on 9/4/2020. Tommy Dobson signed the contract and cashed the deposit check dated 9/7/20 of $95,000.00 on 9/11/20. A copy of the signed contract and cashed deposit check were submitted to the Court and included in our Proof of Claim Number 31-2.

The Albemarle County Permit was approved on 11/2/2020. Building began on 1/29/2021. Mr. Dobson told Whitleys to expect the building to continue for 1 year. Mr. Dobson notified us that he would no longer continue to work on our project on 9/7/2022. He abandoned the unfinished project and the contract on that date. At that time, he promised a financial reconciliation of our construction project, but he has failed to produce any financial information regarding our project even though he has stated to the Court that he will do so.

**Whitley Financial Obligations and Disbursements**. The agreed upon price was $990,408.00 base price plus $368,290.00 in options for a total of $1,358,698.00. During the period 9/20/2020 to 3/28/2022, the Whitleys paid a deposit ($95,000.00), 10 Draws (total of $1,156,286.00) and 2 Change Orders (total of $90,772.48) for a Grand Total of $1,342,056.48. The Whitleys withheld the contracted final payment of $107,414.00, because the project was never completed. All payments were mailed or FEDEXed to Tommy Dobson's home address or were handed to him in person by the Whitleys. Some checks were endorsed by Dobson Homes Inc, and some were endorsed with unreadable initials. Tommy Dobson did not send us a letter terminating the contract, nor has Dobson Homes, Inc. sent us any communications during the entire project other than the signature block on the contract we signed with Tommy Dobson. Christine Dobson was acting as bookkeeper during our project, according to Mr. Dobson.

**Dobson Homes Poor Home Construction Performance.** From the beginning of the construction phase of the project, Mr. Dobson was very slow to provide materials and hire workers. He frequently blamed the COVID pandemic as the reason for an inability to obtain things like lumber, concrete, and roofing materials, and a disruption in his ability to hire skilled subcontract workers and a project manager for our project. The Whitleys accepted that COVID restrictions had disrupted logistical processes, and continued to be patient during the first year. By 2/2/2022, the Whitleys began to

question his COVID excuses, and noticed that any work that had been started by all the sub contracted trades such as roofing, electrical, plumbing, tiling, and carpentry were left uncompleted for months with no end in sight. What the Whitleys did not know then, that they now know after working directly with the tradesmen and suppliers, is that Dobson was not paying his invoices for materials delivered and labor performed on our project and was substituting inferior materials for major items such as roofing and flooring. The Whitley's second to last planned draw was paid on 2/22/22 and was supposed to be for completing all requirements in the house, breezeway and garage. Dobson promised that he would complete the work by 10/1/2022. After the Whitley's last draw (#10) was paid, he began cancelling his bi-weekly meetings with us. Work slowed down even further after completion of the garage apartment 4/4/2022. The last delivery of any goods or services was made by Better Living who delivered all the cabinets we ordered and partially installed them at the end of 7/2022. At that time, Better Living placed a lien on our property, because they had not been paid by Mr. Dobson.

**Conclusions and Reason for Whitley Claim.** Although Mr. Dobson did not provide Whitleys with the promised project financial reconciliation, and Whitleys have not seen any paid invoices or labor costs paid by Mr. Dobson, the conclusion that the Whitleys have drawn based upon expenses to complete the project is that Mr. Dobson fraudulently redirected more than $400,000 paid to him by the Whitleys to some other purpose. This conclusion is based upon the facts that funds were provided as planned according to the schedule, a lesser amount of work was performed than planned, and subcontractors were not paid for labor and materials. Mr. Dobson accepted $1,342,056.48 from the Whitleys to complete the project. After Mr. Dobson abandoned the unfinished project on 9/7/22, the Whitleys hired a project construction consultant, tradesmen, and laborers to complete all the construction work that Dobson had left unfinished. The Whitleys also directly purchased all the remaining materials to complete the project and all purchases are verified by vendor invoices and receipts. The claim includes Whitley cash payments made to complete the project, payment of DHI liens, payment of DHI contracted services bills, Whitley storage unit costs, and costs of specific contract allowances and change order items that were paid for but not received. It also includes estimates to complete the house for the remaining items not yet paid for by the Whitleys.

<u>Summary.</u> We believe that our Proof of Claim Number 31-2 is in compliance with the laws governing claims against debtors seeking bankruptcy protection. As creditors, we request that the Court continue to allow our claim of **$608,437.40** as submitted and hold Mr. Dobson accountable for his debts in accordance with our contract.

The Court also should consider the irreparable financial harm resulting from Mr. Dobson's decisions not to fulfill his obligations under the Whitley New Home Construction Contract. Though we have planned our retirement for 40 years, our savings to support our retirement have been dramatically reduced by over $600,000.00

due to Mr. Dobson's behavior and activities. During the same time period, Mr. Dobson and Christine Dobson have been arrested for Embezzlement in regard to other homes he had under construction. These cases sound very similar to our experience. We request that the Court hold the Mr. Dobson accountable for the debts he has incurred as represented in our Claim.

Respectfully Submitted,

*Mary Whitley*

*Roy Whitley*

Cc:   David Cox
      Cox Law Group, PLLC
      900 Lakeside Drive
      Lynchburg, VA  24501

      William E. Callahan, Jr.
      Gentry Locke
      10 Franklin Road, S.E. Suite 900
      PO Box 40013
      Roanoke, VA  24022-0013